UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE CARROLL,<br><br>    Plaintiff,<br><br>    vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | **1:23-cv-00974-GSA-PC**<br><br>**ORDER TO EITHER:**<br><br>**(1) SUBMIT NEW COMPLETED APPLICATION TO PROCEED IN FORMA PAUPERIS BEARING PLAINTIFF'S ORIGINAL SIGNATURE,**<br><br>**OR**<br><br>**(2) PAY $402.00 FILING FEE IN FULL**<br><br>**DEADLINE: <u>AUGUST 10, 2023</u>**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF AN APPLICATION TO PROCEED IN FORMA PAUPERIS** |

    Tremaine Carroll ("Plaintiff") is a state prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 23, 2023, together with an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF Nos. 1, 2.)  On July 7, 2023, the Court received a certified copy of Plaintiff's prison trust account statement.  (ECF No. 6.)

Plaintiff's declaration in support of the application to proceed *in forma pauperis* does not bear Plaintiff's original signature. (ECF No. 3 at 2.) Counsel has e-signed the declaration for Plaintiff but has not submitted a statement that counsel has a signed original signature as required by Rule 131(f) of the Local Rules of the United States District Court, Eastern District of California, which provides as follows:

> (f) Non-Attorney's Electronic Signature. Documents that are required to be signed by a person who is not the attorney of record in a particular action (verified pleadings, affidavits, papers authorized to be filed electronically by persons in pro per, etc.), may be submitted in electronic format bearing a "/s/" and the person's name on the signature line along with a statement that counsel has a signed original, e.g., "/s/ John Doe (original signature retained by attorney Mary Roe)." It is counsel's duty to maintain this original signature for one year after the exhaustion of all appeals. This procedure may also be followed when a hybrid electronic/paper document is filed, i.e., the conventionally served document may also contain an annotated signature in lieu of the original.

Therefore, Plaintiff's declaration is deficient. There is no indication that Plaintiff either read the contents of the declaration or that counsel read the declaration to Plaintiff. Although Local Rule 131(f) allows for a non-attorney's signature to be submitted electronically using "/s/" and that person's name, the signature must include "a statement that counsel has a signed original." L.R. 131(f).

An e-signature affixed by counsel where the client did not actually see the document does not satisfy the requirement of 28 U.S.C. § 1746[1] even if the declarant "directed his attorney to

---

[1] Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

write the declaration, had the declaration read to him in its entirety, and authorized his attorney to affix his signature." Dietle v. Miranda, No. 214CV1728WBSACP, 2017 WL 387253, at *3 (E.D. Cal. Jan. 26, 2017), report and recommendation adopted, No. 214CV1728WBSACP, 2017 WL 714390 (E.D. Cal. Feb. 22, 2017) (quoting Freezor v. Excell Stocton, LLC, No. CIV S 12-0156 KJM EFB, 2013 U.S. Dist. LEXIS 142715, at *8-10). "'[I]t is improper to represent to the Court that a declarant swears under penalty of perjury to the contents of a document the declarant never saw.'" Id. at *4 (citing Freezor, 2013 U.S. Dist. LEXIS 142715, at *8-10) (quoting Valiavicharska v. Celaya, No. CV 10-4847 JSC, 2012 U.S. Dist. LEXIS 42213, at *10 (N.D. Cal. Mar. 22, 2012)).

Plaintiff shall be required to complete and file a new application to proceed *in forma pauperis* on the Court's form bearing Plaintiff's original signature, or in the alternative pay the $402.00 filing fee in full **on or before August 10, 2023**. Without knowing Plaintiff's present financial status, the court cannot grant Plaintiff's application to proceed *in forma pauperis*.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Clerk shall send Plaintiff an application to proceed *in forma pauperis* on the Court's form;

2. **On or before August 10, 2023**, Plaintiff shall either:

    (a) Submit an application to proceed *in forma pauperis* to the court, **completed and bearing Plaintiff's original signature;** or

    (b) Pay the $402.00 filing fee for this action;

---

**(1)** If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
(Signature)".
**(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
(Signature)".

28 U.S.C.A. § 1746

3. Plaintiff is not required to submit another copy of his prison trust account statement;

4. No requests for extension of time will be granted without a showing of good cause; and

5. **Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated: **July 7, 2023**                      **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE