UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE CARROLL,<br><br>            Plaintiff,<br><br>     vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>            Defendants. | 1:23-cv-00974-ADA-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER**<br><br>**(ECF No. 7.)**<br><br>**OBJECTIONS, IF ANY, <u>DUE BY SEPTEMBER 15, 2023</u>** |

**I.    BACKGROUND**

Tremaine Carroll ("Plaintiff") is a state prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 23, 2023, together with an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF Nos. 2, 3.)  However, Plaintiff's application did not include Plaintiff's original signature.

On July 7, 2023, the Court issued an order requiring Plaintiff to either (1) submit a new application to proceed *in forma pauperis* bearing Plaintiff's original signature, or (2) pay the $402.00 filing fee in full for this case, on or before August 10, 2023.  (ECF No. 7.)  The August

1

10, 2023 deadline has passed, and Plaintiff has not filed a new application to *proceed in forma pauperis*, paid the $402.00 filing fee, or otherwise responded to the Court's order.

## II.      DISMISSAL FOR FAILURE TO COMPLY WITH COURT'S ORDERS

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since June 23, 2023.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not resolve payment of the filing fee for this lawsuit.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to pay the filing fee or submit a new application to proceed *in forma pauperis* that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Given that Plaintiff is a prisoner who has not resolved payment of the filing fee for this action, the Court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

### III. RECOMMENDATIONS AND CONCLUSION

The Court **HEREBY RECOMMENDS** that this case be dismissed based on Plaintiff's failure to comply with the Court's order issued on July 7, 2023.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before September 15, 2023**, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 25, 2023**                          **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE