FILED
MAY 30 2024
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

CARROLL, TREMAYNE #H7338
KVSP, C4-131
P.O. BOX 5104
DELANO, CA 93216

RECEIVED
MAY 30 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY CLERK

UNITED STATES DISTRICT COURT

CARROLL, T.,
PLAINTIFF

CDCR, SGT. BROWNE,
AW MIKE PALLARES,
SGT. CONTRERAS, GREG
RODRIGUEZ, ET. AL.
DEFENDANT(S)

CASE NO. 1:23-cv-00974-NODJ
FILING FEES/IFP, RETURN OF DOCUMENTS, UNPUBLISHED BOOK RESCIND DOCUMENTS.

05/22/24, 1000 HRS

PLAINTIFF CARROLL IS AN ADA, SB132 TRANSWOMAN WHO WAS RECENTLY RETURNED TO MENS PRISON IN RETALIATION FOR REPORTING BEING THE VICTIM OF EMPLOYEE SEXUAL MISCONDUCT AND FOR BEING A VICTIM/PLAINTIFF/WITNESS IN THE ABOVE ENTITLED CASE NUMBER. PLAINTIFF CONTENDS SHE PAID $402 FILING FEE TO NELSON HUNT AND THE JUSTICE FIRM. YET THIS COURT IS TAKING FUNDS FOR IFP. PLAINTIFF(S) HAVE LEARNED THE JUSTICE FIRM SOLD THEIR CASES TO LARGER LAW FIRMS SO PLAINTIFF WANTS UNPUBLISHED BOOK AND ALL DOCUMENTS RETURNED. PLAINTIFF RESCINDS PERMISSION FOR ANY DOCUMENTS CONCERNING PLAINTIFF OR AUTHORED BY PLAINTIFF FOR OTHER PLAINTIFFS TO BE USED. PLAINTIFF AGAIN REQUEST TRO, AS PLAINTIFF WAS SEXUALLY ASSAULTED BY KVSP/CDCR STAFF AT GUNPOINT ON 04/20/24 + 04/22/24. THE ABOVE IS TRUE TO MY KNOWLEDGE.

(IN PRO SE)
05/22/24

P.C. 1258

SEPERATE
CASE NUMBER
1:23-cv-00005-JLT

CARROLL, TREMAINE #H73384
KVSP; C4-131
P.O. BOX 5104
DELANO, CA 93216

UNITED STATES DISTRICT COURT

CARROLL, T.,
PLAINTIFF

CDCR, ET. AL.,
DEFENDANT(S)

CASE NO. 1:23-cv-00005-JLT
OBJECTION TO COURTS LAST RULING. PERMISSION TO FILE AMENDED COMPLAINT, EXTENSION OF TIME AND APPOINTMENT OF COUNSEL PRELIMINARY INJUNCTIVE RELIEF, TRO
05/21/24 2100 HRS.

PLAINTIFF CARROLL IS AN INDIGENT HEARING/MOBILITY TRANSWOMAN RECENTLY SENT BACK TO MENS PRISON, IN VIOLATION OF SB132, IN RETALIATION FOR REPORTING BEING ONE OF THE MANY VICTIMS IN THE CCWF SEXUAL ABUSE SCANDAL/LAWSUIT (1:23-cv-00974-NODJ). PLAINTIFF OBJECTS TO COURTS RULING(S) AND PRAYS IT GRANTS PERMISSION/TIME TO FILE AMENDED COMPLAINT. PLAINTIFF ALSO ASKS COURT TO APPOINT JOE GOETHALS LEGAL, WHO'S TAKEN OVER CASE NO. 1:23-cv-00974. PLAINTIFF WANTS TO JOIN CASES. ON 04/20/24 AND 04/22/24, PLAINTIFF WAS SEXUALLY ASSAULTED BY KVSP AT GUNPOINT AND THEY TURNED BODY CAMERAS OFF. PLAINTIFF PRAYS FOR PRELIMINARY INJUNCTIVE RELIEF AND TRO FROM CDCR.

THE ABOVE IS TRUE TO MY KNOWLEDGE.

[signature] (IN PRO-SE)
05/21/24



*1131 Howard Ave.*
*Burlingame, CA 94010*

*joe@goethalslegal.com*
*650.218.4319*

April 26, 2024

Tremaine Carroll:

I hope this letter finds you well. Thank you for considering GOETHALS LEGAL, PC to represent you with your legal matter. We look forward to protecting you and your civil rights. Enclosed are five documents to sign.

First is a Retention Agreement that legally bunds us to attorney-client-privilege and outlines the contract between us. Please initial and sign.

Second is an Authorization of Attorney that we can show as proof that we represent you without having to show the retention agreement. Please sign.

Third is the Substitution of Attorney document that shows proof that you have agreed to switch attorneys regarding this matter. Please sign.

Fourth is Joint Client Consent Form that makes you aware of the pros and cons of a joint prosecution. Please sign.

Fifth is a HIPAA form so we can collect any medical records on your behalf.

Please review, initial, and sign all documents and return in the provided return envelope. Thank you. As always, please feel free to reach out if ever have any questions or concerns.

Very truly yours,

GOETHALS LEGAL, PC

JOSEPH M. GOETHALS

ROSEN BIEN
GALVAN & GRUNFELD LLP

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Gay Crosthwait Grunfeld
Email: ggrunfeld@rbgg.com

January 4, 2022

VIA CERTIFIED MAIL

The Honorable George Gascón
District Attorney
County of Los Angeles
211 W. Temple Street, Suite 1200
Los Angeles, CA 90013

Re: Letter of Support for Resentencing of Tremaine Carroll, WB1153
Our File No. 0581-04

Dear Mr. Gascón:

We met at the Ninth Circuit Conference in Big Sky, Montana in the summer of 2016. Since then, I have closely followed your efforts toward criminal justice reform and applaud your ongoing and outstanding work.

I write respectfully to urge you to reevaluate and consider resentencing Tremaine Carroll, CDCR No. WB1153 pursuant to Penal Code § 1170(d)(1).

Ms. Carroll was sentenced in Los Angeles in 1999 to 25 years to life with the possibility of parole for a third-strike conviction on one count, Penal Code § 487(A). *See* enclosed Abstract of Judgment. Ms. Carroll, who is 49-years old, transgender, uses a wheelchair, and has multiple Covid-19 risk factors and health conditions, has been incarcerated for 22 years.

I have gotten to know Ms. Carroll through our firm's role as Plaintiffs' counsel in the disability rights lawsuit *Armstrong v. Newsom* pending before the U.S. District Court of the Northern District of California, Case Number 94-cv-02307. The *Armstrong* Court found that California's prison and parole systems violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 by discriminating against prisoners and parolees with mobility, sight, hearing, learning, mental and kidney disabilities. The case has resulted in a number of important district court and appellate

decisions. *See, e.g., Armstrong v. Wilson*, 942 F. Supp. 1252 (N.D. Cal. 1996), *aff'd* 124 F.3d 1019 (9th Cir. 1997).

We first began working closely with Ms. Carroll in late 2019 when she agreed to testify that officers at Richard J. Donovan Correctional Facility ("RJD") had left her in her cell, in handcuffs, for more than 48 hours over the Thanksgiving holiday. Ms. Carroll also submitted testimony about the brutal assault on another prisoner, Donald Allen, about whom I wrote you in a letter dated January 29, 2021. Ms. Carroll took a courageous step forward to testify against officers at RJD, both about abuse she suffered personally and abuse she had witnessed against other incarcerated people. In the weeks and months that followed her testimony, Ms. Carroll suffered greatly for her courage and willingness to speak out against injustice and for working with our office. Among other forms of reprisal, Ms. Carroll has been issued a barrage of false Rules Violation Reports ("RVRs") by staff at several prisons in retaliation for her efforts to hold staff accountable for misconduct.

Based on Ms. Carroll's testimony, along with the testimony of other witnesses, we filed a Motion for Temporary Restraining Order (TRO) to transfer Ms. Carroll out of RJD for her safety. The District Court Judge presiding over the *Armstrong* case, the Honorable Claudia Wilken, found Ms. Carroll's declaration persuasive and credible, and issued a 50-page opinion relying in part on Ms. Carroll's declaration. *See Armstrong v. Newsom*, 475 F. Supp. 3d. 1038 (N.D. Cal. 2020). In her July 30, 2020 opinion, Judge Wilken found that officers at RJD had retaliated against Ms. Carroll for her participation in the litigation and ordered that she be transferred to a safer prison. Judge Wilken's opinion is one of the only decisions we are aware of finding a correctional entity liable under the Americans with Disabilities Act for retaliation. Without Ms. Carroll's courage, this important opinion would not have been written.

Since the Court issued its order granting in part our Motion for Temporary Restraining Order, Ms. Carroll has encountered additional instances of abuse and retaliation which are documented in further declarations filed with the Court. The Court relied on Ms. Carroll's declarations (6 in total) in part in issuing several orders finding that the conditions at six CDCR institutions violated the Americans with Disabilities Act ("ADA"), *see Armstrong v. Newsom*, 484 F.Supp.3d 808 (2020); 2021 WL 930454 (Mar. 11, 2021); 2021 WL 933106 (Mar. 11, 2021), and ordering CDCR to develop remedial plans for the six prisons that include the installation of video surveillance and deployment of body-worn cameras at the prison.

As you recognized in your Special Directive 20-14, justice demands that persons convicted and sentenced under our previous, flawed systems of justice be entitled to the benefits of your new charging and sentencing policies. Ms. Carroll meets several of the

criteria set forth in your Special Directive, including: 1) incarceration for greater than 15 years; 2) sentencing enhancements no longer sought under your office's new Sentencing Policy; and 3) persons at enhanced risk of COVID-19 infection.

Pursuant to your Special Directive, and in the interest of justice, we urge you to petition the Los Angeles Superior Court recommending the recall and resentencing of Ms. Carroll. Ms. Carroll has rendered a great service to people with disabilities in prison. She endured physical brutality and stood firm against retaliation. She has repeatedly sacrificed her own safety and put her well-being on the line in order to advocate for her peers. She has also played an important role in our efforts to change the culture in CDCR prisons.

We are happy to answer any questions you may have.

Very truly yours,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Gay Crosthwait Grunfeld*

By: Gay Crosthwait Grunfeld

GCG:cg
Enclosure
cc: Tremaine Carroll



ROSEN BIEN
GALVAN & GRUNFELD LLP

P.O. Box 390
San Francisco, California 94104-0390
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

July 8, 2020

Tremaine Carroll, H73384
R.J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179-0001

CONFIDENTIAL – LEGAL MAIL

Re: *Armstrong v. Newsom*
Our File No. 0581-03

Dear Ms. Carroll:

I write to summarize our confidential telephone call on July 7, 2020. During the call, we discussed the Court's July 2, 2020 Temporary Restraining Order and possible placement options for you as outlined in CDCR's proposed plan, which we received on July 6, 2020. As I explained to you, the proposed plan from CDCR was to transfer you to Mule Creek State Prison ("MCSP"), Facility B, which is a Level III EOP yard. You stated that you did not want to be housed on MCSP's Level III EOP yard because there are no cameras. You expressed that your priorities for placement are as follows:

a. Release to the community
b. Transfer outside of CDCR
    i. You expressed that while CDCR arranges for out-of-jurisdiction transfer, you would prefer to be at Facility B at MCSP rather than at RJD.
    ii. While I discussed at length the risk of being sent anywhere in the country and the possibility that placement could be as bad or worse than RJD in terms of mental health care, medical care, transgender phobia etc., you acknowledged and accepted those risks and still preferred to be transferred outside of CDCR, which means you could end up on in a prison anywhere in the United States.
c. Placement on a yard within CDCR that has security camera coverage
d. Placement at MCSP Facility B
e. Remaining at RJD

We will be meeting with CDCR on July 8 at 11 a.m. to discuss their proposed plan, and represent your interests. We will make clear your preferences. Before agreeing to any plan, we will ensure that we have an opportunity to speak with you to obtain your consent.

Please call me as soon as possible if you disagree with anything I have said in this letter, though I anticipate we will speak by phone before you receive this letter.

Thank you for your bravery in submitting declarations in opposition to staff misconduct at CDCR, and take care.

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Michael Freedman*

By: Michael Freedman

PG:jrg
Encl.: SASE



# OFFICE OF GRIEVANCES DECISION

**Offender Name:** CARROLL, TREMAINE DEON **Date:** 05/14/2024

**CDC#:** H73384

**Current Location:** KVSP-Facility C **Current Area/Bed:** C 004 1 - 131001L

**Log #:** 000000548962

## Claim #: 001

**Received at Institution/Parole Region:** Central California Women's Facility

**Submitted to Facility/Parole District:** CCWF-Facility A

**Housing Area/Parole Unit:**

**Category:** General Employee Performance **Sub-Category:** Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

## Claim #: 002

**Received at Institution/Parole Region:** Central California Women's Facility

**Submitted to Facility/Parole District:** CCWF-Facility A

**Housing Area/Parole Unit:**

**Category:** General Employee Performance **Sub-Category:** Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

**Claim #: 003**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Services **Sub-Category:** Other Services - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 003:
Your claim concerning Offender Services;Other Services - NOS is rejected for the reason or reasons indicated below:

This claim regarding Correctional Sergeant Brown and Correctional Sergeant Contreras should not be investigating your PREA allegations is substantially duplicative of grievance log # 541982, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 004**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Classification **Sub-Category:** Transfer Issue or Transfer Requests

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 004:
Your claim concerning Offender Classification;Transfer Issue or Transfer Requests is rejected for the reason or reasons indicated below:

This claim regarding your request to have all PREA victims transferred out is substantially duplicative of Grievance log # 382637 and 448351, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 005**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Services **Sub-Category:** Other Services - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 005:

Your claim concerning Offender Services;Other Services - NOS is rejected for the reason or reasons indicated below:

This claim regarding CMF Sergeant Arumbula being in collusion with CCWF hiring Authority to manipulate inmates into making false Confidentials against you is substantially duplicative of Grievance log # 541977, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

## Claim #: 006

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Offender Resources **Sub-Category:** Other Resources - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 006:
Your claim concerning Offender Resources;Other Resources - NOS is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of # 528126, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

## Claim #: 007

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Offender Services **Sub-Category:** Allegation against Inmate/Parolee

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 007:
Your claim concerning Offender Services;Allegation against Inmate/Parolee is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of Grievance log # 514412, 519197, 519832 and 521087, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 008**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** General Employee Performance **Sub-Category:** Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

**Claim #: 009**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** B 507 1
**Category:** General Employee Performance **Sub-Category:** Substandard Performance

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**GRIEVANCE**
CDCR 602-1 (03/20)

Page 1 of 2

| STAFF USE ONLY | Grievance #: 549916? Date Received: |
|---|---|
| | Date Due: |
| | Categories: |

*This is the process to ask for help with a complaint.*

**Claimant Name:** CARROLL, T **CDCR #:** WH2575 **Current Housing/Parole Unit:** 504-119

**Institution/Facility/Parole Region:** CCWF

**In order for the Department to understand your complaint, make sure you have answered the following questions:**

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.*
- *What specific action would resolve your complaint?*

RECEIVED
APR 1 6 2024
CCWF
GRIEVANCE OFFICE

PREA / STAFF COMPLAINT
IT WAS BROUGHT TO MY ATTENTION THAT CCWF STAFF, INCLUDING HIRING AUTHORITY, PREA COMPLIANCE MANAGER, CPT. SEAGAR, LT. VOGEL, LT. VILLEGAS, SGT. BROWNE, SGT. CONTRERAS AND OTHERS INSTRUCTED SAN JOAQIN SART EXAMINER TO DEAL WITH ME AS A SUSPECT, NOT A VICTIM AND TO NOT SWAB THE AREAS I TOLD THEM I/M BENNET KISSED, LICKED, SUCKED, TOUCHED, PROBED ME (NECK, MOUTH, LIPS, ANUS, SCROTUM, PENIS, EARS, CHEST, STOMACH, LEGS, BUTTOCKS, ETC).
ITS ALSO BEEN BROUGHT TO MY ATTENTION THAT SGT. BROWNE, SGT. CONTRERAS AND OTHERS THREATENED I/M WILLIAMS, PRISCILLA WITH AN RVR FOR GOING OUT-OF-BOUNDS IN 507-25 OF HER OWN FREE WILL IF SHE DIDNT SAY I FORCED HER INTO 507-25 AND RAPED HER. SGT. BROWNE AND SGT. CONTRERAS FED I/M WILLIAMS THE SAME STORY LINES THAT WERE FED TO I/M BENNET.
SGT. BROWNE AND SGT. CONTRERAS ARE TWO OF THE MANY DEFENDANTS NAMED IN THE CCWF SEXUAL ABUSE SCANDAL OF WHICH I AM A VICTIM / PLAINTIFF AND THEY'RE FULLY AWARE THAT I ASSISTED SEVERAL OF THEIR SEXUAL ASSAULT VICTIMS IN FILING GRIEVANCES AND LEGAL DOCUMENTS PER CCR 3163 IN WHICH THEY ARE NAMED. FOR OVER A YEAR I'VE

DISTRIBUTION Original: Offender's File Copies: DAI, DAPO, and Offender

EXPRESSED THAT MYSELF AND ALL VICTIMS SHOULD BE TRANSFERED TO PROTECT THE INTEGRITY OF THE INVESTIGATIONS TO PROTECT US FROM RETALIATION IN THE FORMS OF CONTINUED PHYSICAL / SEXUAL ABUSE AND FALSIFIED RVR'S AND ATTACKS ON OUR PERSON, PROPERTY AND PURSUIT OF FREEDOM.

NEITHER SGT. BROWNE NOR SGT. CONTRERAS NOR ANY NAMED DEFENDANT SHOULD BE INVOLVED IN ANY INVESTIGATION(S) REGARDING ME OR ANY NAMED VICTIMS/PLAINTIFFS, WHERE THERE'S AN OBVIOUS CONFLICT OF INTEREST. HOWEVER, SGT. BROWNE AND SGT. CONTRERAS ARE THE ONES WHO INVESTIGATED "/ MANIPULATED FACTS, EVIDENCE AND WITNESSES WHILE COERCING I/m BENNET AND I/m WILLIAMS TO FILE KNOWN FALSIFIED ALLEGATIONS AGAINST ME, WHILE COERCING OTHERS (SART NURSE, WITNESSES) TO CIRCUMVENT PREA INVESTIGATION OF WHICH I'M THE VICTIM. THEY ALSO DENIED ME RIGHT TO POLYGRAPH EXAM FOR MYSELF, I/m BENNET AND I/m WILLIAMS.

IN GREEN WALL / MEXICAN MAFIA / BUDDY SYSTEM FASHION, CMF SGT. ARUMBULA IN COLLUSION WITH CCWF HIRING AUTHORITY AND HISPANIC ADMINISTRATION, MANIPULATED INMATES TO MAKE FALSE CONFIDENTIALS AGAINST ME TO GET ME SENT BACK TO MENS PRISON TO GET ME KILLED. I/m BROWN (X-08960) WAS NEVER PREGNANT NOR DID SHE EVER TAKE PREGNANCY TEST, HOWEVER INFO REGARDING THIS WAS DOCUMENTED AND USED AGAINST ME ALTHOUGH SHE HAS "PSEUDOCYESIS" AND ALWAYS THINKS SHE'S PREGNANT. THERE'S NOT ONE INCIDENT SHOWING ME BULLYING, INTIMIDATING NOR EXPOSING MYSELF TO ANYONE. HOWEVER, THERE ARE AT LEAST (7) INCIDENTS CAPTURED ON AVSS OF ME BEING ASSAULTED BY STAFF AND INMATES.

FOR YEARS I'VE DOCUMENTED IN GRIEVANCES, TAPED INTERVIEWS THAT CCWF SHOULD HAVE CONDOMS AVAILABLE AND THERE SHOULD BE INFORMATION ON TABLETS FOR INMATES TO REPORT SEXUAL ABUSE. IT ISNT UNTIL I/m ROSS PREGNANCY THAT NOW CCWF HAS CONDOM DISPENSERS IN PREA INFO ON TABLETS. I DOCUMENTED CCWF STAFF TOLD ME TO GET I/m ROSS PREGNANT BEFORE THEY MOVED ME IN WITH HER. MY DUE PROCESS RIGHTS ARE BEING VIOLATED. (5) ATTACHMENTS.

Reminder: Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature: [signature] Date Signed: 2/14/24

DISTRIBUTION — Original: Offender's [illegible] OAL DAPO and Offender

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 07:57 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-[illegible] |

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

From: Stephanie Navarro on 11/27/22 16:56 PST

4:45

**

After the shooting, Brown set the house on fire and fled to Texas, where she stayed with relatives and obtained a false birth certificate.

Brown returned Vallejo after a few months, but was not arrested until six years later, when police received an anonymous tip.

The baby"s father was Vallejo rap artist Lathan "Young Lay" Williams, who in 1998 created an album entitled "Unsolved Mysteries" to publicize the kidnapping.?

A doctor testified at the trial that Brown may have suffered from a rare condition called pseudocyesis, or imaginary pregnancy, and had mistakenly thought she was in labor three weeks before the murder.

Prosecutors claimed that Brown, who had had a relationship with Williams, was jealous of the rap artist"s relationship with Boyden.

A three-judge panel of the Court of Appeal, in a decision issued Friday, unanimously turned down Brown"s claim that a statement she made to police and a "letter to God" found in her jail cell in 2002 should not have been allowed as

×

BROWN IS I/M LATASHA BROWN #X-08560, WHO'S AT CIW WAITING TO KILL I/M ROSS, SET HER ON FIRE AND TAKE HER BABY. CCWF WAS MADE AWARE OF THIS PRIOR TO SENDING I/M ROSS TO CIW, RECKLESSLY ENDANGERING HER LIFE.

* THIS IS ALSO WHY I/M BROWN SHOULD BE DOCUMENTED ENEMY OF I/M ROSS (#WF4577). SGT. BROWNE AND SGT. CONTRERAS TOLD I/M BROWN THAT I/M ROSS IS PREGNANT BY ME. IN TURN, SGT. BROWNE, SGT. CONTRERAS AND THE GREEN WALL BUDDY-SYSTEM FROM CCWF-TO-CIW SENT I/M ROSS TO CIW TO HAVE HER AND HER UNBORN KILLED AND GAVE THE "GREEN LIGHT" TO DOCUMENTED ENEMIES: I/M BROWN, I/M HICKMAN AND I/M SMITH TO DO SO. CDCR FAILED TO PROTECT I/M ROSS FROM GETTING PREGNANT, NOW THEY'RE FAILING TO PROTECT HER FROM KNOWN ENEMIES.

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
| --- | --- | --- | --- | --- | --- |
| TREMAINE CARROLL | WH2575 | 02/25/24 08:08 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 11/24/22 18:23 PST

Delores Brown received a year in jail in 2003 after pleading no contest to child concealment.

"I'm very pleased," said Solano County Deputy District Attorney Donna Stashyn. "I'm especially pleased for the family. It's literally been a living hell for the last eight years."

Defense attorney Bill Pendergast expressed disappointment. He said his client suffered from pseudocyesis, or false pregnancy, and at one point, believed she was in labor.

"This led her to believe this child was hers, and her reason was not that she in a deliberate and premeditated fashion killed this woman, but she thought that child was hers and reacted in a defense-of-others means to get her child back," Pendergast said.

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

RE" I/M BROWN AND HER BEING LEFT AT CIW TO ATTACK I/M ROSS ON-SIGHT. CDCR DOESNT WANT I/M ROSS BABY TO BE BORN SO THEY'RE USING THE MENTAL HEALTH CONDITION OF I/M BROWN AND THE OTHERS, HICKMAN, SMITH TO KILL I/M ROSS WHO THEY HAVE IN PIP UNTIL SHE SIGNS OFF SAFETY CONCERNS

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 07:57 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 11/27/22 16:56 PST

4:45

cell in 2002 should not have been allowed as evidence in her trial.

The court said both statements were vague and did not contain a clear admission of guilt. The panel said there was "overwhelming independent evidence of guilt" from other sources.

In the letter, Brown said, "All I wanted was to be a mommy and now I never will."

A second cousin, Ocianetta Williams, who was with Brown at the time of the murder, became a prosecution witness and was sentenced to 13 years in prison as part of a plea agreement.

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

**Share this:**

View more on Times-Herald

SPONSORED CONTENT

* CIW IS HOLDING I/M ROSS IN PIP AGAINST HER WILL AND TELLING HER SHE'S NOT GOING TO BE IN LACTATION PROGRAM WITH ALL OTHER PREGNANT WOMEN UNLESS SHE SIGNS OFF SAFETY CONCERNS. THATS CRUEL & UNUSUAL PUNISHMENT, DELIBERATE INDIFFERENCE AND RECKLESS ENDANGERMENT AND RETALIATION. I/M ROSS IS ANOTHER VICTIM / PLAINTIFF IN CCWF SEXUAL ABUSE SCANDAL.

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 07:53 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 10/31/23 22:22 PDT

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

* CCWF, SGT. BROWNE, SGT. CONTRERAS, GREEN WALL ARE TRYING TO HAVE DRB SEND ME BACK TO MENS PRISON WHERE I'LL BE RAPED AND KILLED. THEY'VE SUPPLIED INMATES WITH PHONES AND FALSIFIED DOCUMENTS TO SHARE WITH INMATES IN MENS PRISONS. THEY TOLD I/M BENNET, I/M WILLIAMS AND OTHERS I'M IN PRISON FOR RAPE AND CHILD MOLESTATION, WHICH CDCR HAS ME FALSELY LABELED. THERE'S NOT ONE INSTANCE OF ME PRESENTING MYSELF DIFFERENT TO INMATES THAN I DO TO STAFF. I DON'T CHANGE MY LOOK, SOUND, DEMEANOR, NONE OF WHICH HAVE ANYTHING TO DO WITH ME BEING A WOMAN.

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 08:12 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 10/11/22 06:10 PDT

6:10

5GUC 92%

(S) Sukey Lewis

Tuesday, October 11

There's widespread human/sex trafficking by administration and custody staff at the central California women's prison in Chowchilla California. Prison guards are selling the sexual services of inmates to other inmates and staff members. These inmates are the most vulnerable based on their pursuit o

View all

6:09 AM

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

* I DOCUMENTED THAT CCWF STAFF TOLD ME TO GET 'I/M ROSS PREGNANT BEFORE I WAS MOVED IN ROOM 507-29 WITH HER. IT'S ALSO DOCUMENTED THAT I HAD TO PAY STAFF TO MOVE 'I/M BROWN AND 'I/M PENNEWELL IN ROOM 505-23 WITH ME AND HAD TO PAY STAFF TO MOVE ME TO 507-25. THESE WOMEN ARE FRIENDS OF MINE BUT BECAUSE I'M UNDER SB132 AND TRANSGENDER, CCWF STAFF PIMPS MADE ME PAY FOR BED MOVES. THEY BASED IT ON CDCR HAVING ME LABELED RAPIST/CHILD MOLESTER, NEITHER OF WHICH I AM.

UN CONTAMINATED
WHEN GIVEN TO STAFF

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** CARROLL, TREMAINE D. **CDC#:** H73384

**Date:** 05/21/2024

**Current Location:** KVSP-Facility C **Current Area/Bed:** C 004 1131001L

**From:** Office of Grievances at Kern Valley State Prison

**Re:** Log # 000000566096

The California Department of Corrections and Rehabilitation Office of Grievances at Kern Valley State Prison received your grievance on 05/21/2024. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 07/21/2024.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

| STAFF USE ONLY | OGT Log No: 566096 Date Received: ______<br>Decision Due Date: ______<br>Categories: ______ |
|---|---|

Claimant Name: CARROLL, TREMAINE CDCR #: H73384

Institution/Parole Region: KVSP Current Housing/Parole Unit: C4-131

STAFF USE ONLY

*Use this form to file a complaint with the Department.*

**In order for the Department to understand your complaint, please answer all of the following questions:**

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *What specific action would resolve your complaint?*

KERN VALLEY STATE PRISON
[illegible] 2024
INMATE APPEALS OFFICE

*NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).*

STAFF COMPLAINT / PREA / EMERGENCY
PER THE PREA POLICY, ANYONE CAN REPORT BEING THE VICTIM OR WITNESS TO EMPLOYEE SEXUAL MISCONDUCT TO ANYONE THEY'RE COMFORTABLE WITH. IN THIS REGARD, IS CDCR NOW SAYING ONLY REPORT IF YOU'RE A VICTIM, DON'T REPORT IF YOU'RE JUST A WITNESS?
I'M REPORTING RIGHT NOW THAT I/M ROSS WAS PIMPED, TRAFFICKED OUT TO MULTIPLE CDCR STAFF MEMBERS AT CCWF, INCLUDING BUT NOT LIMITED TO SGT. NICHOLS, C/O HERNANDEZ, C/O RODRIGUEZ, SGT. BROWNE, SGT. CONTRERAS AND OTHERS WHO BENEFITED AND/OR PROFITED SEXUALLY, MONETARILY OR OTHERWISE -- TO WORK IN SERVITUDE TO BOTH STAFF AND INMATES, BOTH CURRENT AND FORMERLY HOUSED OR EMPLOYED AT CCWF.
NO SANE PERSON WOULD SEND I/M ROSS BACK TO CCWF UNDER ANY CIRCUMSTANCES WITH THE LISTS OF SWORN ENEMIES MENTIONED AND/OR DOCUMENTED THAT INCLUDE I/M SMITH, WHO

HAPPENS TO BE 'I'M ROSS' REAL MOTHER. THIS WOULD BE BEYOND CRUEL/UNUSUAL PUNISHMENT, RECKLESS ENDANGERMENT AND DELIBERATE INDIFFERENCE. LOCKING 'I'M ROSS IN PSYCHIATRIC UNIT FOR CDCR FAILING TO PROTECT HER FROM GETTING PREGNANT IS BARBARIC.

AS A RESULT OF 'I'M ROSS' CURRENT AND PAST PREGNANCIES WHILE HOUSED AT CCWF, THERE ISNT NOR WILL THERE EVER BE ANY-WHERE SAFE FOR 'I'M ROSS TO HOUSE IN CDCR AS SHE'LL BE THE TARGET OF ALL STAFF AND ALL INMATES, ESPECIALLY THE 99% THAT ARE A PART OF THE LGBTQ+ COMMUNITY THAT NOW BELIEVE INMATES WILL NO LONGER BE ABLE TO HOUSE IN ACCORD WITH THEIR GENDER IDENTITY BECAUSE OF 'I'M CARROLL AND 'I'M ROSS.

COUPLE THAT WITH THE FACT WERE BOTH PLAINTIFFS/ VICTIMS/WITNESSES IN THE CCWF SEXUAL ABUSE SCANDAL AND LAWSUIT THAT SHOULD BE UNDER FEDERAL WITNESS PRO-TECTION.

IM READY TO COME FORWARD WITH THE NAME OF THE CDCR/ CCWF STAFF THAT CAME TO ME ABOUT GETTING 'I'M ROSS PREGNANT LONG BEFORE I WAS PLACED IN THE ROOM WITH 'I'M ROSS. IM NOT WILLING TO TALK TO ANY CDCR STAFF ABOUT THIS. IM A FEDERAL WITNESS AND THIS IS A FEDERAL SITUATION.

THIS WEEKEND I CAME IN CONTACT WITH ONE OF THE KVSP STAFF THAT SEXUALLY ABUSED ME AT GUNPOINT. RHU ISNT SAFE FOR ME OR MY SANITY. THERES NOWHERE SAFE FOR NEITHER MYSELF NOR 'I'M ROSS TO BE ABLE TO HOUSE IN CDCR.

IM A TRANSWOMAN BEING DENIED RIGHT TO HOUSE ACCORDING TO MY GENDER IDENTITY REPORTING PER PREA POLICY.

Claimant Signature: 05/[signature] Date Signed: 05/19/24

3325 WILSHIRE BOULEVARD, SUITE 340 LOS ANGELES, CA 90010
213.384.1400 213.384.1411 JUSTDETENTION

# Frequently Asked Questions (FAQ)
# Counseling and Support Services

*Just Detention International (JDI) is a non-profit human rights organization that seeks to end sexual abuse in all forms of detention. JDI provides the general information below in an effort to respond to questions that we regularly receive from prisoner rape survivors. Please remember that laws are constantly changing and their application may vary from one case to the next. Legal advice must be tailored to the specific circumstances of each case and can only be provided by a qualified attorney. This FAQ does not constitute legal advice.*

**1. I was sexually assaulted and am afraid to talk to the prison counselor. What should I do?**

Only you can decide what the best option would be for you. Unlike counselors in the community, a prison counselor may be required to report any crime – including sexual abuse – to corrections staff. By making such a report, a counselor can make sure your abuse is investigated.

If you are fearful of staff knowing about the abuse, you can meet with a counselor and ask what she or he has to report to prison officials or police – before you talk with him or her – to help you decide what you want to share. You can also contact a rape crisis center in the community, although you should be aware that your letters to them may be monitored like other mail. Please refer to JDI's *Resource Guide for Survivors of Sexual Abuse Behind Bars* for a listing of rape crisis centers near you.

**2. I told a mental health staff member about the abuse and s/he reported it to prison officials without my permission. Are staff allowed to do that?**

Most prisons and jails have policies that require staff to report any crime so that it can be investigated. No matter where it happens, rape and sexual assault are crimes. If the counselor promised you that she or he wouldn't tell anyone but still reported the abuse to prison officials, that was inappropriate. However, it was most likely not against the facility's policy. If, because of the report you have been targeted for additional abuse or feel especially unsafe, you may request a transfer to another unit or facility.

In general, mental health counselors (including ones who work in prisons) are required to explain what they can and cannot keep confidential before they start working with a new client. If you were not informed of what the counselor would have to report, you may want to ask your counselor or other mental health staff for a copy of the institution's policy. If you are able to contact a local rape crisis center, a counselor there may be able to write to you or meet with you. However, your communication with her or him will be monitored like any other letters and phone calls (except those with your lawyer). Please refer to JDI's *Resource Guide* for a listing of rape crisis centers in your area.

**3. I asked to see a therapist, but my requests have been ignored/denied. How can I get counseling while I am still behind bars?**

If you reported your abuse, you should have been offered counseling. However, even if you did not file a report or were not offered counseling, you should be able to request to see a therapist in the facility. If you followed the procedure for doing so, but were still not permitted to see a counselor, you can file a grievance. Your grievance should include: when you requested counseling; to whom you made your request; whether it was in writing; what you wrote/said; and the response (if any) you received. Please be aware that the facility may require that you explain why you want to receive counseling, so you will have to decide what you feel comfortable sharing.

You may want to contact a local rape crisis center for information and counseling via phone or by mail. JDI's *Resource Guide* contains a listing of rape crisis centers in your area that are willing to work with survivors of sexual assault behind bars. If you do not see a center listed in your area, contact the state sexual assault coalition to inquire which rape crisis center provides services in your area.

**4. I contacted a few of the organizations listed in JDI's *Resource Guide* but never heard back from them. What's going on?**

All of the organizations listed in the *Resource Guide for Survivors of Sexual Abuse Behind Bars* have agreed to help incarcerated survivors. If you have not received a response within 2-3 weeks, you may want to write the organization again to inquire if they received your first letter and to explain again why you need help. Remember that most of the organizations listed have limited resources and are asked to help a large number of people, so it may take a while for them to respond to you.

If you still have not received a response after sending a follow-up letter, please let JDI know to whom you sent your letters (including the dates of your letters and the address to which you sent them) so that we can follow-up with the organization.

***

ACKNOWLEDGES THERES NOTHING IN THE ORDER REGARDING ANY CLASSES -

ROSEN BIEN GALVAN & GRUNFELD LLP

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Penny Godbold
Email: pgodbold@rbgg.com

RECEIVED COMP GRIEVANCES

May 20, 2021

Tremaine Carroll (H73384)
Mule Creek State Prison
P.O. Box 409099
Ione, CA 95640

**PRIVILEGED AND CONFIDENTIAL**

**SUBJECT TO PROTECTIVE ORDERS**

Re: *Armstrong v. Newsom:* Stipulation Regarding Transfer to Women's Prison
Our File No. 0581-03

Dear Ms. Carroll:

Thank you for meeting with me on Monday, May 17, 2021 to discuss your request to enter a stipulation with CDCR to modify the Court's orders regarding your placement at MCSP to allow for your transfer to women's prison. *See* Dkts. 3124, 2991. Based on our meeting on Monday, you rejected language proposed by CDCR as too broad and allowing transfer without due process. During our meeting you and I discussed language that you would agree to as an additional condition allowing CDCR to transfer you from a women's prison in very limited circumstances including if "**CDCR has management or security concerns resulting from any guilty finding of a rule violation that was not present or previously documented in [your] record and which directly infringes on the health and safety of the individuals in the women's prison and thus necessitates transfer in accordance with the Court's July 10, 2020 order (Dkt. 2976).**"

As we discussed during our meeting, you were advised that this provision provides CDCR with the additional ability to transfer you back to MCSP pursuant to the original court order based on a guilty finding for any RVR that raises management or security concerns implicating the health or safety of the individuals housed in the women's prison.

You were also advised that Defendants are not required to obtain approval from Plaintiffs' counsel prior to transferring you pursuant to this provision.

You were also advised that, given this additional ability to transfer you back to MCSP, Plaintiffs' counsel will be unable to challenge any CDCR decision to transfer you

back to MCSP based on a guilty finding for any RVR that raises management or security concerns implicating the health or safety of the individuals housed in the women's prison.

I have sent the draft stipulation with the language you proposed and agreed to during our meeting to CDCR and I am awaiting approval. If CDCR approves, I will arrange to also obtain your signature on the stipulation. As discussed, I also need your written permission on file. I do still have your handwritten note confirming your agreement but also ask you to please sign below indicating that you understand and agree with the proposed modifications to the court order and you wish to move forward with signing the stipulation. I am including an envelope for you to return the signed agreement. I will not move forward with the stipulation until I confirm your agreement.

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Penny Godbold*

By: Penny Godbold

Encl.: SASE

DATED: May __, 2021

________________________________
Tremaine Carroll, H73384

[3736097.1]

PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Executive Director:*
Margot Mendelson

*Attorneys:*
Rana Anabtawi
Patrick Booth
Tess Borden
Steven Fama
Mackenzie Halter
Alison Hardy
Sophie Hart
Marissa Hatton
Jacob Hutt
A.D. Lewis
Rita Lomio
Donald Specter

# LEGAL MAIL - CONFIDENTIAL

April 19, 2024

T. Carroll, WH2575
CCWF
PO Box 1508
Chowchilla, CA 93610

Dear Ms. Carroll:

We received your letter on February 28, 2024. We also received emails from people who were concerned about your well being. We hope that you are doing ok.

Are you still dealing with water leakage in your cell? If so, have you told staff or filed any paperwork requesting the issue be addressed? If this is still a problem and you haven't yet filed a grievance, we recommend you do so. We're enclosing a blank grievance, in case it's helpful.

We were also told that you have been having seizures. Is this still happening?

Were you able to get your hearing aids and glasses? We encourage you to submit an 1824 request and let us know if not.

We keep track of staff harassment and appreciate you keeping us in the loop. If you have any updates, you can send them to us, although we can't guarantee we will be able to help. You should write to us if you experience any disability discrimination.

Please take care.

Sincerely,

Dewi Zarni

Dewi Zarni
Litigation Assistant under Sophie Hart and Marissa Hatton

Enclosures: 602; Arm Leaking

**Board of Directors**
Jason Bell • Vanita Gaonkar • Nick Gregoratos • Christianne Hipps
Jean Lu • Claire McDonnell • Seth Morris • Vishal Shah • Adrienne Yandell

DETENTION

Dear Service Provider,

As you may already know, your organization is listed in Just Detention International's *Resource Guide for Survivors of Sexual Abuse Behind Bars* — a state-by-state listing of rape crisis programs; HIV/AIDS, LGBT+, and legal service organizations; and government agencies. To request JDI's Resource Guide, please visit https://justdetention.org/resources/survivor-resources/how-we-can-help/.

Survivors of sexual abuse in detention are often desperate for help in the aftermath of a sexual assault, yet many do not have access to hotlines or other forms of confidential crisis services. Most incarcerated survivors must reach out via letters, like this one. We understand that your resources may be limited, but incarcerated survivors — like those in the community — depend on support and information from agencies like yours. As such, we hope that you will respond to the enclosed letter, offering whatever services you can.

If you have any concerns or would like additional information about working with people who have been sexually abused in custody, please contact Leelyn Aquino, JDI's Operations Director, at laquino@justdetention.org or 213-384-1400 ext. 110. If your organization is no longer able to help survivors of prisoner rape, please let us know as soon as possible.

Thank you in advance for your attention to the enclosed letter and for your commitment to working with this underserved population of survivors.

Sincerely,

Linda McFarlane, LCSW
Executive Director
Just Detention International

RAPE IS NOT PART OF THE PENALTY

 CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** CARROLL, TREMAINE D.

**CDC#:** H73384

**Date:** 05/10/2024

**Current Location:** KVSP-Facility C

**Current Area/Bed:** C 004 1131001L

**From:** Office of Grievances at Central California Women's Facility

**Re:** Log # 000000562343

The California Department of Corrections and Rehabilitation Office of Grievances at Central California Women's Facility received your grievance on 05/10/2024. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 07/10/2024.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

GRIEVANCE
CDCR 602-1 (Rev. 01/22)

CONTINUATION PAGE

Page 1 of 2

| | OGT Log No: 562343 Date Received: |
|---|---|
| | Decision Due Date: |
| | Categories: |

Claimant Name: CARROLL, J. CDCR #: WH2575

Institution/Parole Region: KVSP CARROLL Current Housing/Parole Unit:

RECEIVED
MAY 1 0 2024
CCWF
GRIEVANCE OFFICE

Use this form to file a complaint with the Department.

In order for the Department to understand your complaint, please answer all of the following questions:

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- What specific action would resolve your complaint?

KERN VALLEY STATE PRISON
MAY 1 0 2024
INMATE APPEALS OFFICE

NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).

STAFF COMPLAINT / PREA
AFTER BEING SEXUALLY/PHYSICALLY ASSAULTED BY KVSP STAFF ON 04/20/24 AND 04/22/24, AND CCWF STAFF 04/19/24 AND 04/20/24, I RECEIVED NO MENTAL HEALTH TREATMENT OR CONSIDERATION PER PREA POLICY, IN CDCR'S EFFORT TO COVER THIS UP LIKE THE GREEN WALL DOES.
I NEED A HIGHER LEVEL OF CARE AND TREATMENT FOR RAPE TRAUMA SYNDROME. IN JANUARY I WAS SEXUALLY ASSAULTED BY I/M BENNETT. THE LAST TIME I WAS AT KVSP I WAS SEXUALLY/PHYSICALLY ASSAULTED BY STAFF AND INMATES.
EACH TIME I HAVE TO GO OUT I START HAVING PANIC ATTACKS BECAUSE I KNOW IM GOING TO BE FONDLED DURING SEARCHES AND STRIP OUTS BY MALE OFFICERS EVEN THOUGH I HAVE FEMALE SEARCH PREFERENCE.
ITS ALSO TRAUMATIZING TO KNOW AT ANY POINT I

ADA Accessible

[illegible] CONTINUATION PAGE [illegible]

GRIEVANCE

CDCR 602-1 (Rev. 01/22)

[illegible]

ANYONE [illegible] [illegible] [illegible] AND [illegible]

NEED FOR PLACEMENT [illegible] HIGHER LEVEL OF CARE. CDCR HAS CONTINUOUSLY FAILED TO PROVIDE ME OR ANY OTHER VICTIMS OF STAFF SEXUALLY ABUSE WITH ADEQUATE MENTAL HEALTH TREATMENT FOR THE TRAUMA SYNDROME. THAT MENTAL HEALTH [illegible] SHOULD COME FROM OUTSIDE OF [illegible] [illegible] FEEL SAFE TALKING TO STAFF WHO HAVE TIES TO THE STAFF THAT ABUSE US. AT [illegible] [illegible] STAFF ARE ABUSING [illegible] [illegible]

CDCR/KVSP [illegible] TO [illegible] ME [illegible] FROM [illegible] [illegible]

KVSP WARDEN NEEDS TO TALK TO ME SO WE CAN GET ME SENT [illegible] FOR I'M MENTALLY PHYSICALLY AND SEXUALLY [illegible] I WILL CONTINUE TO [illegible] NON-EVENT [illegible] BECAUSE THE COUNSELOR [illegible] THAT ONLY A DISCLAIMER AND CDCR [illegible] YOU [illegible] [illegible] I WOULD KILL MYSELF [illegible] [illegible] [illegible]

[illegible]

PLACEMENT [illegible] IS NOT AN OPTION.

Claimant Signature: [illegible] Date: [illegible]

CDCR 128-B (Rev. 4/74)

NAME: CARROLL NUMBER: WH2575/H73384 HOUSING: KVSP-004-131-1L

On Wednesday, May 01, 2024, The Central California Women's Facility (CCWF) Investigative Services Unit (ISU) received notification from Prison Rape Elimination Act (PREA) Locally Designated Investigator (LDI) Lieutenant J. Collier had completed an investigation into your PREA allegation: PREA Log Number: **CCWF-PREA-24-01-019.**

The Conclusion of the investigation was: ☐Sustained ☒Unsubstantiated ☐Unfounded

The Subjects Status: (If Applicable)

**☐Staff**

☐Has been removed from Unit/Facility

☐Has been terminated from employment

☐Has been indicted on the allegations of misconduct

☐Has been convicted of the allegations of misconduct

**☒Inmate**

☒Moved to another housing unit or another facility

☐Indicted on allegations of sexual violence

☐Convicted on charges of sexual violence

RTS 5/1/24 1147hrs.

Inmate Signature

J. COLLIER
Locally Designated Investigator
Central California Women's Facility

Date:5/1/2024 General Chrono

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** CARROLL, TREMAINE DEON **Date:** 05/14/2024
**CDC#:** H73384
**Current Location:** KVSP-Facility C **Current Area/Bed:** C 004 1 - 131001L

**Log #:** 000000541978

**Claim #: 001**
**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Offender Classification **Sub-Category:** Administrative Segregation

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 001:
Your claim concerning Offender Classification;Administrative Segregation is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of multiple grievances log #s 516096, 516104, 516180, 522872, 522872, 522870, and 524174, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 002**
**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Facilities **Sub-Category:** Other Facilities Issue - NOS

**I. CLAIM**

Claimant alleges that on unknown date at 0200 hours, they were brought out of cell 119 without a supervisor present and was illegally handcuffed in waist restraints without safety locks placed on.

**II. RULES AND REFERENCES**

**A. CONTROLLING AUTHORITY**

Department Operations Manual (Special Placements-Section: 62050)
California Code Regulation (CCR-3268.2-Use of Restraints)

**B. DOCUMENTS CONSIDERED**

CDCR 602 Inmate/Parolee Appeal Form Log# 541978, Claim# 002
Building 504 Entry Logbook: 3/18/2024
Audio Video Surveillance System
Bed Assignment

**III. REASONING AND DECISION**

All available evidence regarding your claim have been reviewed. Based on staff interviews and the information obtained regarding this grievance, it was determined this grievance is (Denied) for the following reasons.

A review of the inmate Bed Assignment indicates that Inmate Carroll was assigned to Facility A Building 504 (Restricted Housing Unit) dated 3/10/2024 in cell 119 and moved out from the assigned room on 4/19/2024 during the allege allegation.

A review of the Audio Video Surveillance System showed Correctional Officers D. Mays and W. Moua began to remove inmate from the affected flooded rooms at approximately 0302 hours. At approximately 0315-0322 Officer Moua and Mays was at Inmate Carroll's assigned Cell 119. Officer Moua retrieves a waist restraint and began to apply it on to Inmate Carroll. At the completion of securing Inmate Carroll in waist restraints Inmate Carroll was removed from the cell. Officers entered the room and began cleaning out the water inside cell 119. At the completion of the cleaning, Inmate Carroll was escorted back to her assign room. Moments later, AVSS showed staff utilizing their institutional radio to notify Central Control of a Medical Emergency. Officer Moua was seen applying the waist restraints on Inmate Carroll and removed Inmate Carroll from the room awaiting the arrival for medical staff to assess Inmate Carroll.

A review of Building 504 Logbook for Inmate Carroll's interactions notated on 3/18/2024, Inmate Carroll was removed from her assigned cell approximately 0340 hours by Correctional Officers D. Mays and W. Moua due to an inmate in cell 117 had flooded the tier and Correctional Sergeant R. Godin authorized the removal of inmates willing to be escorted out to have the cell clean.

Evidence gathered, along with interviews conducted with staff and inmate did not produce sufficient evidence that staff violated policy. Audio Video Surveillance System indicated Inmate Carroll was properly remove from the cell in waist restraints and sufficient staff was present. Departmental Operation Manual for Building 504 Special placement, section 62050 stated in part, under Escort, staff maybe authorized to conduct escorts within the GP RHU, utilizing one Correctional Officer per inmate unless the inmate has been deemed for doubles escort. Therefore, this claim is denied due to insufficient evidence staff did violate any policy procedure or regulations.

**IV. Comments**

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| A. Padilla [PAAL014] | Reviewing Authority | 05/09/2024 |

**Claim #: 003**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Facilities **Sub-Category:** Other Facilities Issue - NOS

**I. CLAIM**

It is the claimant's position cell 119 flooded and they were placed back in the cell when the floors were still wet, resulting in juries from the claimant slipping. Alleges that when they returned from 805 to room 119 the room was still wet and they fell resulting in another seizure, unsure how long they were on the floor for but was soaking wet at breakfast.

**II. RULES AND REFERENCES**

**A. CONTROLLING AUTHORITY**

M-0371 Emergency Medical Response System 2023.

B. General instructions
1. All staff has the authority to initiate a 9-1-1 call for EMS
2.Any individual who encounters a medical emergency is responsible for summoning assistance by the most expeditious means available, e.g., Personal alarm device (PAD), radio, whistle, shouting, or telephone.
3.Any patient may request medical attention for an urgent/emergent health care need from any CDCR or CCHCS employee. The Employee shall in all instances, notify health care staff without unreasonable delay.

**B. DOCUMENTS CONSIDERED**

Grievance Log # 541978, Claim # 003. Dated 11/3/2023.
M-0371 Emergency Medical Response System 2023.

**III. REASONING AND DECISION**

Carroll did not provide a specific day or time for this grievance; Therefore, The Audio Video Surveliance System (AVSS), footage was not available. Carroll did not provide any specific staff for this grievance; Therefore, Body Worn Camera (BWC) footage was not available. Carroll refused to be interviewed; consequently, I was unable to substantiate or gather any information regarding this grievance.

**IV. Comments**

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| A. Gonzales [GOAR004] | Reviewing Authority | 05/13/2024 |

**Claim #: 004**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** General Employee Performance **Sub-Category:** Substandard Performance

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

**Claim #: 005**

**Received at Institution/Parole Region:** Central California Women's Facility

**Submitted to Facility/Parole District:** CCWF-Facility A

**Housing Area/Parole Unit:** A 504 1

**Category:** Offender Services **Sub-Category:** Other Services - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024. Your request for an interview, item, assistance, or service was redirected to appropriate staff in accordance with the California Code of Regulations, title 15.

Your request will be addressed by appropriate staff at Central California Women's Facility, as determined by the Reviewing Authority.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Redirected**

**Claim #: 006**

**Received at Institution/Parole Region:** Central California Women's Facility

**Submitted to Facility/Parole District:** CCWF-Facility A

**Housing Area/Parole Unit:**

**Category:** Offender Safety and Security **Sub-Category:** Use of Force

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 006:
Your claim concerning Offender Safety and Security;Use of Force is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of a prior claim you already submitted, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

| STAFF USE ONLY | Grievance #: 541973 Date Received: |
|---|---|
| | Date Due: |
| | Categories: |

*This is the process to ask for help with a complaint.*

**Claimant Name:** CARROLL, T **CDCR #:** WH2575 **Current Housing/Parole Unit:** 504-119

**Institution/Facility/Parole Region:** CCWF

**In order for the Department to understand your complaint, make sure you have answered the following questions:**

RECEIVED
APR - 2 2024
CCWF
GRIEVANCE OFFICE

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.*
- *What specific action would resolve your complaint?*

PREA / STAFF COMPLAINT / UNNECESSARY EXCESSIVE USE OF FORCE / FALSIFYING DOCUMENTS / SB132
ON MULTIPLE OCCASIONS, WHILE HOUSED (ILLEGALLY) IN CCWF SOLITARY CONFINEMENT, I'VE SUFFERED SEIZURES THAT RESULTED IN INJURIES DUE TO STAFF NEGLECT.
I WAS RECENTLY ILLEGALLY AND AGAINST CDCR POLICY BROUGHT OUT OF CCWF-504-119 ON FIRST WATCH AT APPROXIMATELY 0200 HRS WITH NO SGT. NOR SUPERVISOR PRESENT - CELL 119 AND OTHERS WERE FLOODED.
I WAS ILLEGALLY HANDCUFFED IN WAIST RESTRAINTS WITHOUT THE SAFETY LOCKS PLACED ON.
CELL 119 WAS SUPPOSED TO BE COMPLETELY DRY BEFORE I WAS PUT BACK IN. HOWEVER, THE FLOOR WAS WET STILL.
WHEN TRYING TO GET OUT OF MY WHEELCHAIR, I SLIPPED ON THE WET FLOOR, HIT MY HAND AND HAD A SEIZURE INJURING MY HEAD, SHOULDER, BACK, NECK AND WRISTS.
I DONT KNOW IF MY WRIST WAS ONLY INJURED AS A RESULT OF THE HANDCUFFS TIGHTENING ON THEM FROM THE FALL AND SEIZURE OR WHAT.

STATE OF CALIFORNIA
GRIEVANCE FORM
CDCR 602-1 (03/20)

I WAS EVENTUALLY TAKEN TO BOS WHERE THE NURSE REFUSED TO DO A 7219 BECAUSE IT WOULD SHOW THE INJURIES TO MY WRIST AND SHOULDER. NO SGT. NOR SUPERVISOR WAS PRESENT IN SOY [illegible] PRIOR TO ME BEING TAKEN TO BOS.
UPON RETURN FROM BOS ROOM [illegible] WAS STILL WET. AN OFFICER WENT IN TO TRY TO GET UP SOME OF THE WATER. I SUBSEQUENTLY FELL AND HAD ANOTHER SEIZURE. I DONT KNOW HOW LONG I WAS ON THE FLOOR BUT I WOKE UP SOAKING WET AT BREAKFAST.
IM NOT SURE IF UNNECESSARY EXCESSIVE USE OF FORCE WAS USED ON ME AT ANY POINT OF THIS BUT IM ASKING THAT ALL AVSS AND BODY CAM FOOTAGE BE PRESERVED FOR THE ENTIRETY OF THIS SITUATION AND FOR THE DURATION OF THIS GRIEVANCE AND POTENTIAL CIVIL ACTION.
I DO KNOW THERE WERE MAJOR CDCR POLICY VIOLATIONS THROUGHOUT THIS PROCESS, INCLUDING BUT NOT LIMITED TO HOW I WAS HANDCUFFED. THE HANDCUFFING SITUATION SEEMED INTENTIONAL AND TO RETALIATE AGAINST ME FOR FILING A LAWSUIT ABOUT ME BEING [illegible] HANDCUFFED FOR (3) DAYS AT RJD.
DOCUMENTS WERE FALSIFIED REGARDING THIS INCIDENT THAT'LL BE CONTRADICTED BY AVSS AND THEY WILL NOT ONLY SHOW HOW CCWF BUDDY SYSTEM / GREEN WALL WORKS IN COVERING UP FOR EACH OTHER AND FALSIFYING DOCUMENTS [illegible] IT'LL SHOW HOW DOCUMENTS [illegible] DOESN'T APPLY WHEN [illegible] RECKLESS ENDANGERMENT [illegible] AGAINST ME AND SB132 INMATES [illegible]

Reminder: Please attach all documents in your possession that support your claim(s) [illegible]
Please note that this form and supporting documents will not be returned to you [illegible]

Claimant Signature: [signature] Date Signed: 03/29/[illegible]

DISTRIBUTION: Original: Offender's File; Copies: OAI, OAPO [illegible]

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 08:14 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Terry Yharbrough on 02/10/23 14:37 PST

4:35

amp.sacbee.com

RECEIVED

APR - 2 2024

CCWF
GRIEVANCE OFFICE

Pallares could not be reached at two cellphones listed under his name Tuesday.

CDCR said investigators are looking into allegations of misconduct involving Pallares "and has found no evidence to sustain it. The investigation is ongoing."

He was replaced by Acting Warden Pat Vazquez on Jan. 23, Simas wrote.

Ads by Google

Why this ad?

One allegation stems from claims by inmate Tremaine Deon Carroll, who told The Bee in interviews that she was subjected to sexual abuse by staff at the prison. Two days after she spoke to Rocklin attorney Robert Chalfant about her claims she was placed in administrative segregation in retaliation, Carroll said.

"One staff member was harassing me on a

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

RECEIVED
APR - 2 2024
CCWF
GRIEVANCE OFFICE

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | MEPD | FACILITY | HOUSING LOCATION |
|---|---|---|---|---|
| WH2575 | CARROLL, TREMAINE D. | 07/28/2026 | CCWF-Facility A | CCWF-A - A 504 1 - 119001L |

| VIOLATION DATE | VIOLATION TIME | VIOLATION LOCATION |
|---|---|---|
| 03/21/2024 | 14:00:00 | CCWF-Facility B - CELL |

INMATE NOTIFICATION

POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ☐ Refuse to Sign ☐ Unable to Sign | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ☐ Refuse to Sign ☐ Unable to Sign [signature] | 3/29/24 |
| ☐ I REVOKE my request for postponement. | ☐ Refuse to Sign ☐ Unable to Sign [signature] | [illegible] |

STAFF ASSISTANT

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ☐ Refuse to Sign ☐ Unable to Sign | |

INVESTIGATIVE EMPLOYEE

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☑ REQUESTED ☐ WAIVED BY INMATE | ☐ Refuse to Sign ☐ Unable to Sign [signature] | 3/29/24 |

SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS

UNCONTAMINATED
WHEN GIVEN TO STAFF
04/01/24

CARROLL, TREMAYNE #H73384
KVSP, C4-131
P.O. BOX 5104
DELANO, CA 93216

UNITED STATES DISTRICT COURT

CARROLL, T.,
PLAINTIFF

CDCR, SGT. BROWNE,
AW MIKE PALLARES,
SGT. CONTRERAS, GREG
RODRIGUEZ, ET. AL.
DEFENDANT(S)

CASE NO. 1:23-cv-00974-NODJ
FILING FEES/IFP, RETURN OF DOCUMENTS, UNPUBLISHED BOOK RESCIND DOCUMENTS.

05/22/24, 1000 HRS

PLAINTIFF CARROLL IS AN ADA, SB132 TRANSWOMAN WHO WAS RECENTLY RETURNED TO MENS PRISON IN RETALIATION FOR REPORTING BEING THE VICTIM OF EMPLOYEE SEXUAL MISCONDUCT AND FOR BEING A VICTIM/PLAINTIFF/WITNESS IN THE ABOVE ENTITLED CASE NUMBER. PLAINTIFF CONTENDS SHE PAID $402 FILING FEE TO NELSON HUNT AND THE JUSTICE FIRM, YET THIS COURT IS TAKING FUNDS FOR IFP. PLAINTIFF(S) HAVE LEARNED THE JUSTICE FIRM SOLD THEIR CASES TO LARGER LAW FIRMS SO PLAINTIFF WANTS UNPUBLISHED BOOK AND ALL DOCUMENTS RETURNED. PLAINTIFF RESCINDS PERMISSION FOR ANY DOCUMENTS CONCERNING PLAINTIFF OR AUTHORED BY PLAINTIFF FOR OTHER PLAINTIFFS TO BE USED. PLAINTIFF AGAIN REQUEST TRO, AS PLAINTIFF WAS SEXUALLY ASSAULTED BY KVSP/CDCR STAFF AT GUNPOINT ON 04/20/24 & 04/22/24. THE ABOVE IS TRUE TO MY KNOWLEDGE.

T (IN PRO-SE)
05/22/24

P.C. 1250

SEPERATE
CASE NUMBER
1:23-cv-00004-GAS

CARROLL, TREMAINE #H73384
KVSP, C4-131
P.O. BOX 5104
DELANO, CA 93216

UNITED STATES DISTRICT COURT

CARROLL, T.,
PLAINTIFF

CDCR, ET. AL.,
DEFENDANT(S)

CASE NO. 1:23-cv-00004-GAS
OBJECTION TO COURTS LAST RULING, PERMISSION TO FILE AMENDED COMPLAINT, EXTENSION OF TIME AND APPOINTMENT OF COUNSEL PRELIMINARY INJUNCTIVE RELIEF, TRO
05/21/24 2100 HRS.

PLAINTIFF CARROLL IS AN INDIGENT HEARING/MOBILITY TRANSWOMAN RECENTLY SENT BACK TO MENS PRISON, IN VIOLATION OF SB132, IN RETALIATION FOR REPORTING BEING ONE OF THE MANY VICTIMS IN THE CCWF SEXUAL ABUSE SCANDAL/LAWSUIT (1:23-cv-00974-NODJ). PLAINTIFF OBJECTS TO COURTS RULING(S) AND PRAYS IT GRANTS PERMISSION/TIME TO FILE AMENDED COMPLAINT. PLAINTIFF ALSO ASKS COURT TO APPOINT JOE GOETHALS LEGAL, WHO'S TAKEN OVER CASE NO. 1:23-cv-00974. PLAINTIFF WANTS TO JOIN CASES. ON 04/20/24 AND 04/22/24, PLAINTIFF WAS SEXUALLY ASSAULTED BY KVSP AT GUNPOINT AND THEY TURNED BODY CAMERAS OFF. PLAINTIFF PRAYS FOR PRELIMINARY INJUNCTIVE RELIEF AND TRO FROM CDCR.

THE ABOVE IS TRUE TO MY KNOWLEDGE.

[signature] (IN PRO-SE)
05/21/24

JMG

GOETHALS LEGAL

1131 Howard Ave.
Burlingame, CA 94010

joe@goethalslegal.com
650.218.4319

April 26, 2024

Tremaine Carroll:

I hope this letter finds you well. Thank you for considering GOETHALS LEGAL, PC to represent you with your legal matter. We look forward to protecting you and your civil rights. Enclosed are five documents to sign.

First is a Retention Agreement that legally bunds us to attorney-client-privilege and outlines the contract between us. Please initial and sign.

Second is an Authorization of Attorney that we can show as proof that we represent you without having to show the retention agreement. Please sign.

Third is the Substitution of Attorney document that shows proof that you have agreed to switch attorneys regarding this matter. Please sign.

Fourth is Joint Client Consent Form that makes you aware of the pros and cons of a joint prosecution. Please sign.

Fifth is a HIPAA form so we can collect any medical records on your behalf.

Please review, initial, and sign all documents and return in the provided return envelope. Thank you. As always, please feel free to reach out if ever have any questions or concerns.

Very truly yours,

GOETHALS LEGAL, PC

JOSEPH M. GOETHALS



ROSEN BIEN
GALVAN & GRUNFELD LLP

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Gay Crosthwait Grunfeld
Email: ggrunfeld@rbgg.com

January 4, 2022

VIA CERTIFIED MAIL

The Honorable George Gascón
District Attorney
County of Los Angeles
211 W. Temple Street, Suite 1200
Los Angeles, CA 90013

Re: Letter of Support for Resentencing of Tremaine Carroll, WB1153
Our File No. 0581-04

Dear Mr. Gascón:

We met at the Ninth Circuit Conference in Big Sky, Montana in the summer of 2016. Since then, I have closely followed your efforts toward criminal justice reform and applaud your ongoing and outstanding work.

I write respectfully to urge you to reevaluate and consider resentencing Tremaine Carroll, CDCR No. WB1153 pursuant to Penal Code § 1170(d)(1).

Ms. Carroll was sentenced in Los Angeles in 1999 to 25 years to life with the possibility of parole for a third-strike conviction on one count, Penal Code § 487(A). *See* enclosed Abstract of Judgment. Ms. Carroll, who is 49-years old, transgender, uses a wheelchair, and has multiple Covid-19 risk factors and health conditions, has been incarcerated for 22 years.

I have gotten to know Ms. Carroll through our firm's role as Plaintiffs' counsel in the disability rights lawsuit *Armstrong v. Newsom* pending before the U.S. District Court of the Northern District of California, Case Number 94-cv-02307. The *Armstrong* Court found that California's prison and parole systems violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 by discriminating against prisoners and parolees with mobility, sight, hearing, learning, mental and kidney disabilities. The case has resulted in a number of important district court and appellate

decisions. *See, e.g., Armstrong v. Wilson*, 942 F. Supp. 1252 (N.D. Cal. 1996), *aff'd* 124 F.3d 1019 (9th Cir. 1997).

We first began working closely with Ms. Carroll in late 2019 when she agreed to testify that officers at Richard J. Donovan Correctional Facility ("RJD") had left her in her cell, in handcuffs, for more than 48 hours over the Thanksgiving holiday. Ms. Carroll also submitted testimony about the brutal assault on another prisoner, Donald Allen, about whom I wrote you in a letter dated January 29, 2021. Ms. Carroll took a courageous step forward to testify against officers at RJD, both about abuse she suffered personally and abuse she had witnessed against other incarcerated people. In the weeks and months that followed her testimony, Ms. Carroll suffered greatly for her courage and willingness to speak out against injustice and for working with our office. Among other forms of reprisal, Ms. Carroll has been issued a barrage of false Rules Violation Reports ("RVRs") by staff at several prisons in retaliation for her efforts to hold staff accountable for misconduct.

Based on Ms. Carroll's testimony, along with the testimony of other witnesses, we filed a Motion for Temporary Restraining Order (TRO) to transfer Ms. Carroll out of RJD for her safety. The District Court Judge presiding over the *Armstrong* case, the Honorable Claudia Wilken, found Ms. Carroll's declaration persuasive and credible, and issued a 50-page opinion relying in part on Ms. Carroll's declaration. *See Armstrong v. Newsom*, 475 F. Supp. 3d. 1038 (N.D. Cal. 2020). In her July 30, 2020 opinion, Judge Wilken found that officers at RJD had retaliated against Ms. Carroll for her participation in the litigation and ordered that she be transferred to a safer prison. Judge Wilken's opinion is one of the only decisions we are aware of finding a correctional entity liable under the Americans with Disabilities Act for retaliation. Without Ms. Carroll's courage, this important opinion would not have been written.

Since the Court issued its order granting in part our Motion for Temporary Restraining Order, Ms. Carroll has encountered additional instances of abuse and retaliation which are documented in further declarations filed with the Court. The Court relied on Ms. Carroll's declarations (6 in total) in part in issuing several orders finding that the conditions at six CDCR institutions violated the Americans with Disabilities Act ("ADA"), *see Armstrong v. Newsom*, 484 F.Supp.3d 808 (2020); 2021 WL 930454 (Mar. 11, 2021); 2021 WL 933106 (Mar. 11, 2021), and ordering CDCR to develop remedial plans for the six prisons that include the installation of video surveillance and deployment of body-worn cameras at the prison.

As you recognized in your Special Directive 20-14, justice demands that persons convicted and sentenced under our previous, flawed systems of justice be entitled to the benefits of your new charging and sentencing policies. Ms. Carroll meets several of the

criteria set forth in your Special Directive, including: 1) incarceration for greater than 15 years; 2) sentencing enhancements no longer sought under your office's new Sentencing Policy; and 3) persons at enhanced risk of COVID-19 infection.

Pursuant to your Special Directive, and in the interest of justice, we urge you to petition the Los Angeles Superior Court recommending the recall and resentencing of Ms. Carroll. Ms. Carroll has rendered a great service to people with disabilities in prison. She endured physical brutality and stood firm against retaliation. She has repeatedly sacrificed her own safety and put her well-being on the line in order to advocate for her peers. She has also played an important role in our efforts to change the culture in CDCR prisons.

We are happy to answer any questions you may have.

Very truly yours,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Gay Crosthwait Grunfeld*

By: Gay Crosthwait Grunfeld

GCG:cg
Enclosure
cc: Tremaine Carroll



P.O. Box 390
San Francisco, California 94104-0390
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

July 8, 2020

Tremaine Carroll, H73384
R.J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179-0001

CONFIDENTIAL – LEGAL MAIL

Re: *Armstrong v. Newsom*
Our File No. 0581-03

Dear Ms. Carroll:

I write to summarize our confidential telephone call on July 7, 2020. During the call, we discussed the Court's July 2, 2020 Temporary Restraining Order and possible placement options for you as outlined in CDCR's proposed plan, which we received on July 6, 2020. As I explained to you, the proposed plan from CDCR was to transfer you to Mule Creek State Prison ("MCSP"), Facility B, which is a Level III EOP yard. You stated that you did not want to be housed on MCSP's Level III EOP yard because there are no cameras. You expressed that your priorities for placement are as follows:

a. Release to the community
b. Transfer outside of CDCR
    i. You expressed that while CDCR arranges for out-of-jurisdiction transfer, you would prefer to be at Facility B at MCSP rather than at RJD.
    ii. While I discussed at length the risk of being sent anywhere in the country and the possibility that placement could be as bad or worse than RJD in terms of mental health care, medical care, transgender phobia etc., you acknowledged and accepted those risks and still preferred to be transferred outside of CDCR, which means you could end up on in a prison anywhere in the United States.
c. Placement on a yard within CDCR that has security camera coverage
d. Placement at MCSP Facility B
e. Remaining at RJD

We will be meeting with CDCR on July 8 at 11 a.m. to discuss their proposed plan, and represent your interests. We will make clear your preferences. Before agreeing to any plan, we will ensure that we have an opportunity to speak with you to obtain your consent.

[3574222.1]

Please call me as soon as possible if you disagree with anything I have said in this letter, though I anticipate we will speak by phone before you receive this letter.

Thank you for your bravery in submitting declarations in opposition to staff misconduct at CDCR, and take care.

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Michael Freedman*

By: Michael Freedman

PG:jrg
Encl.: SASE

 CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** CARROLL, TREMAINE DEON **Date:** 05/14/2024

**CDC#:** H73384

**Current Location:** KVSP-Facility C **Current Area/Bed:** C 004 1 - 131001L

**Log #:** 000000548962

## Claim #: 001

**Received at Institution/Parole Region:** Central California Women's Facility

**Submitted to Facility/Parole District:** CCWF-Facility A

**Housing Area/Parole Unit:**

**Category:** General Employee Performance **Sub-Category:** Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

## Claim #: 002

**Received at Institution/Parole Region:** Central California Women's Facility

**Submitted to Facility/Parole District:** CCWF-Facility A

**Housing Area/Parole Unit:**

**Category:** General Employee Performance **Sub-Category:** Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

**Claim #: 003**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Services **Sub-Category:** Other Services - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 003:
Your claim concerning Offender Services;Other Services - NOS is rejected for the reason or reasons indicated below:

This claim regarding Correctional Sergeant Brown and Correctional Sergeant Contreras should not be investigating your PREA allegations is substantially duplicative of grievance log # 541982, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 004**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Classification **Sub-Category:** Transfer Issue or Transfer Requests

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 004:
Your claim concerning Offender Classification;Transfer Issue or Transfer Requests is rejected for the reason or reasons indicated below:

This claim regarding your request to have all PREA victims transferred out is substantially duplicative of Grievance log # 382637 and 448351, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 005**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Services **Sub-Category:** Other Services - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 005:

Your claim concerning Offender Services;Other Services - NOS is rejected for the reason or reasons indicated below:

This claim regarding CMF Sergeant Arumbula being in collusion with CCWF hiring Authority to manipulate inmates into making false Confidentials against you is substantially duplicative of Grievance log # 541977, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 006**

**Received at Institution/Parole Region:** Central California Women's Facility

**Submitted to Facility/Parole District:** CCWF-Facility A

**Housing Area/Parole Unit:** A 504 1

**Category:** Offender Resources **Sub-Category:** Other Resources - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 006:
Your claim concerning Offender Resources;Other Resources - NOS is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of # 528126, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 007**

**Received at Institution/Parole Region:** Central California Women's Facility

**Submitted to Facility/Parole District:** CCWF-Facility A

**Housing Area/Parole Unit:** A 504 1

**Category:** Offender Services **Sub-Category:** Allegation against Inmate/Parolee

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 007:
Your claim concerning Offender Services;Allegation against Inmate/Parolee is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of Grievance log # 514412, 519197, 519832 and 521087, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 008**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** General Employee Performance **Sub-Category:** Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

**Claim #: 009**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** B 507 1
**Category:** General Employee Performance **Sub-Category:** Substandard Performance

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**GRIEVANCE**
CDCR 602-1 (03/20)

Page 1 of 2

| STAFF USE ONLY | Grievance #: 5439160 Date Received: |
|---|---|
| | Date Due: |
| | Categories: |

*This is the process to ask for help with a complaint.*

Claimant Name: CARROLL, T CDCR #: WH2573 Current Housing/Parole Unit: 504-119

Institution/Facility/Parole Region: CCWF

In order for the Department to understand your complaint, make sure you have answered the following questions:

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.*
- *What specific action would resolve your complaint?*

RECEIVED
APR 1 6 2024
CCWF
GRIEVANCE OFFICE

PREA / STAFF COMPLAINT
IT WAS BROUGHT TO MY ATTENTION THAT CCWF STAFF, INCLUDING HIRING AUTHORITY, PREA COMPLIANCE MANAGER, CPT. SEAGAR, LT. VOGEL, LT. VILLEGAS, SGT. BROWNE, SGT. CONTRERAS AND OTHERS INSTRUCTED SAN JOAQUIN SART EXAMINER TO DEAL WITH ME AS A SUSPECT, NOT A VICTIM AND TO NOT SWAB THE AREAS I TOLD THEM I/M BENNET KISSED, LICKED, SUCKED, TOUCHED, PROBED ME (NECK, MOUTH, LIPS, ANUS, SCROTUM, PENIS, EARS, CHEST, STOMACH, LEGS, BUTTOCKS, ETC).
ITS ALSO BEEN BROUGHT TO MY ATTENTION THAT SGT. BROWNE, SGT. CONTRERAS AND OTHERS THREATENED I/M WILLIAMS, PRISCILLA WITH AN RVR FOR GOING OUT-OF-BOUNDS IN 507-25 OF HER OWN FREE WILL IF SHE DIDNT SAY I FORCED HER INTO 507-25 AND RAPED HER. SGT. BROWNE AND SGT. CONTRERAS FED I/M WILLIAMS THE SAME STORY LINES THAT WERE FED TO I/M BENNET.
SGT. BROWNE AND SGT. CONTRERAS ARE TWO OF THE MANY DEFENDANTS NAMED IN THE CCWF SEXUAL ABUSE SCANDAL OF WHICH I AM A VICTIM / PLAINTIFF AND THEY'RE FULLY AWARE THAT I ASSISTED SEVERAL OF THEIR SEXUAL ASSAULT VICTIMS IN FILING GRIEVANCES AND LEGAL DOCUMENTS PER CCR 3163 IN WHICH THEY ARE NAMED. FOR OVER A YEAR I'VE

DISTRIBUTION Original: Offender's File Copies: DAI, DAPO, and Offender

EXPRESSED THAT MYSELF AND ALL VICTIMS SHOULD BE TRANSFERED TO PROTECT THE INTEGRITY OF THE INVESTIGATIONS TO PROTECT US FROM RETALIATION IN THE FORMS OF CONTINUED PHYSICAL / SEXUAL ABUSE AND FALSIFIED RVR [illegible] ATTACKS ON OUR PERSON, PROPERTY AND PURSUIT OF FREEDOM.

NEITHER SGT. BROWNE NOR SGT CONTRERAS NOR ANY NAMED DEFENDANT SHOULD BE INVOLVED IN ANY INVESTIGATION(S) REGARDING ME OR ANY NAMED VICTIMS/PLAINTIFFS, WHERE THERE IS AN OBVIOUS CONFLICT OF INTEREST. HOWEVER SGT. BROWNE AND SGT CONTRERAS ARE THE ONES WHO INVESTIGATED / MANIPULATED FACTS, EVIDENCE AND WITNESSES WHILE COERCING I/M BENNET AND I/M WILLIAMS TO FILE KNOWN FALSIFIED ALLEGATIONS AGAINST ME WHILE COERCING OTHERS (STAFF, NURSE, WITNESSES) TO CIRCUMVENT PREA INVESTIGATION OF WHICH IM THE VICTIM. THEY ALSO DENIED ME RIGHT TO POLYGRAPH EXAM FOR MYSELF, I/M BENNET AND I/M WILLIAMS.

IN GREEN WALL / MEXICAN MAFIA / BUDDY SYSTEM FASHION, CMF SGT. ARUMBULA IN COLLUSION WITH CCWF HIRING AUTHORITY AND HISPANIC ADMINISTRATION, MANIPULATED INMATES TO MAKE FALSE CONFIDENTIALS AGAINST ME TO GET ME SENT BACK TO MENS PRISON TO GET ME KILLED.

I/M BROWN (X-08560) WAS NEVER PREGNANT NOR DID SHE EVER TAKE PREGNANCY TEST, HOWEVER INFO REGARDING THIS WAS DOCUMENTED AND USED AGAINST ME. ALTHOUGH SHE HAS "PSEUDOCYESIS" AND ALWAYS THINKS SHE'S PREGNANT. THERE'S NOT ONE INCIDENT SHOWING ME BULLYING, INTIMIDATING NOR EXPOSING MYSELF TO ANYONE. HOWEVER, THERE ARE AT LEAST (7) INCIDENTS CAPTURED ON AVSS OF ME BEING ASSAULTED BY STAFF AND INMATES.

FOR YEARS I'VE DOCUMENTED IN GRIEVANCES, TABED INTERVIEWS THAT CCWF SHOULD HAVE CONDOMS AVAILABLE AND THERE SHOULD BE INFORMATION ON TABLETS FOR INMATES TO REPORT SEXUAL ABUSE. IT ISNT UNTIL I/M ROSS PREGNANCY THAT NOW CCWF HAS CONDOM DISPENSERS IN PREA INFO ON TABLETS. I DOCUMENTED CCWF STAFF TOLD ME TO GET I/M ROSS PREGNANT BEFORE THEY MOVED ME IN WITH HER. MY DUE PROCESS RIGHTS ARE BEING VIOLATED. (5) ATTACHMENTS

Reminder: Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature: [signature] Date Signed: 04/14/24

DISTRIBUTION — Original: Offender's File [illegible] OOGA/DAPO, and Offender

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 07:57 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-[illegible] |

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

From: Stephanie Navarro on 11/27/22 16:56 PST

4:45

**

After the shooting, Brown set the house on fire and fled to Texas, where she stayed with relatives and obtained a false birth certificate.

Brown returned Vallejo after a few months, but was not arrested until six years later, when police received an anonymous tip.

The baby"s father was Vallejo rap artist Lathan "Young Lay" Williams, who in 1998 created an album entitled "Unsolved Mysteries" to publicize the kidnapping.?

A doctor testified at the trial that Brown may have suffered from a rare condition called pseudocyesis, or imaginary pregnancy, and had mistakenly thought she was in labor three weeks before the murder.

Prosecutors claimed that Brown, who had had a relationship with Williams, was jealous of the rap artist"s relationship with Boyden.

A three-judge panel of the Court of Appeal, in a decision issued Friday, unanimously turned down Brown"s claim that a statement she made to police and a "letter to God" found in her jail cell in 2002 should not have been allowed as

×

BROWN IS I/M LATASHA BROWN #X-08560, WHO'S AT CIW WAITING TO KILL I/M ROSS, SET HER ON FIRE AND TAKE HER BABY. CCWF WAS MADE AWARE OF THIS PRIOR TO SENDING I/M ROSS TO CIW, RECKLESSLY ENDANGERING HER LIFE.

* THIS IS ALSO WHY I/M BROWN SHOULD BE DOCUMENTED ENEMY OF I/M ROSS (#WF4577). SGT. BROWNE AND SGT. CONTRERAS TOLD I/M BROWN THAT I/M ROSS IS PREGNANT BY ME. IN TURN, SGT. BROWNE, SGT. CONTRERAS AND THE GREEN WALL BUDDY-SYSTEM FROM CCWF-TO-CIW SENT I/M ROSS TO CIW TO HAVE HER AND HER UNBORN KILLED AND GAVE THE "GREEN LIGHT" TO DOCUMENTED ENEMIES: I/M BROWN, I/M HICKMAN AND I/M SMITH TO DO SO. CDCR FAILED TO PROTECT I/M ROSS FROM GETTING PREGNANT, NOW THEY'RE FAILING TO PROTECT HER FROM KNOWN ENEMIES.

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 08:08 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 11/24/22 18:23 PST

Delores Brown received a year in jail in 2003 after pleading no contest to child concealment.

"I'm very pleased," said Solano County Deputy District Attorney Donna Stashyn. "I'm especially pleased for the family. It's literally been a living hell for the last eight years."

Defense attorney Bill Pendergast expressed disappointment. He said his client suffered from pseudocyesis, or false pregnancy, and at one point, believed she was in labor.

"This led her to believe this child was hers, and her reason was not that she in a deliberate and premeditated fashion killed this woman, but she thought that child was hers and reacted in a defense-of-others means to get her child back," Pendergast said.

RECEIVED

APR 16 2024

CCWF
GRIEVANCE OFFICE

RE" I/M BROWN AND HER BEING LEFT AT CIW TO ATTACK I/M ROSS ON-SIGHT. CDCR DOESN'T WANT I/M ROSS BABY TO BE BORN SO THEY'RE USING THE MENTAL HEALTH CONDITION OF I/M BROWN AND THE OTHERS, HICKMAN, SMITH TO KILL I/M ROSS WHO THEY HAVE IN PIP UNTIL SHE SIGNS OFF SAFETY CONCERNS

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 07:57 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 11/27/22 16:56 PST

4:45

cell in 2002 should not have been allowed as evidence in her trial.

The court said both statements were vague and did not contain a clear admission of guilt. The panel said there was "overwhelming independent evidence of guilt" from other sources.

In the letter, Brown said, "All I wanted was to be a mommy and now I never will."

A second cousin, Ocianetta Williams, who was with Brown at the time of the murder, became a prosecution witness and was sentenced to 13 years in prison as part of a plea agreement.

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

**Share this:**

View more on Times-Herald

✕

* CIW IS HOLDING I/M ROSS IN PIP AGAINST HER WILL AND TELLING HER SHE'S NOT GOING TO BE IN LACTATION PROGRAM WITH ALL OTHER PREGNANT WOMEN UNLESS SHE SIGNS OFF SAFETY CONCERNS. THATS CRUEL & UNUSUAL PUNISHMENT, DELI-BERATE INDIFFERENCE AND RECKLESS ENDANGERMENT AND RETALIATION. I/M ROSS IS ANOTHER VICTIM / PLAINTIFF IN CCWF SEXUAL ABUSE SCANDAL.

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 07:53 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 10/31/23 22:22 PDT

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

* CCWF, SGT. BROWNE, SGT. CONTRERAS, GREEN WALL ARE TRYING TO HAVE DRB SEND ME BACK TO MENS PRISON WHERE I'LL BE RAPED AND KILLED. THEY'VE SUPPLIED INMATES WITH PHONES AND FALSIFIED DOCUMENTS TO SHARE WITH INMATES IN MENS PRISONS. THEY TOLD I/M BENNET, I/M WILLIAMS AND OTHERS I'M IN PRISON FOR RAPE AND CHILD MOLESTATION, WHICH CDCR HAS ME FALSELY LABELED. THERE'S NOT ONE INSTANCE OF ME PRESENTING MYSELF DIFFERENT TO INMATES THAN I DO TO STAFF. I DONT CHANGE MY LOOK, SOUND, DEMEANOR, NONE OF WHICH HAVE ANYTHING TO DO WITH ME BEING A WOMAN.

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 08:12 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 10/11/22 06:10 PDT

6:10 5GUC 92%

Sukey Lewis

Tuesday, October 11

There's widespread human/sex trafficking by administration and custody staff at the central California women's prison in Chowchilla California. Prison guards are selling the sexual services of inmates to other inmates and staff members. These inmates are the most vulnerable based on their pursuit o

View all

6:09 AM

RECEIVED

APR 1 6 2024

CCWF GRIEVANCE OFFICE

* I DOCUMENTED THAT CCWF STAFF TOLD ME TO GET I/M ROSS PREGNANT BEFORE I WAS MOVED IN ROOM 507-29 WITH HER. IT'S ALSO DOCUMENTED THAT I HAD TO PAY STAFF TO MOVE I/M BROWN AND I/M PENNEWELL IN ROOM 505-23 WITH ME AND HAD TO PAY STAFF TO MOVE ME TO 507-25. THESE WOMEN ARE FRIENDS OF MINE BUT BECAUSE IM UNDER SB132 AND TRANSGENDER, CCWF STAFF PIMPS MADE ME PAY FOR BED MOVES. THEY BASED IT ON CDCR HAVING ME LABELED RAPIST/CHILD MOLESTER, NEITHER OF WHICH I AM.

UNCONTAMINATED
WHEN GIVEN TO STAFF

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

## CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** CARROLL, TREMAINE D. **CDC#:** H73384

**Date:** 05/21/2024

**Current Location:** KVSP-Facility C **Current Area/Bed:** C 004 1131001L

**From:** Office of Grievances at Kern Valley State Prison

**Re:** Log # 000000566096

The California Department of Corrections and Rehabilitation Office of Grievances at Kern Valley State Prison received your grievance on 05/21/2024. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 07/21/2024.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

| STAFF USE ONLY | OGT Log No: 566096 Date Received: ______<br>Decision Due Date: ______<br>Categories: ______ |
|---|---|

Claimant Name: CARROLL, TREMAYNE CDCR #: H73384

Institution/Parole Region: KVSP Current Housing/Parole Unit: C4-131

STAFF USE ONLY

*Use this form to file a complaint with the Department.*

**In order for the Department to understand your complaint, please answer all of the following questions:**

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *What specific action would resolve your complaint?*

KERN VALLEY STATE PRISON
MAY 2 1 2024
INMATE APPEALS OFFICE

*NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).*

STAFF COMPLAINT/PREA/EMERGENCY
PER THE PREA POLICY, ANYONE CAN REPORT BEING THE VICTIM OR WITNESS TO EMPLOYEE SEXUAL MISCONDUCT TO ANYONE THEY'RE COMFORTABLE WITH. IN THIS REGARD, IS CDCR NOW SAYING ONLY REPORT IF YOU'RE A VICTIM, DON'T REPORT IF YOU'RE JUST A WITNESS?
I'M REPORTING RIGHT NOW THAT I/M ROSS WAS PIMPED, TRAFFICKED OUT TO MULTIPLE CDCR STAFF MEMBERS AT CCWF, INCLUDING BUT NOT LIMITED TO SGT. NICHOLS, C/O HERNANDEZ, C/O RODRIGUEZ, SGT. BROWNE, SGT. CONTRERAS AND OTHERS WHO BENEFITED AND/OR PROFITED SEXUALLY, MONETARILY OR OTHERWISE -- TO WORK IN SERVITUDE TO BOTH STAFF AND INMATES, BOTH CURRENT AND FORMERLY HOUSED OR EMPLOYED AT CCWF.
NO SANE PERSON WOULD SEND I/M ROSS BACK TO CCWF UNDER ANY CIRCUMSTANCES WITH THE LISTS OF SWORN ENEMIES MENTIONED AND/OR DOCUMENTED THAT INCLUDE I/M SMITH, WHO

HAPPENS TO BE 'I/M ROSS' REAL MOTHER. THIS WOULD BE BEYOND CRUEL & UNUSUAL PUNISHMENT, RECKLESS ENDANGERMENT AND DELIBERATE INDIFFERENCE. LOCKING 'I/M ROSS IN PSYCHIATRIC UNIT FOR CDCR FAILING TO PROTECT HER FROM GETTING PREGNANT IS BARBARIC.

AS A RESULT OF 'I/M ROSS' CURRENT AND PAST PREGNANCIES WHILE HOUSED AT CCWF, THERE ISNT NOR WILL THERE EVER BE ANYWHERE SAFE FOR 'I/M ROSS TO HOUSE IN CDCR AS SHE'LL BE THE TARGET OF ALL STAFF AND ALL INMATES, ESPECIALLY THE 99% THAT ARE A PART OF THE LGBTQ+ COMMUNITY THAT NOW BELIEVE INMATES WILL NO LONGER BE ABLE TO HOUSE IN ACCORD WITH THEIR GENDER IDENTITY BECAUSE OF 'I/M CARROLL AND 'I/M ROSS.

COUPLE THAT WITH THE FACT WE'RE BOTH PLAINTIFFS/VICTIMS/WITNESSES IN THE CCWF SEXUAL ABUSE SCANDAL AND LAWSUIT THAT SHOULD BE UNDER FEDERAL WITNESS PROTECTION.

IM READY TO COME FORWARD WITH THE NAME OF THE CDCR/CCWF STAFF THAT CAME TO ME ABOUT GETTING 'I/M ROSS PREGNANT LONG BEFORE I WAS PLACED IN THE ROOM WITH I/M ROSS. IM NOT WILLING TO TALK TO ANY CDCR STAFF ABOUT THIS. IM A FEDERAL WITNESS AND THIS IS A FEDERAL SITUATION.

THIS WEEKEND I CAME IN CONTACT WITH ONE OF THE KVSP STAFF THAT SEXUALLY ABUSED ME AT GUNPOINT. RHU ISNT SAFE FOR ME OR MY SANITY. THERES NOWHERE SAFE FOR NEITHER MYSELF NOR 'I/M ROSS TO BE ABLE TO HOUSE IN CDCR.

IM A TRANSWOMAN BEING DENIED RIGHT TO HOUSE ACCORDING TO MY GENDER IDENTITY REPORTING PER PREA POLICY.

Claimant Signature: 05/[signature] Date Signed: 05/19/24

3325 WILSHIRE BOULEVARD, SUITE 340 LOS ANGELES, CA 90010
213.384.1400 213.384.1411 JUSTDETENTION

JUST DETENTION INTERNATIONAL

# Frequently Asked Questions (FAQ)
# Counseling and Support Services

*Just Detention International (JDI) is a non-profit human rights organization that seeks to end sexual abuse in all forms of detention. JDI provides the general information below in an effort to respond to questions that we regularly receive from prisoner rape survivors. Please remember that laws are constantly changing and their application may vary from one case to the next. Legal advice must be tailored to the specific circumstances of each case and can only be provided by a qualified attorney. This FAQ does not constitute legal advice.*

**1. I was sexually assaulted and am afraid to talk to the prison counselor. What should I do?**

Only you can decide what the best option would be for you. Unlike counselors in the community, a prison counselor may be required to report any crime – including sexual abuse – to corrections staff. By making such a report, a counselor can make sure your abuse is investigated.

If you are fearful of staff knowing about the abuse, you can meet with a counselor and ask what she or he has to report to prison officials or police – before you talk with him or her – to help you decide what you want to share. You can also contact a rape crisis center in the community, although you should be aware that your letters to them may be monitored like other mail. Please refer to JDI's *Resource Guide for Survivors of Sexual Abuse Behind Bars* for a listing of rape crisis centers near you.

**2. I told a mental health staff member about the abuse and s/he reported it to prison officials without my permission. Are staff allowed to do that?**

Most prisons and jails have policies that require staff to report any crime so that it can be investigated. No matter where it happens, rape and sexual assault are crimes. If the counselor promised you that she or he wouldn't tell anyone but still reported the abuse to prison officials, that was inappropriate. However, it was most likely not against the facility's policy. If, because of the report you have been targeted for additional abuse or feel especially unsafe, you may request a transfer to another unit or facility.

In general, mental health counselors (including ones who work in prisons) are required to explain what they can and cannot keep confidential before they start working with a new client. If you were not informed of what the counselor would have to report, you may want to ask your counselor or other mental health staff for a copy of the institution's policy. If you are able to contact a local rape crisis center, a counselor there may be able to write to you or meet with you. However, your communication with her or him will be monitored like any other letters and phone calls (except those with your lawyer). Please refer to JDI's *Resource Guide* for a listing of rape crisis centers in your area.

**3. I asked to see a therapist, but my requests have been ignored/denied. How can I get counseling while I am still behind bars?**

If you reported your abuse, you should have been offered counseling. However, even if you did not file a report or were not offered counseling, you should be able to request to see a therapist in the facility. If you followed the procedure for doing so, but were still not permitted to see a counselor, you can file a grievance. Your grievance should include: when you requested counseling; to whom you made your request; whether it was in writing; what you wrote/said; and the response (if any) you received. Please be aware that the facility may require that you explain why you want to receive counseling, so you will have to decide what you feel comfortable sharing.

You may want to contact a local rape crisis center for information and counseling via phone or by mail. JDI's *Resource Guide* contains a listing of rape crisis centers in your area that are willing to work with survivors of sexual assault behind bars. If you do not see a center listed in your area, contact the state sexual assault coalition to inquire which rape crisis center provides services in your area.

**4. I contacted a few of the organizations listed in JDI's *Resource Guide* but never heard back from them. What's going on?**

All of the organizations listed in the *Resource Guide for Survivors of Sexual Abuse Behind Bars* have agreed to help incarcerated survivors. If you have not received a response within 2-3 weeks, you may want to write the organization again to inquire if they received your first letter and to explain again why you need help. Remember that most of the organizations listed have limited resources and are asked to help a large number of people, so it may take a while for them to respond to you.

If you still have not received a response after sending a follow-up letter, please let JDI know to whom you sent your letters (including the dates of your letters and the address to which you sent them) so that we can follow-up with the organization.

***

ACKNOWLEDGES THERES NOTHING IN THE ORDER REGARDING ANY CLASSES

RECEIVED CCWF GRIEVANCES

ROSEN BIEN GALVAN & GRUNFELD LLP

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Penny Godbold
Email: pgodbold@rbgg.com

May 20, 2021

Tremaine Carroll (H73384)
Mule Creek State Prison
P.O. Box 409099
Ione, CA 95640

**PRIVILEGED AND CONFIDENTIAL**

**SUBJECT TO PROTECTIVE ORDERS**

Re: *Armstrong v. Newsom:* Stipulation Regarding Transfer to Women's Prison
Our File No. 0581-03

Dear Ms. Carroll:

Thank you for meeting with me on Monday, May 17, 2021 to discuss your request to enter a stipulation with CDCR to modify the Court's orders regarding your placement at MCSP to allow for your transfer to women's prison. *See* Dkts. 3124, 2991. Based on our meeting on Monday, you rejected language proposed by CDCR as too broad and allowing transfer without due process. During our meeting you and I discussed language that you would agree to as an additional condition allowing CDCR to transfer you from a women's prison in very limited circumstances including if **"CDCR has management or security concerns resulting from any guilty finding of a rule violation that was not present or previously documented in [your] record and which directly infringes on the health and safety of the individuals in the women's prison and thus necessitates transfer in accordance with the Court's July 10, 2020 order (Dkt. 2976)."**

As we discussed during our meeting, you were advised that this provision provides CDCR with the additional ability to transfer you back to MCSP pursuant to the original court order based on a guilty finding for any RVR that raises management or security concerns implicating the health or safety of the individuals housed in the women's prison.

You were also advised that Defendants are not required to obtain approval from Plaintiffs' counsel prior to transferring you pursuant to this provision.

You were also advised that, given this additional ability to transfer you back to MCSP, Plaintiffs' counsel will be unable to challenge any CDCR decision to transfer you

back to MCSP based on a guilty finding for any RVR that raises management or security concerns implicating the health or safety of the individuals housed in the women's prison.

I have sent the draft stipulation with the language you proposed and agreed to during our meeting to CDCR and I am awaiting approval. If CDCR approves, I will arrange to also obtain your signature on the stipulation. As discussed, I also need your written permission on file. I do still have your handwritten note confirming your agreement but also ask you to please sign below indicating that you understand and agree with the proposed modifications to the court order and you wish to move forward with signing the stipulation. I am including an envelope for you to return the signed agreement. I will not move forward with the stipulation until I confirm your agreement.

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Penny Godbold*

By: Penny Godbold

Encl.: SASE

DATED: May __, 2021

______________________________
Tremaine Carroll, H73384



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Executive Director:*
Margot Mendelson

*Attorneys:*
Rana Anabtawi
Patrick Booth
Tess Borden
Steven Fama
Mackenzie Halter
Alison Hardy
Sophie Hart
Marissa Hatton
Jacob Hutt
A.D. Lewis
Rita Lomio
Donald Specter

# LEGAL MAIL - CONFIDENTIAL

April 19, 2024

T. Carroll, WH2575
CCWF
PO Box 1508
Chowchilla, CA 93610

Dear Ms. Carroll:

We received your letter on February 28, 2024. We also received emails from people who were concerned about your well being. We hope that you are doing ok.

Are you still dealing with water leakage in your cell? If so, have you told staff or filed any paperwork requesting the issue be addressed? If this is still a problem and you haven't yet filed a grievance, we recommend you do so. We're enclosing a blank grievance, in case it's helpful.

We were also told that you have been having seizures. Is this still happening?

Were you able to get your hearing aids and glasses? We encourage you to submit an 1824 request and let us know if not.

We keep track of staff harassment and appreciate you keeping us in the loop. If you have any updates, you can send them to us, although we can't guarantee we will be able to help. You should write to us if you experience any disability discrimination.

Please take care.

Sincerely,

Dewi Zarni

Dewi Zarni
Litigation Assistant under Sophie Hart and Marissa Hatton

Enclosures: 602; Arm Leaking

**Board of Directors**
Jason Bell • Vanita Gaonkar • Nick Gregoratos • Christianne Hipps
Jean Lu • Claire McDonnell • Seth Morris • Vishal Shah • Adrienne Yandell



213.384.1400 213.384.1411 DETENTION

JUST DETENTION 

Dear Service Provider,

As you may already know, your organization is listed in Just Detention International's *Resource Guide for Survivors of Sexual Abuse Behind Bars* — a state-by-state listing of rape crisis programs; HIV/AIDS, LGBT+, and legal service organizations; and government agencies. To request JDI's Resource Guide, please visit https://justdetention.org/resources/survivor-resources/how-we-can-help/.

Survivors of sexual abuse in detention are often desperate for help in the aftermath of a sexual assault, yet many do not have access to hotlines or other forms of confidential crisis services. Most incarcerated survivors must reach out via letters, like this one. We understand that your resources may be limited, but incarcerated survivors — like those in the community — depend on support and information from agencies like yours. As such, we hope that you will respond to the enclosed letter, offering whatever services you can.

If you have any concerns or would like additional information about working with people who have been sexually abused in custody, please contact Leelyn Aquino, JDI's Operations Director, at laquino@justdetention.org or 213-384-1400 ext. 110. If your organization is no longer able to help survivors of prisoner rape, please let us know as soon as possible.

Thank you in advance for your attention to the enclosed letter and for your commitment to working with this underserved population of survivors.

Sincerely,

Linda McFarlane

Linda McFarlane, LCSW
Executive Director
Just Detention International



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** CARROLL, TREMAINE D. **CDC#:** H73384

**Date:** 05/10/2024

**Current Location:** KVSP-Facility C **Current Area/Bed:** C 004 1131001L

**From:** Office of Grievances at Central California Women's Facility

**Re:** Log # 000000562343

The California Department of Corrections and Rehabilitation Office of Grievances at Central California Women's Facility received your grievance on 05/10/2024. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 07/10/2024.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

STATE OF CALIFORNIA
GRIEVANCE
CDCR 602-1 (Rev. 01/22)

CONTINUATION PAGE

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

OGT Log No: 562343 Date Received:
Decision Due Date:
Categories:

Claimant Name: CARROLL, T. CDCR #: WH2575
Institution/Parole Region: KVSP CARROLL, T. Current Housing/Parole Unit:

RECEIVED
MAY 1 0 2024
CCWF
GRIEVANCE OFFICE

*Use this form to file a complaint with the Department.*

**In order for the Department to understand your complaint, please answer all of the following questions:**

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *What specific action would resolve your complaint?*

KERN VALLEY STATE PRISON
MAY 1 0 2024
INMATE APPEALS OFFICE

***NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).***

STAFF COMPLAINT / PREA
AFTER BEING SEXUALLY / PHYSICALLY ASSAULTED BY KVSP STAFF ON 04/20/24 AND 04/22/24, AND CCWF STAFF 04/19/24 AND 04/20/24, I RECEIVED NO MENTAL HEALTH TREATMENT OR CONSIDERATION PER PREA POLICY, IN CDCR'S EFFORT TO COVER THIS UP LIKE THE GREEN WALL DOES.
I NEED A HIGHER LEVEL OF CARE AND TREATMENT FOR RAPE TRAUMA SYNDROME. IN JANUARY I WAS SEXUALLY ASSAULTED BY I/M BENNET. THE LAST TIME I WAS AT KVSP I WAS SEXUALLY / PHYSICALLY ASSAULTED BY STAFF AND INMATES.
EACH TIME I HAVE TO GO OUT I START HAVING PANIC ATTACKS BECAUSE I KNOW IM GOING TO BE FONDLED DURING SEARCHES AND STRIP OUTS BY MALE OFFICERS EVEN THOUGH I HAVE FEMALE SEARCH PREFERENCE.
ITS ALSO TRAUMATIZING TO KNOW AT ANY POINT I COULD

ADA Accessible

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**GRIEVANCE** **CONTINUATION PAGE**

CDCR 602-1 (REV. 01/22)

[illegible] OFFICERS WHO [illegible] TO THEM [illegible] FRIENDS [illegible]

[illegible] TO [illegible] I ACTUALLY NEED FOR PLACEMENT IN A HIGHER LEVEL OF CARE. CDCR HAS CONTINUOUSLY FAILED TO PROVIDE ME OR ANY OTHER VICTIMS OF STAFF SEXUALLY ABUSE WITH ADEQUATE MENTAL HEALTH TREATMENT FOR RAPE TRAUMA SYNDROME. THAT MENTAL HEALTH CARE SHOULD COME FROM OUTSIDE OF CDCR AS NONE OF THE VICTIMS FEEL SAFE TALKING TO STAFF WHO HAVE TIES TO THE STAFF THAT ABUSE US. AT CCWF MENTAL HEALTH STAFF ARE ABUSING INMATES AS WELL.

CDCR/KVSP HAS TO BE ABLE TO OFFER ME MORE THAN [illegible] SEXUAL [illegible] HEALTH [illegible]. KVSP WARDEN NEEDS TO TALK TO ME SO WE CAN GET ME SENT SOMEWHERE SAFE FOR ME MENTALLY, PHYSICALLY AND SEXUALLY.

I WILL CONTINUE TO SIGN NON-ENEMY CHRONOS BECAUSE THE COURTS KNOW THATS ONLY A DISCLAIMER AND CDCR [illegible] YOU IN ASU IF YOU DON'T SIGN IT. I WOULD KILL MYSELF IN ASU [illegible] ASU PLACEMENT [illegible] PLACEMENT. I'M JUST SAYING ASU IS NOT AN OPTION.

Claimant Signature: [illegible] Date Signed: 05/03/22

CDCR 128-B (Rev. 4/74)

NAME: CARROLL NUMBER: WH2575/H73384 HOUSING: KVSP-004-131-1L

On Wednesday, May 01, 2024, The Central California Women's Facility (CCWF) Investigative Services Unit (ISU) received notification from Prison Rape Elimination Act (PREA) Locally Designated Investigator (LDI) Lieutenant J. Collier had completed an investigation into your PREA allegation: PREA Log Number: **CCWF-PREA-24-01-019.**

The Conclusion of the investigation was: ☐Sustained ☒Unsubstantiated ☐Unfounded

The Subjects Status: (If Applicable)

**☐Staff**

☐Has been removed from Unit/Facility
☐Has been terminated from employment
☐Has been indicted on the allegations of misconduct
☐Has been convicted of the allegations of misconduct

**☒Inmate**

☒Moved to another housing unit or another facility
☐Indicted on allegations of sexual violence
☐Convicted on charges of sexual violence

RTS 5/1/24 1147hrs.
Inmate Signature

J. COLLIER
Locally Designated Investigator
Central California Women's Facility

Date: 5/1/2024 General Chrono


CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** CARROLL, TREMAINE DEON **Date:** 05/14/2024
**CDC#:** H73384
**Current Location:** KVSP-Facility C **Current Area/Bed:** C 004 1 - 131001L

**Log #:** 000000541978

## Claim #: 001

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Offender Classification **Sub-Category:** Administrative Segregation

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 001:
Your claim concerning Offender Classification;Administrative Segregation is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of multiple grievances log #s 516096, 516104, 516180, 522872, 522872, 522870, and 524174, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

## Claim #: 002

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Facilities **Sub-Category:** Other Facilities Issue - NOS

### I. CLAIM

Claimant alleges that on unknown date at 0200 hours, they were brought out of cell 119 without a supervisor present and was illegally handcuffed in waist restraints without safety locks placed on.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Department Operations Manual (Special Placements-Section: 62050)
California Code Regulation (CCR-3268.2-Use of Restraints)

**B. DOCUMENTS CONSIDERED**

CDCR 602 Inmate/Parolee Appeal Form Log# 541978, Claim# 002
Building 504 Entry Logbook: 3/18/2024
Audio Video Surveillance System
Bed Assignment

**III. REASONING AND DECISION**

All available evidence regarding your claim have been reviewed. Based on staff interviews and the information obtained regarding this grievance, it was determined this grievance is (Denied) for the following reasons.

A review of the inmate Bed Assignment indicates that Inmate Carroll was assigned to Facility A Building 504 (Restricted Housing Unit) dated 3/10/2024 in cell 119 and moved out from the assigned room on 4/19/2024 during the allege allegation.

A review of the Audio Video Surveillance System showed Correctional Officers D. Mays and W. Moua began to remove inmate from the affected flooded rooms at approximately 0302 hours. At approximately 0315-0322 Officer Moua and Mays was at Inmate Carroll's assigned Cell 119. Officer Moua retrieves a waist restraint and began to apply it on to Inmate Carroll. At the completion of securing Inmate Carroll in waist restraints Inmate Carroll was removed from the cell. Officers entered the room and began cleaning out the water inside cell 119. At the completion of the cleaning, Inmate Carroll was escorted back to her assign room. Moments later, AVSS showed staff utilizing their institutional radio to notify Central Control of a Medical Emergency. Officer Moua was seen applying the waist restraints on Inmate Carroll and removed Inmate Carroll from the room awaiting the arrival for medical staff to assess Inmate Carroll.

A review of Building 504 Logbook for Inmate Carroll's interactions notated on 3/18/2024, Inmate Carroll was removed from her assigned cell approximately 0340 hours by Correctional Officers D. Mays and W. Moua due to an inmate in cell 117 had flooded the tier and Correctional Sergeant R. Godin authorized the removal of inmates willing to be escorted out to have the cell clean.

Evidence gathered, along with interviews conducted with staff and inmate did not produce sufficient evidence that staff violated policy. Audio Video Surveillance System indicated Inmate Carroll was properly remove from the cell in waist restraints and sufficient staff was present. Departmental Operation Manual for Building 504 Special placement, section 62050 stated in part, under Escort, staff maybe authorized to conduct escorts within the GP RHU, utilizing one Correctional Officer per inmate unless the inmate has been deemed for doubles escort. Therefore, this claim is denied due to insufficient evidence staff did violate any policy procedure or regulations.

**IV. Comments**

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| A. Padilla [PAAL014] | Reviewing Authority | 05/09/2024 |

**Claim #: 003**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Facilities **Sub-Category:** Other Facilities Issue - NOS

**I. CLAIM**

It is the claimant's position cell 119 flooded and they were placed back in the cell when the floors were still wet, resulting in juries from the claimant slipping. Alleges that when they returned from 805 to room 119 the room was still wet and they fell resulting in another seizure, unsure how long they were on the floor for but was soaking wet at breakfast.

## II. RULES AND REFERENCES

### A. CONTROLLING AUTHORITY

M-0371 Emergency Medical Response System 2023.

B. General instructions
1. All staff has the authority to initiate a 9-1-1 call for EMS
2.Any individual who encounters a medical emergency is responsible for summoning assistance by the most expeditious means available, e.g., Personal alarm device (PAD), radio, whistle, shouting, or telephone.
3.Any patient may request medical attention for an urgent/emergent health care need from any CDCR or CCHCS employee. The Employee shall in all instances, notify health care staff without unreasonable delay.

### B. DOCUMENTS CONSIDERED

Grievance Log # 541978, Claim # 003. Dated 11/3/2023.
M-0371 Emergency Medical Response System 2023.

## III. REASONING AND DECISION

Carroll did not provide a specific day or time for this grievance; Therefore, The Audio Video Surveliance System (AVSS), footage was not available. Carroll did not provide any specific staff for this grievance; Therefore, Body Worn Camera (BWC) footage was not available. Carroll refused to be interviewed; consequently, I was unable to substantiate or gather any information regarding this grievance.

## IV. Comments

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| A. Gonzales [GOAR004] | Reviewing Authority | 05/13/2024 |

## Claim #: 004

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** General Employee Performance **Sub-Category:** Substandard Performance

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

**Claim #: 005**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Offender Services **Sub-Category:** Other Services - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024. Your request for an interview, item, assistance, or service was redirected to appropriate staff in accordance with the California Code of Regulations, title 15.

Your request will be addressed by appropriate staff at Central California Women's Facility, as determined by the Reviewing Authority.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Redirected**

**Claim #: 006**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Safety and Security **Sub-Category:** Use of Force

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 006:
Your claim concerning Offender Safety and Security;Use of Force is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of a prior claim you already submitted, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

**GRIEVANCE**

CDCR 602-1 (03/20)

| STAFF USE ONLY | Grievance #: 54973 Date Received: |
|---|---|
| | Date Due: |
| | Categories: |

*This is the process to ask for help with a complaint.*

**Claimant Name:** CARROLL, T **CDCR #:** WH2575 **Current Housing/Parole Unit:** 504-119

**Institution/Facility/Parole Region:** CCWF

**In order for the Department to understand your complaint, make sure you have answered the following questions:**

RECEIVED

APR - 2 2024

CCWF GRIEVANCE OFFICE

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.*
- *What specific action would resolve your complaint?*

PREA / STAFF COMPLAINT / UNNECESSARY EXCESSIVE USE OF FORCE / FALSIFYING DOCUMENTS / SB132

ON MULTIPLE OCCASIONS, WHILE HOUSED (ILLEGALLY) IN CCWF SOLITARY CONFINEMENT, I'VE SUFFERED SEIZURES THAT RESULTED IN INJURIES DUE TO STAFF NEGLECT.

I WAS RECENTLY ILLEGALLY AND AGAINST CDCR POLICY BROUGHT OUT OF CCWF-504-119 ON FIRST WATCH AT APPROXIMATELY 0200 HRS WITH NO SGT. NOR SUPERVISOR PRESENT. CELL 119 AND OTHERS WERE FLOODED.

I WAS ILLEGALLY HANDCUFFED IN WAIST RESTRAINTS WITHOUT THE SAFETY LOCKS PLACED ON.

CELL 119 WAS SUPPOSED TO BE COMPLETELY DRY BEFORE I WAS PUT BACK IN. HOWEVER, THE FLOOR WAS WET STILL. WHEN TRYING TO GET OUT OF MY WHEELCHAIR, I SLIPPED ON THE WET FLOOR, HIT MY HAND AND HAD A SEIZURE INJURING MY HEAD, SHOULDER, BACK, NECK AND WRISTS.

I DONT KNOW IF MY WRIST WAS ONLY INJURED AS A RESULT OF THE HANDCUFFS TIGHTENING ON THEM FROM THE FALL AND SEIZURE OR WHAT.

STATE OF CALIFORNIA
GRIEVANCE FORM
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

I WAS EVENTUALLY TAKEN TO 805 WHERE THE NURSE REFUSED TO DO A 7219 BECAUSE IT WOULD SHOW THE INJURIES TO MY WRIST AND SHOULDER. NO SGT. NOR SUPERVISOR WAS PRESENT IN 504 PRIOR TO ME BEING TAKEN TO 805.

UPON RETURN FROM 805 ROOM [illegible] WAS STILL WET. AN OFFICER WENT IN TO TRY TO GET UP SOME OF THE WATER. I SUBSEQUENTLY FELL AND HAD ANOTHER SEIZURE. I DONT KNOW HOW LONG I WAS ON THE FLOOR BUT I WOKE UP SOAKING WET AT BREAKFAST. IM NOT SURE IF UNNECESSARY EXCESSIVE USE OF FORCE WAS USED ON ME AT ANY POINT OF THIS BUT IM ASKING THAT ALL AVSS AND BODY CAM FOOTAGE BE PRESERVED FOR THE ENTIRETY OF THIS SITUATION AND FOR THE DURATION OF THIS GRIEVANCE AND POTENTIAL CIVIL ACTION.

I DO KNOW THERE WERE MAJOR CDCR POLICY VIOLATIONS THROUGHOUT THIS PROCESS, INCLUDING BUT NOT LIMITED TO HOW I WAS HANDCUFFED. THE HANDCUFFING SITUATION SEEMED INTENTIONAL AND TO RETALIATE AGAINST ME FOR FILING A LAWSUIT ABOUT ME BEING [illegible] HANDCUFFED FOR (3) DAYS AT RJD.

DOCUMENTS WERE FALSIFIED REGARDING THIS INCIDENT THAT'LL BE CONTRADICTED BY AVSS AND THIS WILL NOT ONLY SHOW HOW CCWF BUDDY SYSTEM / GREEN WALL WORKS IN COVERING UP FOR EACH OTHER AND FALSIFYING DOCUMENTS IT'LL SHOW HOW DOCUMENTS [illegible] DISCREPANCY WHEN IT COMES TO [illegible] MENT, RECKLESS ENDANGERMENT [illegible] AGAINST ME AND SB132 INMATES.

Reminder: Please attach all documents in your possession that support your claim(s).
Please note that this form and supporting documents will not be returned to you.

Claimant Signature: [signature] Date Signed: 02/29/24

DISTRIBUTION: Original: Offender's File; Copies: DAI; DAPO; [illegible]

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 08:14 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Terry Yharbrough on 02/10/23 14:37 PST

4:35

amp.sacbee.com

RECEIVED

APR - 2 2024

CCWF
GRIEVANCE OFFICE

Pallares could not be reached at two cellphones listed under his name Tuesday.

CDCR said investigators are looking into allegations of misconduct involving Pallares "and has found no evidence to sustain it. The investigation is ongoing."

He was replaced by Acting Warden Pat Vazquez on Jan. 23, Simas wrote.

Ads by Google

Why this ad?

One allegation stems from claims by inmate Tremaine Deon Carroll, who told The Bee in interviews that she was subjected to sexual abuse by staff at the prison. Two days after she spoke to Rocklin attorney Robert Chalfant about her claims she was placed in administrative segregation in retaliation, Carroll said.

"One staff member was harassing me on a



CALIFORNIA DEPARTMENT of Corrections and Rehabilitation

RECEIVED
APR - 2 2024
CCWF
GRIEVANCE OFFICE

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | MEPD | FACILITY | HOUSING LOCATION |
|---|---|---|---|---|
| WH2575 | CARROLL, TREMAINE D. | 07/28/2026 | CCWF-Facility A | CCWF-A - A 504 1 - 119001L |

| VIOLATION DATE | VIOLATION TIME | VIOLATION LOCATION |
|---|---|---|
| 03/21/2024 | 14:00:00 | CCWF-Facility B - CELL |

INMATE NOTIFICATION

POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ☐ Refuse to Sign ☐ Unable to Sign | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ☐ Refuse to Sign ☐ Unable to Sign [signature] | 3/29/24 |
| ☐ I REVOKE my request for postponement. | ☐ Refuse to Sign ☐ Unable to Sign [signature] | [illegible] |

STAFF ASSISTANT

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ☐ Refuse to Sign ☐ Unable to Sign | |

INVESTIGATIVE EMPLOYEE

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☑ REQUESTED ☐ WAIVED BY INMATE | ☐ Refuse to Sign ☐ Unable to Sign [signature] | 3/29/24 |

SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS

UNCONTAMINATED
WHEN GIVEN TO STAFF
04/01/24

CARROLL, TREMAYNE #H73384
KVSP, C4-131
P.O. BOX 5104
DELANO, CA 93216

UNITED STATES DISTRICT COURT

CARROLL, T.,
PLAINTIFF

CDCR, SGT. BROWNE,
AW MIKE PALLARES,
SGT CONTRERAS, GREG
RODRIGUEZ, ET. AL.
DEFENDANT(S)

CASE NO. 1:23-cv-00974-NODJ
FILING FEES/IFP. RETURN OF DOCUMENTS, UNPUBLISHED BOOK RESCIND DOCUMENTS.

05/22/24, 1000 HRS

PLAINTIFF CARROLL IS AN ADA, SB132 TRANSWOMAN WHO WAS RECENTLY RETURNED TO MENS PRISON IN RETALIATION FOR REPORTING BEING THE VICTIM OF EMPLOYEE SEXUAL MISCONDUCT AND FOR BEING A VICTIM/PLAINTIFF/WITNESS IN THE ABOVE ENTITLED CASE NUMBER. PLAINTIFF CONTENDS SHE PAID $402 FILING FEE TO NELSON HUNT AND THE JUSTICE FIRM, YET THIS COURT IS TAKING FUNDS FOR IFP. PLAINTIFF(S) HAVE LEARNED THE JUSTICE FIRM SOLD THEIR CASES TO LARGER LAW FIRMS SO PLAINTIFF WANTS UNPUBLISHED BOOK AND ALL DOCUMENTS RETURNED. PLAINTIFF RESCINDS PERMISSION FOR ANY DOCUMENTS CONCERNING PLAINTIFF OR AUTHORED BY PLAINTIFF FOR OTHER PLAINTIFFS TO BE USED. PLAINTIFF AGAIN REQUEST TRO, AS PLAINTIFF WAS SEXUALLY ASSAULTED BY KVSP/CDCR STAFF AT GUNPOINT ON 04/20/24 + 04/22/24. THE ABOVE IS TRUE TO MY KNOWLEDGE.

(IN PRO-SE)
05/22/24

SEPERATE
CASE NUMBER
1:23-cv-00224-HBK

CARROLL, TREMAYNE #H17338[4]
KVSP, C4-131
P.O. BOX 5104
DELANO, CA 93216

UNITED STATES DISTRICT COURT

CARROLL, T.,
PLAINTIFF

CDCR, SGT. BROWNE,
AW MIKE PALLARES,
SGT. CONTRERAS, GREG
RODRIGUEZ, ET. AL.
DEFENDANT(S)

CASE NO. 1:23-cv-00974-NODJ
FILING FEES/IFP; RETURN OF DOCUMENTS, UNPUBLISHED BOOK RESCIND DOCUMENTS.

05/22/24, 1000 HRS

PLAINTIFF CARROLL IS AN ADA, SB132 TRANSWOMAN WHO WAS RECENTLY RETURNED TO MENS PRISON IN RETALIATION FOR REPORTING BEING THE VICTIM OF EMPLOYEE SEXUAL MISCONDUCT AND FOR BEING A VICTIM/PLAINTIFF/WITNESS IN THE ABOVE ENTITLED CASE NUMBER. PLAINTIFF CONTENDS SHE PAID $402 FILING FEE TO NELSON HUNT AND THE JUSTICE FIRM, YET THIS COURT IS TAKING FUNDS FOR IFP. PLAINTIFF(S) HAVE LEARNED THE JUSTICE FIRM SOLD THEIR CASES TO LARGER LAW FIRMS SO PLAINTIFF WANTS UNPUBLISHED BOOK AND ALL DOCUMENTS RETURNED. PLAINTIFF RESCINDS PERMISSION FOR ANY DOCUMENTS CONCERNING PLAINTIFF OR AUTHORED BY PLAINTIFF FOR OTHER PLAINTIFFS TO BE USED. PLAINTIFF AGAIN REQUEST TRO, AS PLAINTIFF WAS SEXUALLY ASSAULTED BY KVSP/CDCR STAFF AT GUNPOINT ON 04/20/24 & 04/22/24. THE ABOVE IS TRUE TO MY KNOWLEDGE.

T
(IN PRO-SE)
05/22/24

CARROLL, TREMAINE #H73384
KVSP, C4-131
P.O. BOX 5104
DELANO, CA 93216

UNITED STATES DISTRICT COURT

CARROLL, T.,
PLAINTIFF

CDCR, ET. AL.,
DEFENDANT(S)

CASE NO.
OBJECTION TO COURTS LAST RULING. PERMISSION TO FILE AMENDED COMPLAINT, EXTENSION OF TIME AND APPOINTMENT OF COUNSEL PRELIMINARY INJUNCTIVE RELIEF, TRO
05/21/24 2100 HRS.

PLAINTIFF CARROLL IS AN INDIGENT HEARING/MOBILITY TRANSWOMAN RECENTLY SENT BACK TO MENS PRISON, IN VIOLATION OF SB132, IN RETALIATION FOR REPORTING BEING ONE OF THE MANY VICTIMS IN THE CCWF SEXUAL ABUSE SCANDAL/LAWSUIT (1:23-cv-00974-NODJ). PLAINTIFF OBJECTS TO COURTS RULING(S) AND PRAYS IT GRANTS PERMISSION/TIME TO FILE AMENDED COMPLAINT. PLAINTIFF ALSO ASKS COURT TO APPOINT JOE GOETHALS LEGAL, WHO'S TAKEN OVER CASE NO. 1:23-cv-00974. PLAINTIFF WANTS TO JOIN CASES. ON 04/20/24 AND 04/22/24, PLAINTIFF WAS SEXUALLY ASSAULTED BY KVSP AT GUNPOINT AND THEY TURNED BODY CAMERAS OFF. PLAINTIFF PRAYS FOR PRELIMINARY INJUNCTIVE RELIEF AND TRO FROM CDCR.

THE ABOVE IS TRUE TO MY KNOWLEDGE.

[signature] (IN PRO-SE)
05/21/24

JMG
GOETHALS LEGAL

1131 Howard Ave.
Burlingame, CA 94010

joe@goethalslegal.com
650.218.4319

April 26, 2024

Tremaine Carroll:

I hope this letter finds you well. Thank you for considering GOETHALS LEGAL, PC to represent you with your legal matter. We look forward to protecting you and your civil rights. Enclosed are five documents to sign.

First is a Retention Agreement that legally bunds us to attorney-client-privilege and outlines the contract between us. Please initial and sign.

Second is an Authorization of Attorney that we can show as proof that we represent you without having to show the retention agreement. Please sign.

Third is the Substitution of Attorney document that shows proof that you have agreed to switch attorneys regarding this matter. Please sign.

Fourth is Joint Client Consent Form that makes you aware of the pros and cons of a joint prosecution. Please sign.

Fifth is a HIPAA form so we can collect any medical records on your behalf.

Please review, initial, and sign all documents and return in the provided return envelope. Thank you. As always, please feel free to reach out if ever have any questions or concerns.

Very truly yours,

GOETHALS LEGAL, PC

JOSEPH M. GOETHALS



ROSEN BIEN
GALVAN & GRUNFELD LLP

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Gay Crosthwait Grunfeld
Email: ggrunfeld@rbgg.com

January 4, 2022

VIA CERTIFIED MAIL

The Honorable George Gascón
District Attorney
County of Los Angeles
211 W. Temple Street, Suite 1200
Los Angeles, CA 90013

Re: Letter of Support for Resentencing of Tremaine Carroll, WB1153
Our File No. 0581-04

Dear Mr. Gascón:

We met at the Ninth Circuit Conference in Big Sky, Montana in the summer of 2016. Since then, I have closely followed your efforts toward criminal justice reform and applaud your ongoing and outstanding work.

I write respectfully to urge you to reevaluate and consider resentencing Tremaine Carroll, CDCR No. WB1153 pursuant to Penal Code § 1170(d)(1).

Ms. Carroll was sentenced in Los Angeles in 1999 to 25 years to life with the possibility of parole for a third-strike conviction on one count, Penal Code § 487(A). *See* enclosed Abstract of Judgment. Ms. Carroll, who is 49-years old, transgender, uses a wheelchair, and has multiple Covid-19 risk factors and health conditions, has been incarcerated for 22 years.

I have gotten to know Ms. Carroll through our firm's role as Plaintiffs' counsel in the disability rights lawsuit *Armstrong v. Newsom* pending before the U.S. District Court of the Northern District of California, Case Number 94-cv-02307. The *Armstrong* Court found that California's prison and parole systems violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 by discriminating against prisoners and parolees with mobility, sight, hearing, learning, mental and kidney disabilities. The case has resulted in a number of important district court and appellate

decisions. *See, e.g., Armstrong v. Wilson*, 942 F. Supp. 1252 (N.D. Cal. 1996), *aff'd* 124 F.3d 1019 (9th Cir. 1997).

We first began working closely with Ms. Carroll in late 2019 when she agreed to testify that officers at Richard J. Donovan Correctional Facility ("RJD") had left her in her cell, in handcuffs, for more than 48 hours over the Thanksgiving holiday. Ms. Carroll also submitted testimony about the brutal assault on another prisoner, Donald Allen, about whom I wrote you in a letter dated January 29, 2021. Ms. Carroll took a courageous step forward to testify against officers at RJD, both about abuse she suffered personally and abuse she had witnessed against other incarcerated people. In the weeks and months that followed her testimony, Ms. Carroll suffered greatly for her courage and willingness to speak out against injustice and for working with our office. Among other forms of reprisal, Ms. Carroll has been issued a barrage of false Rules Violation Reports ("RVRs") by staff at several prisons in retaliation for her efforts to hold staff accountable for misconduct.

Based on Ms. Carroll's testimony, along with the testimony of other witnesses, we filed a Motion for Temporary Restraining Order (TRO) to transfer Ms. Carroll out of RJD for her safety. The District Court Judge presiding over the *Armstrong* case, the Honorable Claudia Wilken, found Ms. Carroll's declaration persuasive and credible, and issued a 50-page opinion relying in part on Ms. Carroll's declaration. *See Armstrong v. Newsom*, 475 F. Supp. 3d. 1038 (N.D. Cal. 2020). In her July 30, 2020 opinion, Judge Wilken found that officers at RJD had retaliated against Ms. Carroll for her participation in the litigation and ordered that she be transferred to a safer prison. Judge Wilken's opinion is one of the only decisions we are aware of finding a correctional entity liable under the Americans with Disabilities Act for retaliation. Without Ms. Carroll's courage, this important opinion would not have been written.

Since the Court issued its order granting in part our Motion for Temporary Restraining Order, Ms. Carroll has encountered additional instances of abuse and retaliation which are documented in further declarations filed with the Court. The Court relied on Ms. Carroll's declarations (6 in total) in part in issuing several orders finding that the conditions at six CDCR institutions violated the Americans with Disabilities Act ("ADA"), *see Armstrong v. Newsom*, 484 F.Supp.3d 808 (2020); 2021 WL 930454 (Mar. 11, 2021); 2021 WL 933106 (Mar. 11, 2021), and ordering CDCR to develop remedial plans for the six prisons that include the installation of video surveillance and deployment of body-worn cameras at the prison.

As you recognized in your Special Directive 20-14, justice demands that persons convicted and sentenced under our previous, flawed systems of justice be entitled to the benefits of your new charging and sentencing policies. Ms. Carroll meets several of the

criteria set forth in your Special Directive, including: 1) incarceration for greater than 15 years; 2) sentencing enhancements no longer sought under your office's new Sentencing Policy; and 3) persons at enhanced risk of COVID-19 infection.

Pursuant to your Special Directive, and in the interest of justice, we urge you to petition the Los Angeles Superior Court recommending the recall and resentencing of Ms. Carroll. Ms. Carroll has rendered a great service to people with disabilities in prison. She endured physical brutality and stood firm against retaliation. She has repeatedly sacrificed her own safety and put her well-being on the line in order to advocate for her peers. She has also played an important role in our efforts to change the culture in CDCR prisons.

We are happy to answer any questions you may have.

Very truly yours,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Gay Crosthwait Grunfeld*

By: Gay Crosthwait Grunfeld

GCG:cg
Enclosure
cc: Tremaine Carroll



P.O. Box 390
San Francisco, California 94104-0390
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

July 8, 2020

Tremaine Carroll, H73384
R.J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179-0001

CONFIDENTIAL – LEGAL MAIL

Re: *Armstrong v. Newsom*
Our File No. 0581-03

Dear Ms. Carroll:

I write to summarize our confidential telephone call on July 7, 2020. During the call, we discussed the Court's July 2, 2020 Temporary Restraining Order and possible placement options for you as outlined in CDCR's proposed plan, which we received on July 6, 2020. As I explained to you, the proposed plan from CDCR was to transfer you to Mule Creek State Prison ("MCSP"), Facility B, which is a Level III EOP yard. You stated that you did not want to be housed on MCSP's Level III EOP yard because there are no cameras. You expressed that your priorities for placement are as follows:

a. Release to the community
b. Transfer outside of CDCR
    i. You expressed that while CDCR arranges for out-of-jurisdiction transfer, you would prefer to be at Facility B at MCSP rather than at RJD.
    ii. While I discussed at length the risk of being sent anywhere in the country and the possibility that placement could be as bad or worse than RJD in terms of mental health care, medical care, transgender phobia etc., you acknowledged and accepted those risks and still preferred to be transferred outside of CDCR, which means you could end up on in a prison anywhere in the United States.
c. Placement on a yard within CDCR that has security camera coverage
d. Placement at MCSP Facility B
e. Remaining at RJD

We will be meeting with CDCR on July 8 at 11 a.m. to discuss their proposed plan, and represent your interests. We will make clear your preferences. Before agreeing to any plan, we will ensure that we have an opportunity to speak with you to obtain your consent.

[3574222.1]

Please call me as soon as possible if you disagree with anything I have said in this letter, though I anticipate we will speak by phone before you receive this letter.

Thank you for your bravery in submitting declarations in opposition to staff misconduct at CDCR, and take care.

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Michael Freedman*

By: Michael Freedman

PG:jrg
Encl.: SASE



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** CARROLL, TREMAINE DEON **Date:** 05/14/2024

**CDC#:** H73384

**Current Location:** KVSP-Facility C **Current Area/Bed:** C 004 1 - 131001L

**Log #:** 000000548962

## Claim #: 001

**Received at Institution/Parole Region:** Central California Women's Facility

**Submitted to Facility/Parole District:** CCWF-Facility A

**Housing Area/Parole Unit:**

**Category:** General Employee Performance **Sub-Category:** Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

## Claim #: 002

**Received at Institution/Parole Region:** Central California Women's Facility

**Submitted to Facility/Parole District:** CCWF-Facility A

**Housing Area/Parole Unit:**

**Category:** General Employee Performance **Sub-Category:** Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

**Claim #: 003**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Services **Sub-Category:** Other Services - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 003:
Your claim concerning Offender Services;Other Services - NOS is rejected for the reason or reasons indicated below:

This claim regarding Correctional Sergeant Brown and Correctional Sergeant Contreras should not be investigating your PREA allegations is substantially duplicative of grievance log # 541982, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 004**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Classification **Sub-Category:** Transfer Issue or Transfer Requests

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 004:
Your claim concerning Offender Classification;Transfer Issue or Transfer Requests is rejected for the reason or reasons indicated below:

This claim regarding your request to have all PREA victims transferred out is substantially duplicative of Grievance log # 382637 and 448351, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 005**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Services **Sub-Category:** Other Services - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 005:

Your claim concerning Offender Services;Other Services - NOS is rejected for the reason or reasons indicated below:

This claim regarding CMF Sergeant Arumbula being in collusion with CCWF hiring Authority to manipulate inmates into making false Confidentials against you is substantially duplicative of Grievance log # 541977, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

## Claim #: 006

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Offender Resources **Sub-Category:** Other Resources - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 006:
Your claim concerning Offender Resources;Other Resources - NOS is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of # 528126, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

## Claim #: 007

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Offender Services **Sub-Category:** Allegation against Inmate/Parolee

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 007:
Your claim concerning Offender Services;Allegation against Inmate/Parolee is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of Grievance log # 514412, 519197, 519832 and 521087, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 008**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** General Employee Performance **Sub-Category:** Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

**Claim #: 009**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** B 507 1
**Category:** General Employee Performance **Sub-Category:** Substandard Performance

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**GRIEVANCE**

CDCR 602-1 (03/20)

Page 1 of 2

| STAFF USE ONLY | Grievance #: 5489160 Date Received: |
|---|---|
| | Date Due: |
| | Categories: |

*This is the process to ask for help with a complaint.*

**Claimant Name:** CARROLL, T **CDCR #:** WH2573 **Current Housing/Parole Unit:** 504-119

**Institution/Facility/Parole Region:** CCWF

**In order for the Department to understand your complaint, make sure you have answered the following questions:**

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.*
- *What specific action would resolve your complaint?*

RECEIVED

APR 1 6 2024

CCWF GRIEVANCE OFFICE

PREA / STAFF COMPLAINT

IT WAS BROUGHT TO MY ATTENTION THAT CCWF STAFF, INCLUDING HIRING AUTHORITY, PREA COMPLIANCE MANAGER, CPT. SEAGAR, LT. VOGEL, LT. VILLEGAS, SGT. BROWNE, SGT. CONTRERAS AND OTHERS INSTRUCTED SAN JOAQUIN SART EXAMINER TO DEAL WITH ME AS A SUSPECT, NOT A VICTIM AND TO NOT SWAB THE AREAS I TOLD THEM I/M BENNET KISSED, LICKED, SUCKED, TOUCHED, PROBED ME (NECK, MOUTH, LIPS, ANUS, SCROTUM, PENIS, EARS, CHEST, STOMACH, LEGS, BUTTOCKS, ETC).

ITS ALSO BEEN BROUGHT TO MY ATTENTION THAT SGT. BROWNE, SGT. CONTRERAS AND OTHERS THREATENED I/M WILLIAMS, PRISCILLA WITH AN RVR FOR GOING OUT-OF-BOUNDS IN 507-25 OF HER OWN FREE WILL IF SHE DIDNT SAY I FORCED HER INTO 507-25 AND RAPED HER. SGT. BROWNE AND SGT. CONTRERAS FED I/M WILLIAMS THE SAME STORY LINES THAT WERE FED TO I/M BENNET.

SGT. BROWNE AND SGT. CONTRERAS ARE TWO OF THE MANY DEFENDANTS NAMED IN THE CCWF SEXUAL ABUSE SCANDAL OF WHICH I AM A VICTIM / PLAINTIFF AND THEY'RE FULLY AWARE THAT I ASSISTED SEVERAL OF THEIR SEXUAL ASSAULT VICTIMS IN FILING GRIEVANCES AND LEGAL DOCUMENTS PER CCR 3163 IN WHICH THEY ARE NAMED. FOR OVER A YEAR I'VE

DISTRIBUTION Original: Offender's File Copies: DAI, DAPO, and Offender

[illegible] THAT [illegible] SHOULD BE TRANSFERRED TO PROTECT THE INTEGRITY OF THE INVESTIGATIONS TO PROTECT US FROM RETALIATION [illegible] CONTINUED PHYSICAL [illegible] FALSIFIED [illegible] PERSON, PROPERTY AND [illegible] OF FREEDOM.

NEITHER SGT. BROWN [illegible] SGT. CONTRERAS NOR ANY NAMED DEFENDANT SHOULD BE INVOLVED IN ANY INVESTIGATION(S) REGARDING ME OR ANY NAMED VICTIMS/PLAINTIFFS [illegible] AN OBVIOUS CONFLICT OF INTEREST. HOWEVER, SGT. BROWN AND SGT. CONTRERAS ARE THE ONES WHO INVESTIGATED / MANIPULATED FACTS, EVIDENCE AND WITNESSES WHILE COERCING I/M BENNET AND I/M WILLIAMS TO FILE KNOWN FALSIFIED ALLEGATIONS AGAINST ME, WHILE COERCING OTHERS (STAFF, NURSE, WITNESSES) TO CIRCUMVENT PREA INVESTIGATION OF [illegible] VICTIM. THEY ALSO DENIED ME RIGHT TO POLYGRAPH EXAM FOR MYSELF, I/M BENNET AND I/M WILLIAMS.

IN GREEN WALL / MEXICAN MAFIA / BUDDY SYSTEM FASHION. CMF SGT. MUNGUIA IN COLLUSION WITH CCWF HIRING AUTHORITY AND HISPANIC ADMINISTRATION MANIPULATED INMATES TO MAKE FALSE CONFIDENTIALS AGAINST ME TO GET ME SENT BACK TO MENS PRISON TO GET ME KILLED.

I/M BROWN [illegible] TEST. HOWEVER INFO REGARDING THIS WAS DOCUMENTED AND USED AGAINST ME. ALTHOUGH SHE HAS PSEUDOCYESIS AND ALWAYS THINKS SHE'S PREGNANT, THERE'S NOT ONE INCIDENT SHOWING ME BULLYING, INTIMIDATING NOR EXPOSING MYSELF TO ANYONE. HOWEVER, THERE ARE AT LEAST (4) INCIDENTS CAPTURED ON AVSS OF ME BEING ASSAULTED BY STAFF AND INMATES.

FOR YEARS I'VE DOCUMENTED IN GRIEVANCES, TAPED INTERVIEWS THAT CCWF SHOULD HAVE CONDOMS AVAILABLE AND THERE SHOULD BE INFORMATION ON TABLETS FOR INMATES TO REPORT SEXUAL ABUSE. IT ISN'T UNTIL I/M ROSS [illegible] THAT NOW CCWF HAS CONDOMS VISIBLE IN PREA INFO ON TABLETS. I DOCUMENTED CCWF STAFF TOLD [illegible] I/M ROSS PREGNANT BEFORE THEY MOVED ME IN WITH HER. MY DUE PROCESS RIGHTS ARE BEING VIOLATED. (5) ATTACHMENTS

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature: [illegible] Date Signed: [illegible]

DISTRIBUTION: Original [illegible]

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 07:57 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-[illegible] |

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

From: Stephanie Navarro on 11/27/22 16:56 PST

4:45

**

After the shooting, Brown set the house on fire and fled to Texas, where she stayed with relatives and obtained a false birth certificate.

BROWN IS I/M LATASHA BROWN #X-08560, WHO'S AT CIW WAITING TO KILL I/M ROSS, SET HER ON FIRE AND TAKE HER BABY. CCWF WAS MADE AWARE OF THIS PRIOR TO SENDING I/M ROSS TO CIW, RECKLESSLY ENDANGERING HER LIFE.

Brown returned Vallejo after a few months, but was not arrested until six years later, when police received an anonymous tip.

The baby"s father was Vallejo rap artist Lathan "Young Lay" Williams, who in 1998 created an album entitled "Unsolved Mysteries" to publicize the kidnapping.?

A doctor testified at the trial that Brown may have suffered from a rare condition called pseudocyesis, or imaginary pregnancy, and had mistakenly thought she was in labor three weeks before the murder.

Prosecutors claimed that Brown, who had had a relationship with Williams, was jealous of the rap artist"s relationship with Boyden.

A three-judge panel of the Court of Appeal, in a decision issued Friday, unanimously turned down Brown"s claim that a statement she made to police and a "letter to God" found in her jail cell in 2002 should not have been allowed as

×

* THIS IS ALSO WHY I/M BROWN SHOULD BE DOCUMENTED ENEMY OF I/M ROSS (#WF4577). SGT. BROWNE AND SGT. CONTRERAS TOLD I/M BROWN THAT I/M ROSS IS PREGNANT BY ME. IN TURN, SGT. BROWNE, SGT. CONTRERAS AND THE GREEN WALL BUDDY SYSTEM FROM CCWF-TO-CIW SENT I/M ROSS TO CIW TO HAVE HER AND HER UNBORN KILLED AND GAVE THE "GREEN LIGHT" TO DOCUMENTED ENEMIES: I/M BROWN, I/M HICKMAN AND I/M SMITH TO DO SO. CDCR FAILED TO PROTECT I/M ROSS FROM GETTING PREGNANT, NOW THEY'RE FAILING TO PROTECT HER FROM KNOWN ENEMIES.

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 08:08 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 11/24/22 18:23 PST

Delores Brown received a year in jail in 2003 after pleading no contest to child concealment.

"I'm very pleased," said Solano County Deputy District Attorney Donna Stashyn. "I'm especially pleased for the family. It's literally been a living hell for the last eight years."

Defense attorney Bill Pendergast expressed disappointment. He said his client suffered from pseudocyesis, or false pregnancy, and at one point, believed she was in labor.

"This led her to believe this child was hers, and her reason was not that she in a deliberate and premeditated fashion killed this woman, but she thought that child was hers and reacted in a defense-of-others means to get her child back," Pendergast said.

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

RE" I/M BROWN AND HER BEING LEFT AT CIW TO ATTACK I/M ROSS ON-SIGHT. CDCR DOESN'T WANT I/M ROSS BABY TO BE BORN SO THEY'RE USING THE MENTAL HEALTH CONDITION OF I/M BROWN AND THE OTHERS, HICKMAN, SMITH TO KILL I/M ROSS WHO THEY HAVE IN PIP UNTIL SHE SIGNS OFF SAFETY CONCERNS

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 07:57 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 11/27/22 16:56 PST

4:45

cell in 2002 should not have been allowed as evidence in her trial.

The court said both statements were vague and did not contain a clear admission of guilt. The panel said there was "overwhelming independent evidence of guilt" from other sources.

In the letter, Brown said, "All I wanted was to be a mommy and now I never will."

A second cousin, Ocianetta Williams, who was with Brown at the time of the murder, became a prosecution witness and was sentenced to 13 years in prison as part of a plea agreement.

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

**Share this:**

**View more on Times-Herald**

SPONSORED CONTENT

* CIW IS HOLDING I/M ROSS IN PIP AGAINST HER WILL AND TELLING HER SHE'S NOT GOING TO BE IN LACTATION PROGRAM WITH ALL OTHER PREGNANT WOMEN UNLESS SHE SIGNS OFF SAFETY CONCERNS. THATS CRUEL & UNUSUAL PUNISHMENT, DELI-BERATE INDIFFERENCE AND RECKLESS ENDANGERMENT AND RETALIATION. I/M ROSS IS ANOTHER VICTIM / PLAINTIFF IN CCWF SEXUAL ABUSE SCANDAL.

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 07:53 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 10/31/23 22:22 PDT

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

* CCWF, SGT. BROWNE, SGT. CONTRERAS, GREEN WALL ARE TRYING TO HAVE DRB SEND ME BACK TO MENS PRISON WHERE I'LL BE RAPED AND KILLED. THEY'VE SUPPLIED INMATES WITH PHONES AND FALSIFIED DOCUMENTS TO SHARE WITH INMATES IN MENS PRISONS. THEY TOLD I/M BENNET, I/M WILLIAMS AND OTHERS IM IN PRISON FOR RAPE AND CHILD MOLESTATION, WHICH CDCR HAS ME FALSELY LABELED. THERE'S NOT ONE INSTANCE OF ME PRESENTING MYSELF DIFFERENT TO INMATES THAN I DO TO STAFF. I DONT CHANGE MY LOOK, SOUND, DEMEANOR, NONE OF WHICH HAVE ANYTHING TO DO WITH ME BEING A WOMAN.

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
| --- | --- | --- | --- | --- | --- |
| TREMAINE CARROLL | WH2575 | 02/25/24 08:12 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 10/11/22 06:10 PDT

6:10 5GUC 92%

Sukey Lewis

Tuesday, October 11

There's widespread human/sex trafficking by administration and custody staff at the central California women's prison in Chowchilla California. Prison guards are selling the sexual services of inmates to other inmates and staff members. These inmates are the most vulnerable based on their pursuit o

View all

6:09 AM

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

* I DOCUMENTED THAT CCWF STAFF TOLD ME TO GET I/M ROSS PREGNANT BEFORE I WAS MOVED IN ROOM 507-29 WITH HER. IT'S ALSO DOCUMENTED THAT I HAD TO PAY STAFF TO MOVE I/M BROWN AND I/M PENNEWELL IN ROOM 505-23 WITH ME AND HAD TO PAY STAFF TO MOVE ME TO 507-25. THESE WOMEN ARE FRIENDS OF MINE BUT BECAUSE IM UNDER SB132 AND TRANSGENDER, CCWF STAFF PIMPS MADE ME PAY FOR BED MOVES. THEY BASED IT ON CDCR HAVING ME LABELED RAPIST/CHILD MOLESTER, NEITHER OF WHICH I AM.

UNCONTAMINATED
WHEN GIVEN TO STAFF

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** CARROLL, TREMAINE D. **CDC#:** H73384

**Date:** 05/21/2024

**Current Location:** KVSP-Facility C **Current Area/Bed:** C 004 1131001L

**From:** Office of Grievances at Kern Valley State Prison

**Re:** Log # 000000566096

The California Department of Corrections and Rehabilitation Office of Grievances at Kern Valley State Prison received your grievance on 05/21/2024. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 07/21/2024.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

| STAFF USE ONLY | OGT Log No: 566096 Date Received: ____<br>Decision Due Date: ____<br>Categories: ____ |
|---|---|

Claimant Name: CARROLL, TREMAYNE CDCR #: H73384

Institution/Parole Region: KVSP Current Housing/Parole Unit: C4-131

STAFF USE ONLY

*Use this form to file a complaint with the Department.*

**In order for the Department to understand your complaint, please answer all of the following questions:**

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *What specific action would resolve your complaint?*

KERN VALLEY STATE PRISON
MAY 2 1 2024
INMATE APPEALS OFFICE

*NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).*

STAFF COMPLAINT / PREA / EMERGENCY
PER THE PREA POLICY, ANYONE CAN REPORT BEING THE VICTIM OR WITNESS TO EMPLOYEE SEXUAL MISCONDUCT TO ANYONE THEY'RE COMFORTABLE WITH. IN THIS REGARD, IS CDCR NOW SAYING ONLY REPORT IF YOU'RE A VICTIM, DON'T REPORT IF YOU'RE JUST A WITNESS?
I'M REPORTING RIGHT NOW THAT I/M ROSS WAS PIMPED, TRAFFICKED OUT TO MULTIPLE CDCR STAFF MEMBERS AT CCWF, INCLUDING BUT NOT LIMITED TO SGT. NICHOLS, C/O HERNANDEZ, C/O RODRIGUEZ, SGT. BROWNE, SGT. CONTRERAS AND OTHERS WHO BENEFITED AND/OR PROFITED SEXUALLY, MONETARILY OR OTHERWISE -- TO WORK IN SERVITUDE TO BOTH STAFF AND INMATES, BOTH CURRENT AND FORMERLY HOUSED OR EMPLOYED AT CCWF.
NO SANE PERSON WOULD SEND I/M ROSS BACK TO CCWF UNDER ANY CIRCUMSTANCES WITH THE LISTS OF SWORN ENEMIES MENTIONED AND/OR DOCUMENTED THAT INCLUDE I/M SMITH, WHO

ADA Accessible

HAPPENS TO BE '/M ROSS' REAL MOTHER. THIS WOULD BE BEYOND CRUEL/UNUSUAL PUNISHMENT, RECKLESS ENDANGERMENT AND DELIBERATE INDIFFERENCE. LOCKING '/M ROSS IN PSYCHIATRIC UNIT FOR CDCR FAILING TO PROTECT HER FROM GETTING PREGNANT IS BARBARIC.

AS A RESULT OF '/M ROSS' CURRENT AND PAST PREGNANCIES WHILE HOUSED AT CCWF, THERE ISNT NOR WILL THERE EVER BE ANY-WHERE SAFE FOR '/M ROSS TO HOUSE IN CDCR AS SHE'LL BE THE TARGET OF ALL STAFF AND ALL INMATES, ESPECIALLY THE 99% THAT ARE A PART OF THE LGBTQ+ COMMUNITY THAT NOW BELIEVE INMATES WILL NO LONGER BE ABLE TO HOUSE IN ACCORD WITH THEIR GENDER IDENTITY BECAUSE OF '/M CARROLL AND '/M ROSS.

COUPLE THAT WITH THE FACT WERE BOTH PLAINTIFFS/ VICTIMS/WITNESSES IN THE CCWF SEXUAL ABUSE SCANDAL AND LAWSUIT THAT SHOULD BE UNDER FEDERAL WITNESS PRO-TECTION.

IM READY TO COME FORWARD WITH THE NAME OF THE CDCR/ CCWF STAFF THAT CAME TO ME ABOUT GETTING '/M ROSS PREGNANT LONG BEFORE I WAS PLACED IN THE ROOM WITH '/M ROSS. IM NOT WILLING TO TALK TO ANY CDCR STAFF ABOUT THIS. IM A FEDERAL WITNESS AND THIS IS A FEDERAL SITUATION.

THIS WEEKEND I CAME IN CONTACT WITH ONE OF THE KVSP STAFF THAT SEXUALLY ABUSED ME AT GUNPOINT. RHU ISNT SAFE FOR ME OR MY SANITY. THERES NOWHERE SAFE FOR NEITHER MYSELF NOR '/M ROSS TO BE ABLE TO HOUSE IN CDCR.

IM A TRANSWOMAN BEING DENIED RIGHT TO HOUSE ACCORDING TO MY GENDER IDENTITY REPORTING PER PREA POLICY.

Claimant Signature: 05/ [signature] Date Signed: 05/19/24

3325 WILSHIRE BOULEVARD, SUITE 340 LOS ANGELES, CA 90010
213.384.1400 213.384.1411 JUSTDETENTION

JUST DETENTION
INTERNATIONAL

# Frequently Asked Questions (FAQ)
## Counseling and Support Services

*Just Detention International (JDI) is a non-profit human rights organization that seeks to end sexual abuse in all forms of detention. JDI provides the general information below in an effort to respond to questions that we regularly receive from prisoner rape survivors. Please remember that laws are constantly changing and their application may vary from one case to the next. Legal advice must be tailored to the specific circumstances of each case and can only be provided by a qualified attorney. This FAQ does not constitute legal advice.*

**1. I was sexually assaulted and am afraid to talk to the prison counselor. What should I do?**

Only you can decide what the best option would be for you. Unlike counselors in the community, a prison counselor may be required to report any crime – including sexual abuse – to corrections staff. By making such a report, a counselor can make sure your abuse is investigated.

If you are fearful of staff knowing about the abuse, you can meet with a counselor and ask what she or he has to report to prison officials or police – before you talk with him or her – to help you decide what you want to share. You can also contact a rape crisis center in the community, although you should be aware that your letters to them may be monitored like other mail. Please refer to JDI's *Resource Guide for Survivors of Sexual Abuse Behind Bars* for a listing of rape crisis centers near you.

**2. I told a mental health staff member about the abuse and s/he reported it to prison officials without my permission. Are staff allowed to do that?**

Most prisons and jails have policies that require staff to report any crime so that it can be investigated. No matter where it happens, rape and sexual assault are crimes. If the counselor promised you that she or he wouldn't tell anyone but still reported the abuse to prison officials, that was inappropriate. However, it was most likely not against the facility's policy. If, because of the report you have been targeted for additional abuse or feel especially unsafe, you may request a transfer to another unit or facility.

In general, mental health counselors (including ones who work in prisons) are required to explain what they can and cannot keep confidential before they start working with a new client. If you were not informed of what the counselor would have to report, you may want to ask your counselor or other mental health staff for a copy of the institution's policy. If you are able to contact a local rape crisis center, a counselor there may be able to write to you or meet with you. However, your communication with her or him will be monitored like any other letters and phone calls (except those with your lawyer). Please refer to JDI's *Resource Guide* for a listing of rape crisis centers in your area.

**3. I asked to see a therapist, but my requests have been ignored/denied. How can I get counseling while I am still behind bars?**

If you reported your abuse, you should have been offered counseling. However, even if you did not file a report or were not offered counseling, you should be able to request to see a therapist in the facility. If you followed the procedure for doing so, but were still not permitted to see a counselor, you can file a grievance. Your grievance should include: when you requested counseling; to whom you made your request; whether it was in writing; what you wrote/said; and the response (if any) you received. Please be aware that the facility may require that you explain why you want to receive counseling, so you will have to decide what you feel comfortable sharing.

You may want to contact a local rape crisis center for information and counseling via phone or by mail. JDI's *Resource Guide* contains a listing of rape crisis centers in your area that are willing to work with survivors of sexual assault behind bars. If you do not see a center listed in your area, contact the state sexual assault coalition to inquire which rape crisis center provides services in your area.

**4. I contacted a few of the organizations listed in JDI's *Resource Guide* but never heard back from them. What's going on?**

All of the organizations listed in the *Resource Guide for Survivors of Sexual Abuse Behind Bars* have agreed to help incarcerated survivors. If you have not received a response within 2-3 weeks, you may want to write the organization again to inquire if they received your first letter and to explain again why you need help. Remember that most of the organizations listed have limited resources and are asked to help a large number of people, so it may take a while for them to respond to you.

If you still have not received a response after sending a follow-up letter, please let JDI know to whom you sent your letters (including the dates of your letters and the address to which you sent them) so that we can follow-up with the organization.

***

ACKNOWLEDGES THERES NOTHING IN THE ORDER REGARDING ANY CLASSES

ROSEN BIEN GALVAN & GRUNFELD LLP

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Penny Godbold
Email: pgodbold@rbgg.com

RECEIVED COMP GRIEVANCES

May 20, 2021

Tremaine Carroll (H73384)
Mule Creek State Prison
P.O. Box 409099
Ione, CA 95640

**PRIVILEGED AND CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDERS**

Re: *Armstrong v. Newsom:* Stipulation Regarding Transfer to Women's Prison
Our File No. 0581-03

Dear Ms. Carroll:

Thank you for meeting with me on Monday, May 17, 2021 to discuss your request to enter a stipulation with CDCR to modify the Court's orders regarding your placement at MCSP to allow for your transfer to women's prison. *See* Dkts. 3124, 2991. Based on our meeting on Monday, you rejected language proposed by CDCR as too broad and allowing transfer without due process. During our meeting you and I discussed language that you would agree to as an additional condition allowing CDCR to transfer you from a women's prison in very limited circumstances including if "**CDCR has management or security concerns resulting from any guilty finding of a rule violation that was not present or previously documented in [your] record and which directly infringes on the health and safety of the individuals in the women's prison and thus necessitates transfer in accordance with the Court's July 10, 2020 order (Dkt. 2976).**"

As we discussed during our meeting, you were advised that this provision provides CDCR with the additional ability to transfer you back to MCSP pursuant to the original court order based on a guilty finding for any RVR that raises management or security concerns implicating the health or safety of the individuals housed in the women's prison.

You were also advised that Defendants are not required to obtain approval from Plaintiffs' counsel prior to transferring you pursuant to this provision.

You were also advised that, given this additional ability to transfer you back to MCSP, Plaintiffs' counsel will be unable to challenge any CDCR decision to transfer you

[3736097.1]

back to MCSP based on a guilty finding for any RVR that raises management or security concerns implicating the health or safety of the individuals housed in the women's prison.

I have sent the draft stipulation with the language you proposed and agreed to during our meeting to CDCR and I am awaiting approval. If CDCR approves, I will arrange to also obtain your signature on the stipulation. As discussed, I also need your written permission on file. I do still have your handwritten note confirming your agreement but also ask you to please sign below indicating that you understand and agree with the proposed modifications to the court order and you wish to move forward with signing the stipulation. I am including an envelope for you to return the signed agreement. I will not move forward with the stipulation until I confirm your agreement.

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Penny Godbold*

By: Penny Godbold

Encl.: SASE

DATED: May __, 2021

______________________________
Tremaine Carroll, H73384

PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Executive Director:*
Margot Mendelson

*Attorneys:*
Rana Anabtawi
Patrick Booth
Tess Borden
Steven Fama
Mackenzie Halter
Alison Hardy
Sophie Hart
Marissa Hatton
Jacob Hutt
A.D. Lewis
Rita Lomio
Donald Specter

# LEGAL MAIL - CONFIDENTIAL

April 19, 2024

T. Carroll, WH2575
CCWF
PO Box 1508
Chowchilla, CA 93610

Dear Ms. Carroll:

We received your letter on February 28, 2024. We also received emails from people who were concerned about your well being. We hope that you are doing ok.

Are you still dealing with water leakage in your cell? If so, have you told staff or filed any paperwork requesting the issue be addressed? If this is still a problem and you haven't yet filed a grievance, we recommend you do so. We're enclosing a blank grievance, in case it's helpful.

We were also told that you have been having seizures. Is this still happening?

Were you able to get your hearing aids and glasses? We encourage you to submit an 1824 request and let us know if not.

We keep track of staff harassment and appreciate you keeping us in the loop. If you have any updates, you can send them to us, although we can't guarantee we will be able to help. You should write to us if you experience any disability discrimination.

Please take care.

Sincerely,

Dewi Zarni

Dewi Zarni
Litigation Assistant under Sophie Hart and Marissa Hatton

Enclosures: 602; Arm Leaking

**Board of Directors**
Jason Bell • Vanita Gaonkar • Nick Gregoratos • Christianne Hipps
Jean Lu • Claire McDonnell • Seth Morris • Vishal Shah • Adrienne Yandell


213.384.1400 213.384.1411 DETENTION

JUST DETENTION 

Dear Service Provider,

As you may already know, your organization is listed in Just Detention International's *Resource Guide for Survivors of Sexual Abuse Behind Bars* — a state-by-state listing of rape crisis programs; HIV/AIDS, LGBT+, and legal service organizations; and government agencies. To request JDI's Resource Guide, please visit https://justdetention.org/resources/survivor-resources/how-we-can-help/.

Survivors of sexual abuse in detention are often desperate for help in the aftermath of a sexual assault, yet many do not have access to hotlines or other forms of confidential crisis services. Most incarcerated survivors must reach out via letters, like this one. We understand that your resources may be limited, but incarcerated survivors — like those in the community — depend on support and information from agencies like yours. As such, we hope that you will respond to the enclosed letter, offering whatever services you can.

If you have any concerns or would like additional information about working with people who have been sexually abused in custody, please contact Leelyn Aquino, JDI's Operations Director, at laquino@justdetention.org or 213-384-1400 ext. 110. If your organization is no longer able to help survivors of prisoner rape, please let us know as soon as possible.

Thank you in advance for your attention to the enclosed letter and for your commitment to working with this underserved population of survivors.

Sincerely,

Linda McFarlane

Linda McFarlane, LCSW
Executive Director
Just Detention International



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** CARROLL, TREMAINE D. **CDC#:** H73384

**Date:** 05/10/2024

**Current Location:** KVSP-Facility C **Current Area/Bed:** C 004 1131001L

**From:** Office of Grievances at Central California Women's Facility

**Re:** Log # 000000562343

The California Department of Corrections and Rehabilitation Office of Grievances at Central California Women's Facility received your grievance on 05/10/2024. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 07/10/2024.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

GRIEVANCE CONTINUATION PAGE
CDCR 602-1 (Rev. 01/22)

OGT Log No: 5102343 Date Received:
Decision Due Date:
Categories:

Claimant Name: GARROTT, J. CDCR #: WH2575
Institution/Parole Region: GARROTT Current Housing/Parole Unit:

RECEIVED
MAY 1 0 2024
CCWF
GRIEVANCE OFFICE

*Use this form to file a complaint with the Department*

**In order for the Department to understand your complaint, please answer all of the following questions:**

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *What specific action would resolve your complaint?*

KERN VALLEY STATE PRISON
MAY 1 0 2024
INMATE APPEALS OFFICE

*NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).*

STAFF COMPLAINT / PREA
AFTER BEING SEXUALLY / PHYSICALLY ASSAULTED BY KVSP STAFF ON 04/20/24 AND 04/22/24, AND CCWF STAFF 04/19/24 AND 04/20/24, I RECEIVED NO MENTAL HEALTH TREATMENT OR CONSIDERATION FOR PREA POLICY, IN CDCR'S EFFORT TO COVER THIS UP LIKE THE GREEN WALL DOES.
I NEED A HIGHER LEVEL OF CARE AND TREATMENT FOR RAPE TRAUMA SYNDROME. IN JANUARY I WAS SEXUALLY ASSAULTED BY I/M BENNET. THE LAST TIME I WAS AT KVSP I WAS SEXUALLY / PHYSICALLY ASSAULTED BY STAFF AND INMATES.
EACH TIME I HAVE TO GO OUT I START HAVING PANIC ATTACKS BECAUSE I KNOW IM GOING TO BE FONDLED DURING SEARCHES AND STRIP OUTS BY MALE OFFICERS EVEN THOUGH I HAVE FEMALE SEARCH PREFERENCE.
ITS ALSO TRAUMATIZING TO KNOW AT ANY POINT I [illegible]

ADA Accessible

GRIEVANCE
CDCR 602-1 (Rev. 01/22)

CONTINUATION PAGE

[illegible]

CDCR 128-B (Rev. 4/74)

NAME: CARROLL NUMBER: WH2575/H73384 HOUSING: KVSP-004-131-1L

On Wednesday, May 01, 2024, The Central California Women's Facility (CCWF) Investigative Services Unit (ISU) received notification from Prison Rape Elimination Act (PREA) Locally Designated Investigator (LDI) Lieutenant J. Collier had completed an investigation into your PREA allegation: PREA Log Number: CCWF-PREA-24-01-019.

The Conclusion of the investigation was: ☐Sustained ☒Unsubstantiated ☐Unfounded

The Subjects Status: (If Applicable)

**☐Staff**

☐Has been removed from Unit/Facility
☐Has been terminated from employment
☐Has been indicted on the allegations of misconduct
☐Has been convicted of the allegations of misconduct

**☒Inmate**

☒Moved to another housing unit or another facility
☐Indicted on allegations of sexual violence
☐Convicted on charges of sexual violence

RTS 5/8/24 1147 hrs.

Inmate Signature

J. COLLIER
Locally Designated Investigator
Central California Women's Facility

Date: 5/1/2024 General Chrono



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** CARROLL, TREMAINE DEON

**Date:** 05/14/2024

**CDC#:** H73384

**Current Location:** KVSP-Facility C

**Current Area/Bed:** C 004 1 - 131001L

**Log #:** 000000541978

**Claim #: 001**

**Received at Institution/Parole Region:** Central California Women's Facility

**Submitted to Facility/Parole District:** CCWF-Facility A

**Housing Area/Parole Unit:** A 504 1

**Category:** Offender Classification **Sub-Category:** Administrative Segregation

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 001:
Your claim concerning Offender Classification;Administrative Segregation is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of multiple grievances log #s 516096, 516104, 516180, 522872, 522872, 522870, and 524174, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 002**

**Received at Institution/Parole Region:** Central California Women's Facility

**Submitted to Facility/Parole District:** CCWF-Facility A

**Housing Area/Parole Unit:** A 504 1

**Category:** Facilities **Sub-Category:** Other Facilities Issue - NOS

**I. CLAIM**

Claimant alleges that on unknown date at 0200 hours, they were brought out of cell 119 without a supervisor present and was illegally handcuffed in waist restraints without safety locks placed on.

**II. RULES AND REFERENCES**

**A. CONTROLLING AUTHORITY**

Department Operations Manual (Special Placements-Section: 62050)
California Code Regulation (CCR-3268.2-Use of Restraints)

**B. DOCUMENTS CONSIDERED**

CDCR 602 Inmate/Parolee Appeal Form Log# 541978, Claim# 002
Building 504 Entry Logbook: 3/18/2024
Audio Video Surveillance System
Bed Assignment

**III. REASONING AND DECISION**

All available evidence regarding your claim have been reviewed. Based on staff interviews and the information obtained regarding this grievance, it was determined this grievance is (Denied) for the following reasons.

A review of the inmate Bed Assignment indicates that Inmate Carroll was assigned to Facility A Building 504 (Restricted Housing Unit) dated 3/10/2024 in cell 119 and moved out from the assigned room on 4/19/2024 during the allege allegation.

A review of the Audio Video Surveillance System showed Correctional Officers D. Mays and W. Moua began to remove inmate from the affected flooded rooms at approximately 0302 hours. At approximately 0315-0322 Officer Moua and Mays was at Inmate Carroll's assigned Cell 119. Officer Moua retrieves a waist restraint and began to apply it on to Inmate Carroll. At the completion of securing Inmate Carroll in waist restraints Inmate Carroll was removed from the cell. Officers entered the room and began cleaning out the water inside cell 119. At the completion of the cleaning, Inmate Carroll was escorted back to her assign room. Moments later, AVSS showed staff utilizing their institutional radio to notify Central Control of a Medical Emergency. Officer Moua was seen applying the waist restraints on Inmate Carroll and removed Inmate Carroll from the room awaiting the arrival for medical staff to assess Inmate Carroll.

A review of Building 504 Logbook for Inmate Carroll's interactions notated on 3/18/2024, Inmate Carroll was removed from her assigned cell approximately 0340 hours by Correctional Officers D. Mays and W. Moua due to an inmate in cell 117 had flooded the tier and Correctional Sergeant R. Godin authorized the removal of inmates willing to be escorted out to have the cell clean.

Evidence gathered, along with interviews conducted with staff and inmate did not produce sufficient evidence that staff violated policy. Audio Video Surveillance System indicated Inmate Carroll was properly remove from the cell in waist restraints and sufficient staff was present. Departmental Operation Manual for Building 504 Special placement, section 62050 stated in part, under Escort, staff maybe authorized to conduct escorts within the GP RHU, utilizing one Correctional Officer per inmate unless the inmate has been deemed for doubles escort. Therefore, this claim is denied due to insufficient evidence staff did violate any policy procedure or regulations.

**IV. Comments**

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| A. Padilla [PAAL014] | Reviewing Authority | 05/09/2024 |

**Claim #: 003**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Facilities **Sub-Category:** Other Facilities Issue - NOS

**I. CLAIM**

It is the claimant's position cell 119 flooded and they were placed back in the cell when the floors were still wet, resulting in juries from the claimant slipping. Alleges that when they returned from 805 to room 119 the room was still wet and they fell resulting in another seizure, unsure how long they were on the floor for but was soaking wet at breakfast.

**II. RULES AND REFERENCES**

**A. CONTROLLING AUTHORITY**

M-0371 Emergency Medical Response System 2023.

B. General instructions

1. All staff has the authority to initiate a 9-1-1 call for EMS

2.Any individual who encounters a medical emergency is responsible for summoning assistance by the most expeditious means available, e.g., Personal alarm device (PAD), radio, whistle, shouting, or telephone.

3.Any patient may request medical attention for an urgent/emergent health care need from any CDCR or CCHCS employee. The Employee shall in all instances, notify health care staff without unreasonable delay.

**B. DOCUMENTS CONSIDERED**

Grievance Log # 541978, Claim # 003. Dated 11/3/2023.
M-0371 Emergency Medical Response System 2023.

**III. REASONING AND DECISION**

Carroll did not provide a specific day or time for this grievance; Therefore, The Audio Video Surveliance System (AVSS), footage was not available. Carroll did not provide any specific staff for this grievance; Therefore, Body Worn Camera (BWC) footage was not available. Carroll refused to be interviewed; consequently, I was unable to substantiate or gather any information regarding this grievance.

**IV. Comments**

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| A. Gonzales [GOAR004] | Reviewing Authority | 05/13/2024 |

## Claim #: 004

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** General Employee Performance **Sub-Category:** Substandard Performance

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

**Claim #: 005**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Offender Services **Sub-Category:** Other Services - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024. Your request for an interview, item, assistance, or service was redirected to appropriate staff in accordance with the California Code of Regulations, title 15.

Your request will be addressed by appropriate staff at Central California Women's Facility, as determined by the Reviewing Authority.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Redirected**

**Claim #: 006**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Safety and Security **Sub-Category:** Use of Force

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 006:
Your claim concerning Offender Safety and Security;Use of Force is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of a prior claim you already submitted, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**GRIEVANCE**
CDCR 602-1 (03/20)

| STAFF USE ONLY | Grievance #: 541973 Date Received: |
| --- | --- |
| | Date Due: |
| | Categories: |

*This is the process to ask for help with a complaint.*

**Claimant Name:** CARROLL, T **CDCR #:** WH2575 **Current Housing/Parole Unit:** 504-119

**Institution/Facility/Parole Region:** CCWF

**In order for the Department to understand your complaint, make sure you have answered the following questions:**

RECEIVED
APR - 2 2024
CCWF
GRIEVANCE OFFICE

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.*
- *What specific action would resolve your complaint?*

PREA / STAFF COMPLAINT / UNNECESSARY EXCESSIVE USE OF FORCE / FALSIFYING DOCUMENTS / SB132
ON MULTIPLE OCCASIONS, WHILE HOUSED (ILLEGALLY) IN CCWF SOLITARY CONFINEMENT, I'VE SUFFERED SEIZURES THAT RESULTED IN INJURIES DUE TO STAFF NEGLECT.
I WAS RECENTLY ILLEGALLY AND AGAINST CDCR POLICY BROUGHT OUT OF CCWF-504-119 ON FIRST WATCH AT APPROXIMATELY 0200 HRS WITH NO SGT. NOR SUPERVISOR PRESENT. CELL 119 AND OTHERS WERE FLOODED.
I WAS ILLEGALLY HANDCUFFED IN WAIST RESTRAINTS WITHOUT THE SAFETY LOCKS PLACED ON.
CELL 119 WAS SUPPOSED TO BE COMPLETELY DRY BEFORE I WAS PUT BACK IN. HOWEVER, THE FLOOR WAS WET STILL. WHEN TRYING TO GET OUT OF MY WHEELCHAIR, I SLIPPED ON THE WET FLOOR, HIT MY HAND AND HAD A SEIZURE INJURING MY HEAD, SHOULDER, BACK, NECK AND WRISTS.
I DONT KNOW IF MY WRIST WAS ONLY INJURED AS A RESULT OF THE HANDCUFFS TIGHTENING ON THEM FROM THE FALL AND SEIZURE OR WHAT.

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
GRIEVANCE
CDCR 602-1 (03/20) Page 2 of 2

I WAS EVENTUALLY TAKEN TO BOS [illegible]
REFUSED [illegible]
INJURIES TO MY WRIST AND SHOULDER. NO SGT NOR
SUPERVISOR WAS PRESENT IN SOH PRIOR TO ME BEING
TAKEN TO BOS.
UPON RETURN FROM BOS, ROOM [illegible] WAS STILL WET. AN
OFFICER WENT IN TO TRY TO GET UP SOME OF THE
WATER. I SUBSEQUENTLY FELL AND HAD ANOTHER
SEIZURE. I DONT KNOW HOW LONG I WAS ON THE
FLOOR [illegible]
IM NOT SURE IF UNNECESSARY EXCESSIVE USE OF FORCE
WAS USED ON ME AT ANY POINT OF THIS BUT IM
ASKING THAT ALL AVSS AND BODY CAM FOOTAGE BE
PRESERVED FOR THE ENTIRETY OF THIS SITUATION
AND FOR THE DURATION OF THIS GRIEVANCE AND
POTENTIAL CIVIL ACTION.
I DO KNOW THERE WERE MAJOR CDC POLICY VIOLATIONS
THROUGHOUT THIS PROCESS, INCLUDING BUT NOT LIMITED
TO HOW I WAS HANDCUFFED. THE HANDCUFFING SITUATION
SEEMED INTENTIONAL AND TO RETALIATE [illegible] ME FOR
FILING A LAWSUIT ABOUT ME BEING [illegible] HANDCUFFED
FOR (3) DAYS AT RJD.
DOCUMENTS WERE FALSIFIED REGARDING THIS INCIDENT
THAT WILL BE CONTRADICTED BY AVSS AND THIS WILL NOT ONLY
SHOW HOW CCWF BUDDY SYSTEM/CODE [illegible] IS IN
COVERING UP FOR EACH OTHER AND FALSIFYING DOCUMENTS
IT'LL SHOW HOW [illegible]
DOESNT MATTER WHEN IT COMES TO CRUEL AND UNUSUAL PUNISH-
MENT [illegible] ENDANGERMENT [illegible]
AGAINST ME AND SEIZURE INMATES.

**Reminder:** Please attach all documents in your possession that support your claim(s) [illegible]

**Please note** that this form and supporting documents will not be returned to you [illegible]

**Claimant Signature:** [signature] **Date Signed:** 03/29/24

**DISTRIBUTION:** Original: Grievance File; Copy: OOA/DAPO [illegible]

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 08:14 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Terry Yharbrough on 02/10/23 14:37 PST

4:35

amp.sacbee.com

RECEIVED

APR - 2 2024

CCWF GRIEVANCE OFFICE

Pallares could not be reached at two cellphones listed under his name Tuesday.

CDCR said investigators are looking into allegations of misconduct involving Pallares "and has found no evidence to sustain it. The investigation is ongoing."

He was replaced by Acting Warden Pat Vazquez on Jan. 23, Simas wrote.

Ads by Google

Why this ad?

One allegation stems from claims by inmate Tremaine Deon Carroll, who told The Bee in interviews that she was subjected to sexual abuse by staff at the prison. Two days after she spoke to Rocklin attorney Robert Chalfant about her claims she was placed in administrative segregation in retaliation, Carroll said.

"One staff member was harassing me on a

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

RECEIVED
APR - 2 2024
CCWF
GRIEVANCE OFFICE

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | MEPD | FACILITY | HOUSING LOCATION |
|---|---|---|---|---|
| WH2575 | CARROLL, TREMAINE D. | 07/28/2026 | CCWF-Facility A | CCWF-A - A 504 1 - 119001L |

| VIOLATION DATE | VIOLATION TIME | VIOLATION LOCATION |
|---|---|---|
| 03/21/2024 | 14:00:00 | CCWF-Facility B - CELL |

INMATE NOTIFICATION

POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ☐ Refuse to Sign ☐ Unable to Sign | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ☐ Refuse to Sign ☐ Unable to Sign [signature] | 3/29/24 |
| ☐ I REVOKE my request for postponement. | ☐ Refuse to Sign ☐ Unable to Sign [signature] | [illegible] |

STAFF ASSISTANT

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ☐ Refuse to Sign ☐ Unable to Sign | |

INVESTIGATIVE EMPLOYEE

| | INMATE SIGNATURE | DATE |
|---|---|---|
| ☑ REQUESTED ☐ WAIVED BY INMATE | ☐ Refuse to Sign ☐ Unable to Sign [signature] | 3/29/24 |

SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS

UNCONTAMINATED
WHEN GIVEN TO STAFF
04/01/24

CARROLL, TREMAYNE #H17338
KVSP. C4-131
P.O. BOX 5104
DELANO, CA 93216

UNITED STATES DISTRICT COURT

CARROLL, T.,
PLAINTIFF

CDCR, SGT. BROWNE,
AW MIKE PALLARES,
SGT CONTRERAS, GREG
RODRIGUEZ, ET. AL.
DEFENDANT(S)

CASE NO. 1:23-cv-00974-NODJ
FILING FEES/IFP, RETURN OF DOCUMENTS, UNPUBLISHED BOOK
RESCIND DOCUMENTS.

05/22/24, 1000 HRS

PLAINTIFF CARROLL IS AN ADA, SB132 TRANSWOMAN WHO WAS RECENTLY RETURNED TO MENS PRISON IN RETALIATION FOR REPORTING BEING THE VICTIM OF EMPLOYEE SEXUAL MISCONDUCT AND FOR BEING A VICTIM/PLAINTIFF/WITNESS IN THE ABOVE ENTITLED CASE NUMBER. PLAINTIFF CONTENDS SHE PAID $402 FILING FEE TO NELSON HUNT AND THE JUSTICE FIRM, YET THIS COURT IS TAKING FUNDS FOR IFP. PLAINTIFF(S) HAVE LEARNED THE JUSTICE FIRM SOLD THEIR CASES TO LARGER LAW FIRMS SO PLAINTIFF WANTS UNPUBLISHED BOOK AND ALL DOCUMENTS RETURNED. PLAINTIFF RESCINDS PERMISSION FOR ANY DOCUMENTS CONCERNING PLAINTIFF OR AUTHORED BY PLAINTIFF FOR OTHER PLAINTIFFS TO BE USED. PLAINTIFF AGAIN REQUEST TRO, AS PLAINTIFF WAS SEXUALLY ASSAULTED BY KVSP/CDCR STAFF AT GUNPOINT ON 04/20/24 + 04/22/24. THE ABOVE IS TRUE TO MY KNOWLEDGE.

T (IN PRO-SE)
05/22/24

P.C. 1258

SEPERATE
CASE NUMBER
1:22-cv-00363-BAM

CARROLL, TREMAINE #H73384
KVSP, C4-131
P.O. BOX 5104
DELANO, CA 93216

UNITED STATES DISTRICT COURT

CARROLL, T.,
PLAINTIFF

CDCR, ET. AL.,
DEFENDANT(S)

CASE NO. 1:22-cv-00363-BAM
OBJECTION TO COURTS LAST RULING. PERMISSION TO FILE AMENDED COMPLAINT, EXTENSION OF TIME AND APPOINTMENT OF COUNSEL PRELIMINARY INJUNCTIVE RELIEF, TRO
05/21/24 2100 HRS.

PLAINTIFF CARROLL IS AN INDIGENT HEARING/MOBILITY TRANSWOMAN RECENTLY SENT BACK TO MENS PRISON, IN VIOLATION OF SB132, IN RETALIATION FOR REPORTING BEING ONE OF THE MANY VICTIMS IN THE CCWF SEXUAL ABUSE SCANDAL/LAWSUIT (1:23-cv-00974-NODJ). PLAINTIFF OBJECTS TO COURTS RULING(S) AND PRAYS IT GRANTS PERMISSION/TIME TO FILE AMENDED COMPLAINT. PLAINTIFF ALSO ASKS COURT TO APPOINT JOE GOETHALS LEGAL, WHO'S TAKEN OVER CASE NO. 1:23-cv-00974. PLAINTIFF WANTS TO JOIN CASES. ON 04/20/24 AND 04/22/24, PLAINTIFF WAS SEXUALLY ASSAULTED BY KVSP AT GUNPOINT AND THEY TURNED BODY CAMERAS OFF. PLAINTIFF PRAYS FOR PRELIMINARY INJUNCTIVE RELIEF AND TRO FROM CDCR.

THE ABOVE IS TRUE TO MY KNOWLEDGE.

[signature] (IN PRO-SE)
05/21/24



JMG
GOETHALS LEGAL

1131 Howard Ave.
Burlingame, CA 94010

joe@goethalslegal.com
650.218.4319

April 26, 2024

Tremaine Carroll:

I hope this letter finds you well. Thank you for considering GOETHALS LEGAL, PC to represent you with your legal matter. We look forward to protecting you and your civil rights. Enclosed are five documents to sign.

First is a Retention Agreement that legally bunds us to attorney-client-privilege and outlines the contract between us. Please initial and sign.

Second is an Authorization of Attorney that we can show as proof that we represent you without having to show the retention agreement. Please sign.

Third is the Substitution of Attorney document that shows proof that you have agreed to switch attorneys regarding this matter. Please sign.

Fourth is Joint Client Consent Form that makes you aware of the pros and cons of a joint prosecution. Please sign.

Fifth is a HIPAA form so we can collect any medical records on your behalf.

Please review, initial, and sign all documents and return in the provided return envelope. Thank you. As always, please feel free to reach out if ever have any questions or concerns.

Very truly yours,

GOETHALS LEGAL, PC

JOSEPH M. GOETHALS

INMATE APPEALS OFFICE

ROSEN BIEN
GALVAN & GRUNFELD LLP

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Gay Crosthwait Grunfeld
Email: ggrunfeld@rbgg.com

January 4, 2022

VIA CERTIFIED MAIL

The Honorable George Gascón
District Attorney
County of Los Angeles
211 W. Temple Street, Suite 1200
Los Angeles, CA 90013

Re: Letter of Support for Resentencing of Tremaine Carroll, WB1153
Our File No. 0581-04

Dear Mr. Gascón:

We met at the Ninth Circuit Conference in Big Sky, Montana in the summer of 2016. Since then, I have closely followed your efforts toward criminal justice reform and applaud your ongoing and outstanding work.

I write respectfully to urge you to reevaluate and consider resentencing Tremaine Carroll, CDCR No. WB1153 pursuant to Penal Code § 1170(d)(1).

Ms. Carroll was sentenced in Los Angeles in 1999 to 25 years to life with the possibility of parole for a third-strike conviction on one count, Penal Code § 487(A). *See* enclosed Abstract of Judgment. Ms. Carroll, who is 49-years old, transgender, uses a wheelchair, and has multiple Covid-19 risk factors and health conditions, has been incarcerated for 22 years.

I have gotten to know Ms. Carroll through our firm's role as Plaintiffs' counsel in the disability rights lawsuit *Armstrong v. Newsom* pending before the U.S. District Court of the Northern District of California, Case Number 94-cv-02307. The *Armstrong* Court found that California's prison and parole systems violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 by discriminating against prisoners and parolees with mobility, sight, hearing, learning, mental and kidney disabilities. The case has resulted in a number of important district court and appellate

decisions. *See, e.g., Armstrong v. Wilson*, 942 F. Supp. 1252 (N.D. Cal. 1996), *aff'd* 124 F.3d 1019 (9th Cir. 1997).

We first began working closely with Ms. Carroll in late 2019 when she agreed to testify that officers at Richard J. Donovan Correctional Facility ("RJD") had left her in her cell, in handcuffs, for more than 48 hours over the Thanksgiving holiday. Ms. Carroll also submitted testimony about the brutal assault on another prisoner, Donald Allen, about whom I wrote you in a letter dated January 29, 2021. Ms. Carroll took a courageous step forward to testify against officers at RJD, both about abuse she suffered personally and abuse she had witnessed against other incarcerated people. In the weeks and months that followed her testimony, Ms. Carroll suffered greatly for her courage and willingness to speak out against injustice and for working with our office. Among other forms of reprisal, Ms. Carroll has been issued a barrage of false Rules Violation Reports ("RVRs") by staff at several prisons in retaliation for her efforts to hold staff accountable for misconduct.

Based on Ms. Carroll's testimony, along with the testimony of other witnesses, we filed a Motion for Temporary Restraining Order (TRO) to transfer Ms. Carroll out of RJD for her safety. The District Court Judge presiding over the *Armstrong* case, the Honorable Claudia Wilken, found Ms. Carroll's declaration persuasive and credible, and issued a 50-page opinion relying in part on Ms. Carroll's declaration. *See Armstrong v. Newsom*, 475 F. Supp. 3d. 1038 (N.D. Cal. 2020). In her July 30, 2020 opinion, Judge Wilken found that officers at RJD had retaliated against Ms. Carroll for her participation in the litigation and ordered that she be transferred to a safer prison. Judge Wilken's opinion is one of the only decisions we are aware of finding a correctional entity liable under the Americans with Disabilities Act for retaliation. Without Ms. Carroll's courage, this important opinion would not have been written.

Since the Court issued its order granting in part our Motion for Temporary Restraining Order, Ms. Carroll has encountered additional instances of abuse and retaliation which are documented in further declarations filed with the Court. The Court relied on Ms. Carroll's declarations (6 in total) in part in issuing several orders finding that the conditions at six CDCR institutions violated the Americans with Disabilities Act ("ADA"), *see Armstrong v. Newsom*, 484 F.Supp.3d 808 (2020); 2021 WL 930454 (Mar. 11, 2021); 2021 WL 933106 (Mar. 11, 2021), and ordering CDCR to develop remedial plans for the six prisons that include the installation of video surveillance and deployment of body-worn cameras at the prison.

As you recognized in your Special Directive 20-14, justice demands that persons convicted and sentenced under our previous, flawed systems of justice be entitled to the benefits of your new charging and sentencing policies. Ms. Carroll meets several of the

criteria set forth in your Special Directive, including: 1) incarceration for greater than 15 years; 2) sentencing enhancements no longer sought under your office's new Sentencing Policy; and 3) persons at enhanced risk of COVID-19 infection.

Pursuant to your Special Directive, and in the interest of justice, we urge you to petition the Los Angeles Superior Court recommending the recall and resentencing of Ms. Carroll. Ms. Carroll has rendered a great service to people with disabilities in prison. She endured physical brutality and stood firm against retaliation. She has repeatedly sacrificed her own safety and put her well-being on the line in order to advocate for her peers. She has also played an important role in our efforts to change the culture in CDCR prisons.

We are happy to answer any questions you may have.

Very truly yours,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Gay Crosthwait Grunfeld*

By: Gay Crosthwait Grunfeld

GCG:cg
Enclosure
cc: Tremaine Carroll



P.O. Box 390
San Francisco, California 94104-0390
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

July 8, 2020

Tremaine Carroll, H73384
R.J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179-0001

CONFIDENTIAL – LEGAL MAIL

Re: *Armstrong v. Newsom*
Our File No. 0581-03

Dear Ms. Carroll:

I write to summarize our confidential telephone call on July 7, 2020. During the call, we discussed the Court's July 2, 2020 Temporary Restraining Order and possible placement options for you as outlined in CDCR's proposed plan, which we received on July 6, 2020. As I explained to you, the proposed plan from CDCR was to transfer you to Mule Creek State Prison ("MCSP"), Facility B, which is a Level III EOP yard. You stated that you did not want to be housed on MCSP's Level III EOP yard because there are no cameras. You expressed that your priorities for placement are as follows:

a. Release to the community
b. Transfer outside of CDCR
    i. You expressed that while CDCR arranges for out-of-jurisdiction transfer, you would prefer to be at Facility B at MCSP rather than at RJD.
    ii. While I discussed at length the risk of being sent anywhere in the country and the possibility that placement could be as bad or worse than RJD in terms of mental health care, medical care, transgender phobia etc., you acknowledged and accepted those risks and still preferred to be transferred outside of CDCR, which means you could end up on in a prison anywhere in the United States.
c. Placement on a yard within CDCR that has security camera coverage
d. Placement at MCSP Facility B
e. Remaining at RJD

We will be meeting with CDCR on July 8 at 11 a.m. to discuss their proposed plan, and represent your interests. We will make clear your preferences. Before agreeing to any plan, we will ensure that we have an opportunity to speak with you to obtain your consent.

[3574222.1]

Please call me as soon as possible if you disagree with anything I have said in this letter, though I anticipate we will speak by phone before you receive this letter.

Thank you for your bravery in submitting declarations in opposition to staff misconduct at CDCR, and take care.

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Michael Freedman*

By: Michael Freedman

PG:jrg
Encl.: SASE



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** CARROLL, TREMAINE DEON

**Date:** 05/14/2024

**CDC#:** H73384

**Current Location:** KVSP-Facility C

**Current Area/Bed:** C 004 1 - 131001L

**Log #:** 000000548962

## Claim #: 001

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** General Employee Performance **Sub-Category:** Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

## Claim #: 002

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** General Employee Performance **Sub-Category:** Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

**Claim #: 003**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Services **Sub-Category:** Other Services - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 003:
Your claim concerning Offender Services;Other Services - NOS is rejected for the reason or reasons indicated below:

This claim regarding Correctional Sergeant Brown and Correctional Sergeant Contreras should not be investigating your PREA allegations is substantially duplicative of grievance log # 541982, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 004**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Classification **Sub-Category:** Transfer Issue or Transfer Requests

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 004:
Your claim concerning Offender Classification;Transfer Issue or Transfer Requests is rejected for the reason or reasons indicated below:

This claim regarding your request to have all PREA victims transferred out is substantially duplicative of Grievance log # 382637 and 448351, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 005**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Services **Sub-Category:** Other Services - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 005:

Your claim concerning Offender Services;Other Services - NOS is rejected for the reason or reasons indicated below:

This claim regarding CMF Sergeant Arumbula being in collusion with CCWF hiring Authority to manipulate inmates into making false Confidentials against you is substantially duplicative of Grievance log # 541977, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

## Claim #: 006

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Offender Resources **Sub-Category:** Other Resources - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 006:
Your claim concerning Offender Resources;Other Resources - NOS is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of # 528126, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

## Claim #: 007

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Offender Services **Sub-Category:** Allegation against Inmate/Parolee

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 007:
Your claim concerning Offender Services;Allegation against Inmate/Parolee is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of Grievance log # 514412, 519197, 519832 and 521087, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

**Claim #: 008**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** General Employee Performance **Sub-Category:** Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

**Claim #: 009**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** B 507 1
**Category:** General Employee Performance **Sub-Category:** Substandard Performance

The California Department of Corrections and Rehabilitation received your grievance on 04/16/2024 which you submitted on 04/15/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**GRIEVANCE**
CDCR 602-1 (03/20)

Page 1 of 2

| STAFF USE ONLY | Grievance #: 549916? Date Received: |
|---|---|
| | Date Due: |
| | Categories: |

*This is the process to ask for help with a complaint.*

**Claimant Name:** CARROLL, T **CDCR #:** WH2573 **Current Housing/Parole Unit:** 504-119

**Institution/Facility/Parole Region:** CCWF

**In order for the Department to understand your complaint, make sure you have answered the following questions:**

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.*
- *What specific action would resolve your complaint?*

RECEIVED
APR 1 6 2024
CCWF
GRIEVANCE OFFICE

PREA / STAFF COMPLAINT

IT WAS BROUGHT TO MY ATTENTION THAT CCWF STAFF, INCLUDING HIRING AUTHORITY, PREA COMPLIANCE MANAGER, CPT. SEAGAR, LT. VOGEL, LT. VILLEGAS, SGT. BROWNE, SGT. CONTRERAS AND OTHERS INSTRUCTED SAN JOAQUIN SART EXAMINER TO DEAL WITH ME AS A SUSPECT, NOT A VICTIM AND TO NOT SWAB THE AREAS I TOLD THEM I/M BENNET KISSED, LICKED, SUCKED, TOUCHED, PROBED ME (NECK, MOUTH, LIPS, ANUS, SCROTUM, PENIS, EARS, CHEST, STOMACH, LEGS, BUTTOCKS, ETC).

ITS ALSO BEEN BROUGHT TO MY ATTENTION THAT SGT. BROWNE, SGT. CONTRERAS AND OTHERS THREATENED I/M WILLIAMS, PRISCILLA WITH AN RVR FOR GOING OUT-OF-BOUNDS IN 507-25 OF HER OWN FREE WILL IF SHE DIDNT SAY I FORCED HER INTO 507-25 AND RAPED HER. SGT. BROWNE AND SGT. CONTRERAS FED I/M WILLIAMS THE SAME STORY LINES THAT WERE FED TO I/M BENNET.

SGT. BROWNE AND SGT. CONTRERAS ARE TWO OF THE MANY DEFENDANTS NAMED IN THE CCWF SEXUAL ABUSE SCANDAL OF WHICH I AM A VICTIM / PLAINTIFF AND THEY'RE FULLY AWARE THAT I ASSISTED SEVERAL OF THEIR SEXUAL ASSAULT VICTIMS IN FILING GRIEVANCES AND LEGAL DOCUMENTS PER CCR 3163 IN WHICH THEY ARE NAMED. FOR OVER A YEAR I'VE

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**GRIEVANCE**
CDCR 602-1 (03/20)

WITNESSED THAT MYSELF AND [illegible] VICTIMS SHOULD BE TRANSFERRED TO PROTECT THE INTEGRITY OF THE INVESTIGATIONS TO PROTECT US FROM RETALIATION IN THE FORM OF CONTINUED PHYSICAL/SEXUAL ABUSE, FALSIFIED RVR'S AND [illegible] TO OUR PERSON, PROPERTY AND PURSUIT OF FREEDOM.

NEITHER SGT. BROWNE NOR SGT. CONTRERAS NOR ANY NAMED DEFENDANT SHOULD BE INVOLVED IN ANY INVESTIGATION(S) REGARDING ME OR ANY NAMED VICTIMS/PLAINTIFFS, WHERE THERE IS AN OBVIOUS CONFLICT OF INTEREST. HOWEVER, SGT. BROWNE AND SGT. CONTRERAS ARE THE ONES WHO INVESTIGATED / MANIPULATED FACTS, EVIDENCE AND WITNESSES WHILE COERCING I/M BENNET AND I/M WILLIAMS TO FILE KNOWN FALSIFIED ALLEGATIONS AGAINST ME, WHILE COERCING OTHERS (STAFF/NURSE WITNESSES) TO CIRCUMVENT PREA INVESTIGATION OF WHICH I'M THE VICTIM. THEY ALSO DENIED ME RIGHT TO POLYGRAPH EXAM FOR MYSELF, I/M BENNET AND I/M WILLIAMS.

IN GREEN WALL/MEXICAN MAFIA/BUDDY SYSTEM FASHION, CMF SGT. ARUMBULA IN COLLUSION WITH CCWF HIRING AUTHORITY AND HISPANIC ADMINISTRATION, MANIPULATED INMATES TO MAKE FALSE CONFIDENTIALS AGAINST ME TO GET ME SENT BACK TO MEN'S PRISON TO GET ME KILLED.

I/M BROWN (X-08560) WAS NEVER PREGNANT NOR DID SHE EVER TAKE PREGNANCY TEST, HOWEVER INFO REGARDING THIS WAS DOCUMENTED AND USED AGAINST ME, ALTHOUGH SHE HAS "PSEUDOCYESIS" AND ALWAYS THINKS SHE'S PREGNANT. THERE'S NOT ONE INCIDENT SHOWING ME BULLYING, INTIMIDATING NOR EXPOSING MYSELF TO ANYONE. HOWEVER, THERE ARE AT LEAST (3) INCIDENTS CAPTURED ON AVSS OF ME BEING ASSAULTED BY STAFF AND INMATES.

FOR YEARS I'VE DOCUMENTED IN GRIEVANCES, TAPED INTERVIEWS THAT CCWF SHOULD HAVE CONDOMS AVAILABLE AND THERE SHOULD BE INFORMATION ON TABLETS FOR INMATES TO REPORT SEXUAL ABUSE. IT ISN'T UNTIL I/M ROSS PREGNANCY THAT NOW CCWF HAS CONDOM DISPENSERS IN PREA INFO ON TABLETS. I DOCUMENTED CCWF STAFF TOLD THE VICTIM I/M ROSS PREGNANT BEFORE THEY MOVED ME IN WITH HER. MY DUE PROCESS RIGHTS ARE BEING VIOLATED. (5) ATTACHMENTS

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature: [signature] Date Signed: [illegible]

DISTRIBUTION: Original: Offender [illegible] OGT / SAPO and Offender

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 07:57 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-[illegible] |

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

From: Stephanie Navarro on 11/27/22 16:56 PST

4:45

After the shooting, Brown set the house on fire and fled to Texas, where she stayed with relatives and obtained a false birth certificate.

Brown returned Vallejo after a few months, but was not arrested until six years later, when police received an anonymous tip.

The baby"s father was Vallejo rap artist Lathan "Young Lay" Williams, who in 1998 created an album entitled "Unsolved Mysteries" to publicize the kidnapping.?

A doctor testified at the trial that Brown may have suffered from a rare condition called pseudocyesis, or imaginary pregnancy, and had mistakenly thought she was in labor three weeks before the murder.

Prosecutors claimed that Brown, who had had a relationship with Williams, was jealous of the rap artist"s relationship with Boyden.

A three-judge panel of the Court of Appeal, in a decision issued Friday, unanimously turned down Brown"s claim that a statement she made to police and a "letter to God" found in her jail cell in 2002 should not have been allowed as

** BROWN IS I/M LATASHA BROWN #X-08560, WHO'S AT CIW WAITING TO KILL I/M ROSS, SET HER ON FIRE AND TAKE HER BABY. CCWF WAS MADE AWARE OF THIS PRIOR TO SENDING I/M ROSS TO CIW, RECKLESSLY ENDANGERING HER LIFE.

* THIS IS ALSO WHY I/M BROWN SHOULD BE DOCUMENTED ENEMY OF I/M ROSS (#WF4577). SGT. BROWNE AND SGT. CONTRERAS TOLD I/M BROWN THAT I/M ROSS IS PREGNANT BY ME. IN TURN, SGT. BROWNE, SGT. CONTRERAS AND THE GREEN WALL BUDDY SYSTEM FROM CCWF-TO-CIW SENT I/M ROSS TO CIW TO HAVE HER AND HER UNBORN KILLED AND GAVE THE "GREEN LIGHT" TO DOCUMENTED ENEMIES: I/M BROWN, I/M HICKMAN AND I/M SMITH TO DO SO. CDCR FAILED TO PROTECT I/M ROSS FROM GETTING PREGNANT, NOW THEY'RE FAILING TO PROTECT HER FROM KNOWN ENEMIES.

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 08:08 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 11/24/22 18:23 PST

Delores Brown received a year in jail in 2003 after pleading no contest to child concealment.

"I'm very pleased," said Solano County Deputy District Attorney Donna Stashyn. "I'm especially pleased for the family. It's literally been a living hell for the last eight years."

Defense attorney Bill Pendergast expressed disappointment. He said his client suffered from pseudocyesis, or false pregnancy, and at one point, believed she was in labor.

"This led her to believe this child was hers, and her reason was not that she in a deliberate and premeditated fashion killed this woman, but she thought that child was hers and reacted in a defense-of-others means to get her child back," Pendergast said.

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

RE" I/M BROWN AND HER BEING LEFT AT CIW TO ATTACK I/M ROSS ON-SIGHT. CDCR DOESN'T WANT I/M ROSS BABY TO BE BORN SO THEY'RE USING THE MENTAL HEALTH CONDITION OF I/M BROWN AND THE OTHERS, HICKMAN, SMITH TO KILL I/M ROSS WHO THEY HAVE IN PIP UNTIL SHE SIGNS OFF SAFETY CONCERNS

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 07:57 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 11/27/22 16:56 PST

4:45

cell in 2002 should not have been allowed as evidence in her trial.

The court said both statements were vague and did not contain a clear admission of guilt. The panel said there was "overwhelming independent evidence of guilt" from other sources.

In the letter, Brown said, "All I wanted was to be a mommy and now I never will."

A second cousin, Ocianetta Williams, who was with Brown at the time of the murder, became a prosecution witness and was sentenced to 13 years in prison as part of a plea agreement.

RECEIVED

APR 1 6 2024

CCWF
GRIEVANCE OFFICE

**Share this:**

**View more on Times-Herald**

SPONSORED CONTENT

× 

* CIW IS HOLDING I/M ROSS IN PIP AGAINST HER WILL AND TELLING HER SHE'S NOT GOING TO BE IN LACTATION PROGRAM WITH ALL OTHER PREGNANT WOMEN UNLESS SHE SIGNS OFF SAFETY CONCERNS. THATS CRUEL & UNUSUAL PUNISHMENT, DELI-BERATE INDIFFERENCE AND RECKLESS ENDANGERMENT AND RETALIATION. I/M ROSS IS ANOTHER VICTIM / PLAINTIFF IN CCWF SEXUAL ABUSE SCANDAL.

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
| --- | --- | --- | --- | --- | --- |
| TREMAINE CARROLL | WH2575 | 02/25/24 07:53 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 10/31/23 22:22 PDT

RECEIVED

APR 16 2024

CCWF
GRIEVANCE OFFICE

* CCWF, SGT. BROWNE, SGT. CONTRERAS, GREEN WALL ARE TRYING TO HAVE DRB SEND ME BACK TO MENS PRISON WHERE I'LL BE RAPED AND KILLED. THEY'VE SUPPLIED INMATES WITH PHONES AND FALSIFIED DOCUMENTS TO SHARE WITH INMATES IN MENS PRISONS. THEY TOLD I/M BENNET, I/M WILLIAMS AND OTHERS I'M IN PRISON FOR RAPE AND CHILD MOLESTATION, WHICH CDCR HAS ME FALSELY LABELED. THERE'S NOT ONE INSTANCE OF ME PRESENTING MYSELF DIFFERENT TO INMATES THAN I DO TO STAFF. I DONT CHANGE MY LOOK, SOUND, DEMEANOR, NONE OF WHICH HAVE ANYTHING TO DO WITH ME BEING A WOMAN.

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 08:12 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Stephanie Navarro on 10/11/22 06:10 PDT

6:10 5GUC 92%

Sukey Lewis

Tuesday, October 11

There's widespread human/sex trafficking by administration and custody staff at the central California women's prison in Chowchilla California. Prison guards are selling the sexual services of inmates to other inmates and staff members. These inmates are the most vulnerable based on their pursuit o

View all

6:09 AM

RECEIVED

APR 16 2024

CCWF
GRIEVANCE OFFICE

* I DOCUMENTED THAT CCWF STAFF TOLD ME TO GET I/M ROSS PREGNANT BEFORE I WAS MOVED IN ROOM 507-29 WITH HER. IT'S ALSO DOCUMENTED THAT I HAD TO PAY STAFF TO MOVE I/M BROWN AND I/M PENNEWELL IN ROOM 505-23 WITH ME AND HAD TO PAY STAFF TO MOVE ME TO 507-25. THESE WOMEN ARE FRIENDS OF MINE BUT BECAUSE IM UNDER SB132 AND TRANSGENDER, CCWF STAFF PIMPS MADE ME PAY FOR BED MOVES. THEY BASED IT ON CDCR HAVING ME LABELED RAPIST/CHILD MOLESTER, NEITHER OF WHICH I AM.

UNCONTAMINATED
WHEN GIVEN TO STAFF

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** CARROLL, TREMAINE D. **CDC#:** H73384

**Date:** 05/21/2024

**Current Location:** KVSP-Facility C **Current Area/Bed:** C 004 1131001L

**From:** Office of Grievances at Kern Valley State Prison

**Re:** Log # 000000566096

The California Department of Corrections and Rehabilitation Office of Grievances at Kern Valley State Prison received your grievance on 05/21/2024. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 07/21/2024.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

| STAFF USE ONLY | OGT Log No: 566096 Date Received: ____ |
|---|---|
| | Decision Due Date: ____ |
| | Categories: ____ |

Claimant Name: CARROLL, TREMAYNE CDCR #: H73384

Institution/Parole Region: KVSP Current Housing/Parole Unit: C4-131

STAFF USE ONLY

*Use this form to file a complaint with the Department.*

**In order for the Department to understand your complaint, please answer all of the following questions:**

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *What specific action would resolve your complaint?*

KERN VALLEY STATE PRISON
MAY 21 2024
INMATE APPEALS OFFICE

*NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).*

STAFF COMPLAINT / PREA / EMERGENCY
PER THE PREA POLICY, ANYONE CAN REPORT BEING THE VICTIM OR WITNESS TO EMPLOYEE SEXUAL MISCONDUCT TO ANYONE THEY'RE COMFORTABLE WITH. IN THIS REGARD, IS CDCR NOW SAYING ONLY REPORT IF YOU'RE A VICTIM, DON'T REPORT IF YOU'RE JUST A WITNESS?
I'M REPORTING RIGHT NOW THAT I/M ROSS WAS PIMPED, TRAFFICKED OUT TO MULTIPLE CDCR STAFF MEMBERS AT CCWF, INCLUDING BUT NOT LIMITED TO SGT. NICHOLS, C/O HERNANDEZ, C/O RODRIGUEZ, SGT. BROWNE, SGT. CONTRERAS AND OTHERS WHO BENEFITED AND/OR PROFITED SEXUALLY, MONETARILY OR OTHERWISE -- TO WORK IN SERVITUDE TO BOTH STAFF AND INMATES, BOTH CURRENT AND FORMERLY HOUSED OR EMPLOYED AT CCWF.
NO SANE PERSON WOULD SEND I/M ROSS BACK TO CCWF UNDER ANY CIRCUMSTANCES WITH THE LISTS OF SWORN ENEMIES MENTIONED AND/OR DOCUMENTED THAT INCLUDE I/M SMITH, WHO

STATE OF CALIFORNIA Case 1:23-cv-00974-KES-GSA Document 20 Filed 05/30/24 Page 155 of 175 DEPARTMENT OF CORRECTIONS AND REHABILITATION
GRIEVANCE CONTINUATION PAGE
CDCR 602-1 (Rev. 01/22)
Page 2 of 2

HAPPENS TO BE I/M ROSS' REAL MOTHER. THIS WOULD BE BEYOND CRUEL/UNUSUAL PUNISHMENT, RECKLESS ENDANGERMENT AND DELIBERATE INDIFFERENCE. LOCKING I/M ROSS IN PSYCHIATRIC UNIT FOR CDCR FAILING TO PROTECT HER FROM GETTING PREGNANT IS BARBARIC.

AS A RESULT OF I/M ROSS' CURRENT AND PAST PREGNANCIES WHILE HOUSED AT CCWF, THERE ISNT NOR WILL THERE EVER BE ANYWHERE SAFE FOR I/M ROSS TO HOUSE IN CDCR AS SHE'LL BE THE TARGET OF ALL STAFF AND ALL INMATES, ESPECIALLY THE 99% THAT ARE A PART OF THE LGBTQ+ COMMUNITY THAT NOW BELIEVE INMATES WILL NO LONGER BE ABLE TO HOUSE IN ACCORD WITH THEIR GENDER IDENTITY BECAUSE OF I/M CARROLL AND I/M ROSS.

COUPLE THAT WITH THE FACT WERE BOTH PLAINTIFFS/VICTIMS/WITNESSES IN THE CCWF SEXUAL ABUSE SCANDAL AND LAWSUIT THAT SHOULD BE UNDER FEDERAL WITNESS PROTECTION.

IM READY TO COME FORWARD WITH THE NAME OF THE CDCR/CCWF STAFF THAT CAME TO ME ABOUT GETTING I/M ROSS PREGNANT LONG BEFORE I WAS PLACED IN THE ROOM WITH I/M ROSS. IM NOT WILLING TO TALK TO ANY CDCR STAFF ABOUT THIS. IM A FEDERAL WITNESS AND THIS IS A FEDERAL SITUATION.

THIS WEEKEND I CAME IN CONTACT WITH ONE OF THE KVSP STAFF THAT SEXUALLY ABUSED ME AT GUNPOINT. RHU ISNT SAFE FOR ME OR MY SANITY. THERES NOWHERE SAFE FOR NEITHER MYSELF NOR I/M ROSS TO BE ABLE TO HOUSE IN CDCR.

IM A TRANSWOMAN BEING DENIED RIGHT TO HOUSE ACCORDING TO MY GENDER IDENTITY REPORTING PER PREA POLICY.

Claimant Signature: 05/[signature] Date Signed: 05/19/24

ADA Accessible

3325 WILSHIRE BOULEVARD, SUITE 340 LOS ANGELES, CA 90010
213.384.1400 213.384.1411 JUSTDETENTION

# Frequently Asked Questions (FAQ)
## Counseling and Support Services

*Just Detention International (JDI) is a non-profit human rights organization that seeks to end sexual abuse in all forms of detention. JDI provides the general information below in an effort to respond to questions that we regularly receive from prisoner rape survivors. Please remember that laws are constantly changing and their application may vary from one case to the next. Legal advice must be tailored to the specific circumstances of each case and can only be provided by a qualified attorney. This FAQ does not constitute legal advice.*

**1. I was sexually assaulted and am afraid to talk to the prison counselor. What should I do?**

Only you can decide what the best option would be for you. Unlike counselors in the community, a prison counselor may be required to report any crime – including sexual abuse – to corrections staff. By making such a report, a counselor can make sure your abuse is investigated.

If you are fearful of staff knowing about the abuse, you can meet with a counselor and ask what she or he has to report to prison officials or police – before you talk with him or her – to help you decide what you want to share. You can also contact a rape crisis center in the community, although you should be aware that your letters to them may be monitored like other mail. Please refer to JDI's *Resource Guide for Survivors of Sexual Abuse Behind Bars* for a listing of rape crisis centers near you.

**2. I told a mental health staff member about the abuse and s/he reported it to prison officials without my permission. Are staff allowed to do that?**

Most prisons and jails have policies that require staff to report any crime so that it can be investigated. No matter where it happens, rape and sexual assault are crimes. If the counselor promised you that she or he wouldn't tell anyone but still reported the abuse to prison officials, that was inappropriate. However, it was most likely not against the facility's policy. If, because of the report you have been targeted for additional abuse or feel especially unsafe, you may request a transfer to another unit or facility.

In general, mental health counselors (including ones who work in prisons) are required to explain what they can and cannot keep confidential before they start working with a new client. If you were not informed of what the counselor would have to report, you may want to ask your counselor or other mental health staff for a copy of the institution's policy. If you are able to contact a local rape crisis center, a counselor there may be able to write to you or meet with you. However, your communication with her or him will be monitored like any other letters and phone calls (except those with your lawyer). Please refer to JDI's *Resource Guide* for a listing of rape crisis centers in your area.

**3. I asked to see a therapist, but my requests have been ignored/denied. How can I get counseling while I am still behind bars?**

If you reported your abuse, you should have been offered counseling. However, even if you did not file a report or were not offered counseling, you should be able to request to see a therapist in the facility. If you followed the procedure for doing so, but were still not permitted to see a counselor, you can file a grievance. Your grievance should include: when you requested counseling; to whom you made your request; whether it was in writing; what you wrote/said; and the response (if any) you received. Please be aware that the facility may require that you explain why you want to receive counseling, so you will have to decide what you feel comfortable sharing.

You may want to contact a local rape crisis center for information and counseling via phone or by mail. JDI's *Resource Guide* contains a listing of rape crisis centers in your area that are willing to work with survivors of sexual assault behind bars. If you do not see a center listed in your area, contact the state sexual assault coalition to inquire which rape crisis center provides services in your area.

**4. I contacted a few of the organizations listed in JDI's *Resource Guide* but never heard back from them. What's going on?**

All of the organizations listed in the *Resource Guide for Survivors of Sexual Abuse Behind Bars* have agreed to help incarcerated survivors. If you have not received a response within 2-3 weeks, you may want to write the organization again to inquire if they received your first letter and to explain again why you need help. Remember that most of the organizations listed have limited resources and are asked to help a large number of people, so it may take a while for them to respond to you.

If you still have not received a response after sending a follow-up letter, please let JDI know to whom you sent your letters (including the dates of your letters and the address to which you sent them) so that we can follow-up with the organization.

***

ACKNOWLEDGES THERES NOTHING IN THE ORDER REGARDING ANY CLASSES -

ROSEN BIEN GALVAN & GRUNFELD LLP

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Penny Godbold
Email: pgodbold@rbgg.com

RECEIVED CCWF GRIEVANCES

May 20, 2021

Tremaine Carroll (H73384)
Mule Creek State Prison
P.O. Box 409099
Ione, CA 95640

**PRIVILEGED AND CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDERS**

Re: *Armstrong v. Newsom:* Stipulation Regarding Transfer to Women's Prison
Our File No. 0581-03

Dear Ms. Carroll:

Thank you for meeting with me on Monday, May 17, 2021 to discuss your request to enter a stipulation with CDCR to modify the Court's orders regarding your placement at MCSP to allow for your transfer to women's prison. *See* Dkts. 3124, 2991. Based on our meeting on Monday, you rejected language proposed by CDCR as too broad and allowing transfer without due process. During our meeting you and I discussed language that you would agree to as an additional condition allowing CDCR to transfer you from a women's prison in very limited circumstances including if "**CDCR has management or security concerns resulting from any guilty finding of a rule violation that was not present or previously documented in [your] record and which directly infringes on the health and safety of the individuals in the women's prison and thus necessitates transfer in accordance with the Court's July 10, 2020 order (Dkt. 2976).**"

As we discussed during our meeting, you were advised that this provision provides CDCR with the additional ability to transfer you back to MCSP pursuant to the original court order based on a guilty finding for any RVR that raises management or security concerns implicating the health or safety of the individuals housed in the women's prison.

You were also advised that Defendants are not required to obtain approval from Plaintiffs' counsel prior to transferring you pursuant to this provision.

You were also advised that, given this additional ability to transfer you back to MCSP, Plaintiffs' counsel will be unable to challenge any CDCR decision to transfer you

[3736097.1]

back to MCSP based on a guilty finding for any RVR that raises management or security concerns implicating the health or safety of the individuals housed in the women's prison.

I have sent the draft stipulation with the language you proposed and agreed to during our meeting to CDCR and I am awaiting approval. If CDCR approves, I will arrange to also obtain your signature on the stipulation. As discussed, I also need your written permission on file. I do still have your handwritten note confirming your agreement but also ask you to please sign below indicating that you understand and agree with the proposed modifications to the court order and you wish to move forward with signing the stipulation. I am including an envelope for you to return the signed agreement. I will not move forward with the stipulation until I confirm your agreement.

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Penny Godbold*

By: Penny Godbold

Encl.: SASE

DATED: May __, 2021

____________________________
Tremaine Carroll, H73384

[3736097.1]

PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Executive Director:*
Margot Mendelson

*Attorneys:*
Rana Anabtawi
Patrick Booth
Tess Borden
Steven Fama
Mackenzie Halter
Alison Hardy
Sophie Hart
Marissa Hatton
Jacob Hutt
A.D. Lewis
Rita Lomio
Donald Specter

# LEGAL MAIL - CONFIDENTIAL

April 19, 2024

T. Carroll, WH2575
CCWF
PO Box 1508
Chowchilla, CA 93610

Dear Ms. Carroll:

We received your letter on February 28, 2024. We also received emails from people who were concerned about your well being. We hope that you are doing ok.

Are you still dealing with water leakage in your cell? If so, have you told staff or filed any paperwork requesting the issue be addressed? If this is still a problem and you haven't yet filed a grievance, we recommend you do so. We're enclosing a blank grievance, in case it's helpful.

We were also told that you have been having seizures. Is this still happening?

Were you able to get your hearing aids and glasses? We encourage you to submit an 1824 request and let us know if not.

We keep track of staff harassment and appreciate you keeping us in the loop. If you have any updates, you can send them to us, although we can't guarantee we will be able to help. You should write to us if you experience any disability discrimination.

Please take care.

Sincerely,

Dewi Zarni
Litigation Assistant under Sophie Hart and Marissa Hatton

Enclosures: 602; Arm Leaking

**Board of Directors**
Jason Bell • Vanita Gaonkar • Nick Gregoratos • Christianne Hipps
Jean Lu • Claire McDonnell • Seth Morris • Vishal Shah • Adrienne Yandell

213.384.1400 213.384.1411 DETENTION

JUST DETENTION

Dear Service Provider,

As you may already know, your organization is listed in Just Detention International's *Resource Guide for Survivors of Sexual Abuse Behind Bars* — a state-by-state listing of rape crisis programs; HIV/AIDS, LGBT+, and legal service organizations; and government agencies. To request JDI's Resource Guide, please visit https://justdetention.org/resources/survivor-resources/how-we-can-help/.

Survivors of sexual abuse in detention are often desperate for help in the aftermath of a sexual assault, yet many do not have access to hotlines or other forms of confidential crisis services. Most incarcerated survivors must reach out via letters, like this one. We understand that your resources may be limited, but incarcerated survivors — like those in the community — depend on support and information from agencies like yours. As such, we hope that you will respond to the enclosed letter, offering whatever services you can.

If you have any concerns or would like additional information about working with people who have been sexually abused in custody, please contact Leelyn Aquino, JDI's Operations Director, at laquino@justdetention.org or 213-384-1400 ext. 110. If your organization is no longer able to help survivors of prisoner rape, please let us know as soon as possible.

Thank you in advance for your attention to the enclosed letter and for your commitment to working with this underserved population of survivors.

Sincerely,

Linda McFarlane, LCSW
Executive Director
Just Detention International



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** CARROLL, TREMAINE D. **CDC#:** H73384

**Date:** 05/10/2024

**Current Location:** KVSP-Facility C **Current Area/Bed:** C 004 1131001L

**From:** Office of Grievances at Central California Women's Facility

**Re:** Log # 000000562343

The California Department of Corrections and Rehabilitation Office of Grievances at Central California Women's Facility received your grievance on 05/10/2024. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 07/10/2024.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

CONTINUATION PAGE

DEPARTMENT OF CORRECTIONS AND REHABILITATION
GRIEVANCE
Page 1 of 2

OGT Log No: 562343 Date Received:
Decision Due Date:
Categories:

Claimant Name: CARROLL, T CDCR #: AH2575
Institution/Parole Region: KVSP Current Housing/Parole Unit:

RECEIVED
MAY 1 0 2024
CCWF
GRIEVANCE OFFICE

*Use this form to file a complaint with the Department.*

**In order for the Department to understand your complaint, please answer all of the following questions:**

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *What specific action would resolve your complaint?*

KERN VALLEY STATE PRISON
MAY 1 0 2024
INMATE APPEALS OFFICE

*NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).*

STAFF COMPLAINT / PREA
AFTER BEING SEXUALLY/PHYSICALLY ASSAULTED BY KVSP STAFF ON 04/20/24 AND 04/22/24, AND CCWF STAFF 04/19/24 AND 04/24/24, I RECEIVED NO MENTAL HEALTH TREATMENT OR CONSIDERATION PER PREA POLICY, IN CDCR'S EFFORT TO COVER THIS UP LIKE THE GREEN WALL DOES.
I NEED A HIGHER LEVEL OF CARE AND TREATMENT FOR RAPE TRAUMA SYNDROME. IN JANUARY I WAS SEXUALLY ASSAULTED BY I/M BENNET. THE LAST TIME I WAS AT KVSP I WAS SEXUALLY/PHYSICALLY ASSAULTED BY STAFF AND INMATES.
EACH TIME I HAVE TO GO OUT I START HAVING PANIC ATTACKS BECAUSE I KNOW IM GOING TO BE FONDLED DURING SEARCHES AND STRIP OUTS BY MALE OFFICERS EVEN THOUGH I HAVE FEMALE SEARCH PREFERENCE.
ITS ALSO TRAUMATIZING TO KNOW AT ANY POINT I COULD

ADA Accessible

GRIEVANCE

CDCR 602-1 [illegible]

CONTINUATION PAGE

[illegible] LEVEL OF CARE [illegible] ME ON MY [illegible] USE WITH ADEQUATE [illegible] TRAUMA SYNDROME [illegible] COME FROM OUTSIDE [illegible] TALKING [illegible] TO STAFF WHO HAVE TIES TO THE STAFF THAT ABUSE [illegible]

[illegible] MORE THAN [illegible] PHYSICAL / SEXUAL [illegible] SO WE CAN [illegible] MENTALLY [illegible] PHYSICALLY AND SEXUALLY [illegible]

I WILL CONTINUE TO [illegible] BECAUSE [illegible] AND [illegible] I WOULD [illegible]

[illegible] INFORMATION [illegible]

Claimant Signature: [illegible] Date Signed: [illegible]

CDCR 128-B (Rev. 4/74)

NAME: CARROLL NUMBER: WH2575/H73384 HOUSING: KVSP-004-131-1L

On Wednesday, May 01, 2024, The Central California Women's Facility (CCWF) Investigative Services Unit (ISU) received notification from Prison Rape Elimination Act (PREA) Locally Designated Investigator (LDI) Lieutenant J. Collier had completed an investigation into your PREA allegation: PREA Log Number: CCWF-PREA-24-01-019.

The Conclusion of the investigation was: ☐Sustained ☒Unsubstantiated ☐Unfounded

The Subjects Status: (If Applicable)

**☐Staff**

☐Has been removed from Unit/Facility

☐Has been terminated from employment

☐Has been indicted on the allegations of misconduct

☐Has been convicted of the allegations of misconduct

**☒Inmate**

☒Moved to another housing unit or another facility

☐Indicted on allegations of sexual violence

☐Convicted on charges of sexual violence

RTS 5/1/24 1147HRS.

Inmate Signature

J. COLLIER
Locally Designated Investigator
Central California Women's Facility

Date: 5/1/2024 General Chrono



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** CARROLL, TREMAINE DEON **Date:** 05/14/2024
**CDC#:** H73384
**Current Location:** KVSP-Facility C **Current Area/Bed:** C 004 1 - 131001L

**Log #:** 000000541978

## Claim #: 001

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Offender Classification **Sub-Category:** Administrative Segregation

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 001:
Your claim concerning Offender Classification;Administrative Segregation is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of multiple grievances log #s 516096, 516104, 516180, 522872, 522872, 522870, and 524174, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

## Claim #: 002

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Facilities **Sub-Category:** Other Facilities Issue - NOS

### I. CLAIM

Claimant alleges that on unknown date at 0200 hours, they were brought out of cell 119 without a supervisor present and was illegally handcuffed in waist restraints without safety locks placed on.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Department Operations Manual (Special Placements-Section: 62050)
California Code Regulation (CCR-3268.2-Use of Restraints)

**B. DOCUMENTS CONSIDERED**

CDCR 602 Inmate/Parolee Appeal Form Log# 541978, Claim# 002
Building 504 Entry Logbook: 3/18/2024
Audio Video Surveillance System
Bed Assignment

**III. REASONING AND DECISION**

All available evidence regarding your claim have been reviewed. Based on staff interviews and the information obtained regarding this grievance, it was determined this grievance is (Denied) for the following reasons.

A review of the inmate Bed Assignment indicates that Inmate Carroll was assigned to Facility A Building 504 (Restricted Housing Unit) dated 3/10/2024 in cell 119 and moved out from the assigned room on 4/19/2024 during the allege allegation.

A review of the Audio Video Surveillance System showed Correctional Officers D. Mays and W. Moua began to remove inmate from the affected flooded rooms at approximately 0302 hours. At approximately 0315-0322 Officer Moua and Mays was at Inmate Carroll's assigned Cell 119. Officer Moua retrieves a waist restraint and began to apply it on to Inmate Carroll. At the completion of securing Inmate Carroll in waist restraints Inmate Carroll was removed from the cell. Officers entered the room and began cleaning out the water inside cell 119. At the completion of the cleaning, Inmate Carroll was escorted back to her assign room. Moments later, AVSS showed staff utilizing their institutional radio to notify Central Control of a Medical Emergency. Officer Moua was seen applying the waist restraints on Inmate Carroll and removed Inmate Carroll from the room awaiting the arrival for medical staff to assess Inmate Carroll.

A review of Building 504 Logbook for Inmate Carroll's interactions notated on 3/18/2024, Inmate Carroll was removed from her assigned cell approximately 0340 hours by Correctional Officers D. Mays and W. Moua due to an inmate in cell 117 had flooded the tier and Correctional Sergeant R. Godin authorized the removal of inmates willing to be escorted out to have the cell clean.

Evidence gathered, along with interviews conducted with staff and inmate did not produce sufficient evidence that staff violated policy. Audio Video Surveillance System indicated Inmate Carroll was properly remove from the cell in waist restraints and sufficient staff was present. Departmental Operation Manual for Building 504 Special placement, section 62050 stated in part, under Escort, staff maybe authorized to conduct escorts within the GP RHU, utilizing one Correctional Officer per inmate unless the inmate has been deemed for doubles escort. Therefore, this claim is denied due to insufficient evidence staff did violate any policy procedure or regulations.

**IV. Comments**

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| A. Padilla [PAAL014] | Reviewing Authority | 05/09/2024 |

**Claim #: 003**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Facilities **Sub-Category:** Other Facilities Issue - NOS

**I. CLAIM**

It is the claimant's position cell 119 flooded and they were placed back in the cell when the floors were still wet, resulting in juries from the claimant slipping. Alleges that when they returned from 805 to room 119 the room was still wet and they fell resulting in another seizure, unsure how long they were on the floor for but was soaking wet at breakfast.

## II. RULES AND REFERENCES

### A. CONTROLLING AUTHORITY

M-0371 Emergency Medical Response System 2023.

B. General instructions
1.  All staff has the authority to initiate a 9-1-1 call for EMS
2.Any individual who encounters a medical emergency is responsible for summoning assistance by the most expeditious means available, e.g., Personal alarm device (PAD), radio, whistle, shouting, or telephone.
3.Any patient may request medical attention for an urgent/emergent health care need from any CDCR or CCHCS employee. The Employee shall in all instances, notify health care staff without unreasonable delay.

### B. DOCUMENTS CONSIDERED

Grievance Log # 541978, Claim # 003. Dated 11/3/2023.
M-0371 Emergency Medical Response System 2023.

## III. REASONING AND DECISION

Carroll did not provide a specific day or time for this grievance; Therefore, The Audio Video Surveliance System (AVSS), footage was not available. Carroll did not provide any specific staff for this grievance; Therefore, Body Worn Camera (BWC) footage was not available.  Carroll refused to be interviewed; consequently, I was unable to substantiate or gather any information regarding this grievance.

## IV. Comments

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| A. Gonzales [GOAR004] | Reviewing Authority | 05/13/2024 |

## Claim #: 004

**Received at Institution/Parole Region:**     Central California Women's Facility
**Submitted to Facility/Parole District:**     CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:**   General Employee Performance          **Sub-Category:**   Substandard Performance

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024.

Pursuant to the California Code of Regulations, title 15, your claim has been identified as an allegation of staff misconduct, meaning it will be referred outside the grievance and appeal process to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. A separate response will be provided to you at the conclusion of that process. This decision exhausts all administrative remedies available to you for this claim.

**Decision: Allegation of Staff Misconduct**

**Claim #: 005**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:** A 504 1
**Category:** Offender Services **Sub-Category:** Other Services - NOS

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024. Your request for an interview, item, assistance, or service was redirected to appropriate staff in accordance with the California Code of Regulations, title 15.

Your request will be addressed by appropriate staff at Central California Women's Facility, as determined by the Reviewing Authority.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Redirected**

**Claim #: 006**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Facility A
**Housing Area/Parole Unit:**
**Category:** Offender Safety and Security **Sub-Category:** Use of Force

The California Department of Corrections and Rehabilitation received your grievance on 04/02/2024 which you submitted on 03/29/2024. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 006:
Your claim concerning Offender Safety and Security;Use of Force is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of a prior claim you already submitted, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

STATE OF CALIFORNIA
GRIEVANCE
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| STAFF USE ONLY | Grievance #: 541973 Date Received: |
|---|---|
| | Date Due: |
| | Categories: |

*This is the process to ask for help with a complaint.*

**Claimant Name:** CARROLL, T **CDCR #:** WH2575 **Current Housing/Parole Unit:** 504-119

**Institution/Facility/Parole Region:** CCWF

**In order for the Department to understand your complaint, make sure you have answered the following questions:**

RECEIVED

APR - 2 2024

CCWF
GRIEVANCE OFFICE

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.*
- *What specific action would resolve your complaint?*

PREA / STAFF COMPLAINT / UNNECESSARY EXCESSIVE USE OF FORCE / FALSIFYING DOCUMENTS / SB132

ON MULTIPLE OCCASIONS, WHILE HOUSED (ILLEGALLY) IN CCWF SOLITARY CONFINEMENT, I'VE SUFFERED SEIZURES THAT RESULTED IN INJURIES DUE TO STAFF NEGLECT.

I WAS RECENTLY ILLEGALLY AND AGAINST CDCR POLICY BROUGHT OUT OF CCWF-504-119 ON FIRST WATCH AT APPROXIMATELY 0200 HRS WITH NO SGT. NOR SUPERVISOR PRESENT. CELL 119 AND OTHERS WERE FLOODED.

I WAS ILLEGALLY HANDCUFFED IN WAIST RESTRAINTS WITHOUT THE SAFETY LOCKS PLACED ON.

CELL 119 WAS SUPPOSED TO BE COMPLETELY DRY BEFORE I WAS PUT BACK IN. HOWEVER, THE FLOOR WAS WET STILL. WHEN TRYING TO GET OUT OF MY WHEELCHAIR, I SLIPPED ON THE WET FLOOR, HIT MY HAND AND HAD A SEIZURE INJURING MY HEAD, SHOULDER, BACK, NECK AND WRISTS.

I DONT KNOW IF MY WRIST WAS ONLY INJURED AS A RESULT OF THE HANDCUFFS TIGHTENING ON THEM FROM THE FALL AND SEIZURE OR WHAT.

STATE OF CALIFORNIA
GRIEVANCE
CDCR 602-1 (03/20)

I WAS EVENTUALLY TAKEN TO BOS WHERE THE NURSE REFUSED TO DO A 7219 BECAUSE IT WOULD SHOW THE INJURIES TO MY WRIST AND SHOULDER. NO SGT NOR SUPERVISOR WAS PRESENT IN SCU PRIOR TO ME BEING TAKEN TO BOS.

UPON RETURN FROM BOS [illegible] AN OFFICER WENT IN TO TRY TO GET UP SOME OF THE WATER. I SUBSEQUENTLY FELL AND HAD ANOTHER SEIZURE. I DONT KNOW HOW LONG I WAS ON THE FLOOR BUT I WOKE UP SOAKING WET AT BREAKFAST.

IM NOT SURE IF UNNECESSARY EXCESSIVE USE OF FORCE WAS USED ON ME AT ANY POINT OF THIS BUT IM ASKING THAT ALL AVSS AND BODY CAM FOOTAGE BE PRESERVED FOR THE ENTIRETY OF THIS SITUATION AND FOR THE DURATION OF THIS GRIEVANCE AND POTENTIAL CIVIL ACTION.

I DO KNOW THERE WERE MAJOR CDCR POLICY VIOLATIONS THROUGHOUT THIS PROCESS, INCLUDING BUT NO LIMITED TO HOW I WAS HANDCUFFED. THE HANDCUFFING SITUATION SEEMED INTENTIONAL AND TO RETALIATE AGAINST ME FOR FILING A LAWSUIT ABOUT ME BEING [illegible] HANDCUFFED FOR (3) DAYS AT RJD.

DOCUMENTS WERE FALSIFIED REGARDING THIS INCIDENT THAT WILL BE CONTRADICTED BY AVSS AND THIS WILL NOT ONLY SHOW HOW CCWF BUDDY SYSTEM/GREEN WALL WORKS IN COVERING UP FOR EACH OTHER AND FALSIFYING DOCUMENTS [illegible] WILL SHOW HOW DOCUMENTS [illegible] DOESNT APPLY WHEN IT COMES TO [illegible] PUNISHMENT [illegible] RECKLESS ENDANGERMENT [illegible] AGAINST ME AND SB132 INMATES [illegible]

Reminder: Please attach all documents in your possession that support your claim(s).
Please note that this form and supporting documents will not be returned to you.

Claimant Signature: [signature] Date Signed: 03/29/[illegible]

DISTRIBUTION: Original: Offender's File; Copies: DAI, DAPO, [illegible]

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| TREMAINE CARROLL | WH2575 | 02/25/24 08:14 PST | Black/White | A-4 | CCWF,Facility A,A 504 1-101001L |

From: Terry Yharbrough on 02/10/23 14:37 PST

4:35

amp.sacbee.com

RECEIVED

APR - 2 2024

CCWF
GRIEVANCE OFFICE

Pallares could not be reached at two cellphones listed under his name Tuesday.

CDCR said investigators are looking into allegations of misconduct involving Pallares "and has found no evidence to sustain it. The investigation is ongoing."

He was replaced by Acting Warden Pat Vazquez on Jan. 23, Simas wrote.

Ads by Google

Send feedback

Why this ad?

One allegation stems from claims by inmate Tremaine Deon Carroll, who told The Bee in interviews that she was subjected to sexual abuse by staff at the prison. Two days after she spoke to Rocklin attorney Robert Chalfant about her claims she was placed in administrative segregation in retaliation, Carroll said.

"One staff member was harassing me on a

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

RECEIVED

APR - 1 2024

CCWF
GRIEVANCE OFFICE

# RULES VIOLATION REPORT

| CDC NUMBER WH2575 | INMATE'S NAME CARROLL, TREMAINE D. | MEPD 07/28/2026 | FACILITY CCWF-Facility A | HOUSING LOCATION CCWF-A - A 504 1 - 119001L |
|---|---|---|---|---|
| VIOLATION DATE 03/21/2024 | VIOLATION TIME 14:00:00 | VIOLATION LOCATION CCWF-Facility B - CELL | | |

INMATE NOTIFICATION

POSTPONEMENT OF DISCIPLINARY HEARING

| | | |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE ☐ Refuse to Sign ☐ Unable to Sign | DATE |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE ☐ Refuse to Sign ☐ Unable to Sign [signature] | DATE 3/29/24 |
| ☐ I REVOKE my request for postponement. | INMATE SIGNATURE ☐ Refuse to Sign ☐ Unable to Sign [signature] | DATE [illegible] |

STAFF ASSISTANT

| | | |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | INMATE SIGNATURE ☐ Refuse to Sign ☐ Unable to Sign | DATE |

INVESTIGATIVE EMPLOYEE

| | | |
|---|---|---|
| ☑ REQUESTED ☐ WAIVED BY INMATE | INMATE SIGNATURE ☐ Refuse to Sign ☐ Unable to Sign [signature] | DATE 3/29/24 |

SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS

UNCONTAMINATED
WHEN GIVEN TO STAFF
04/01/24

CARROLL, TREMAYNE #117338
KVSP, C4-131
P.O. BOX 5104
DELANO, CA 93216

UNITED STATES DISTRICT COURT

CARROLL, T.,
PLAINTIFF

CDCR, SGT. BROWNE,
AW MIKE PALLARES,
SGT. CONTRERAS, GREG
RODRIGUEZ, ET. AL.
DEFENDANT(S)

CASE NO. 1:23-cv-00974-NODJ
FILING FEES/IFP, RETURN OF DOCUMENTS, UNPUBLISHED BOOK RESCIND DOCUMENTS.

05/22/24, 1000 HRS

PLAINTIFF CARROLL IS AN ADA, SB132 TRANSWOMAN WHO WAS RECENTLY RETURNED TO MENS PRISON IN RETALIATION FOR REPORTING BEING THE VICTIM OF EMPLOYEE SEXUAL MISCONDUCT AND FOR BEING A VICTIM/PLAINTIFF/WITNESS IN THE ABOVE ENTITLED CASE NUMBER. PLAINTIFF CONTENDS SHE PAID $402 FILING FEE TO NELSON HUNT AND THE JUSTICE FIRM, YET THIS COURT IS TAKING FUNDS FOR IFP. PLAINTIFF(S) HAVE LEARNED THE JUSTICE FIRM SOLD THEIR CASES TO LARGER LAW FIRMS SO PLAINTIFF WANTS UNPUBLISHED BOOK AND ALL DOCUMENTS RETURNED. PLAINTIFF RESCINDS PERMISSION FOR ANY DOCUMENTS CONCERNING PLAINTIFF OR AUTHORED BY PLAINTIFF FOR OTHER PLAINTIFFS TO BE USED. PLAINTIFF AGAIN REQUEST TRO, AS PLAINTIFF WAS SEXUALLY ASSAULTED BY KVSP/CDCR STAFF AT GUNPOINT ON 04/20/24 & 04/22/24. THE ABOVE IS TRUE TO MY KNOWLEDGE.

(IN PRO-SE)
05/22/24