| | |
|---|---|
| TREMAINE CARROLL,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | No.  1:23-cv-00974 JLT GSA (PC)<br><br>ORDER DISREGARDING PLAINTIFF'S MOTION<br><br>(ECF No. 23)<br><br>ORDER DIRECTING PLAINTIFF'S COUNSEL TO INFORM COURT:<br><br>(1) WHETHER HE IS STILL REPRESENTING PLAINTIFF, AND<br><br>(2) WHETHER HE INTENDS TO SERVE THE COMPLAINT IN THIS MATTER AND IF NOT, EXPLAIN THE REASON FOR NOT DOING SO<br><br>COUNSEL'S RESPONSES DUE IN SEVEN DAYS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

   Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff has private counsel.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   Before this Court is Plaintiff's pro se motion which Plaintiff has entitled "Preliminary Injunctive Relief, Temporary Restraining Order, Removal of Counsel, Appointment of Counsel,

Arbitration and/or Settlement Conference." ECF No. 23.  The Court simply construes the filing herein as motion.  In addition, the Court also considers the Office of the Attorney General's ("OAG") response to the Court's order issued October 29, 2024.  See ECF Nos. 26, 27 (Court Order, OAG's response, respectively).

For the reasons stated below, Plaintiff's motion will be denied.   In addition, Attorney Joseph A. Virgilio, counsel for Plaintiff, will be ordered to inform the Court whether he is still representing Plaintiff and whether he intends to serve the complaint in this case and if not, explain the reason for not doing so.  Attorney Virgilio will be given seven days to comply with this order.

I. PLAINTIFF'S MOTION

On July 26, 2024, the instant motion filed by Plaintiff[1] was docketed.  ECF No. 23.  The motion is convoluted and confusing.  See generally id.  The title of the motion suggests that Plaintiff is requesting injunctive relief, a temporary restraining order, the removal of her attorney as her representative, the appointment of counsel, and finally to either enter into mediation or to participate in a settlement conference.  ECF No. 23 at 1.  With respect to the motion and other matters related to it, the Court makes the following findings.

II. DISCUSSION

A. The Court Lacks Jurisdiction to Issue a TRO and Injunctive Relief

Plaintiff's request for both a TRO and Injunctive Relief must be disregarded as a review of the docket indicates that no defendants have yet been served in this case.  Therefore, no defendants are formally before this Court and thus the Court has no jurisdiction over those Plaintiff may want to have ordered to act.  See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 711 n.1 (1982) (stating district court must have personal

---

[1] Although Plaintiff lists herself as well as "Ross, J." and "Ross, A." as plaintiffs in the case caption of the instant motion (see ECF No. 23 at 1), and she also references a "Johnetta Ross" in the motion (id. at 3), the Court only considers the motion as it relates to Plaintiff, not the other named individuals.  This is partly due to the fact that Plaintiff has no ability to represent other individuals.  See generally Church of the New Testament v. United States, 783 F.2d 771, 774 (9th Cir. 1986) (stating litigant appearing in propria persona has no authority to represent anyone other than himself and citing Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962)); see also McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).  In addition, the named plaintiff individuals are not parties to this action.

1  jurisdiction over party before it can enjoin its actions) (citation omitted); Zenith Radio Corp. v.
2  Hazeltine Research, Inc. 395 U.S. 100, 110 (1969).
3       Furthermore, even if defendants had been served, the motion fails to state with any clear
4  specificity what Plaintiff is requesting the Court to order, nor does it provide any clear facts in
5  support of the issuance of such an order.
6               B.   Plaintiff's Counsel Has Not Indicated He Has Withdrawn from Case
7       As to other requests made in Plaintiff's pro se motion they must be disregarded because
8  although Plaintiff states that she has fired her attorney and is looking for new counsel (see ECF
9  No. 23 at 3), her attorney has yet to inform the Court that he is no longer her attorney.  An
10 attorney may not withdraw from a case leaving his client to represent herself without first being
11 granted leave of court to do so.  See Local Rule 18(d).  However, given Plaintiff's statements in
12 the motion, counsel for Plaintiff, Attorney Joseph A. Virgilio, will be ordered to inform the Court
13 whether he intends to withdraw from representing Plaintiff.
14      "Litigants represented by counsel may not file legal memoranda and other documents on
15 their own behalf."  United States v. Mendez, 2:11-cv-00356 KJM, 2023 WL 2058890, at *2 (E.D.
16 Cal. Feb. 16, 2023) (collecting cases); see Adams v. Schwartz, No. CIV S 05-2237 JFM P, 2008
17 WL 217514, at * (E.D. Cal. Jan. 25, 2008).  When this occurs, courts do not consider the
18 arguments contained in such filings.  See Mendez, 2023 WL 2058890, at *2 (example citations
19 omitted) (stating courts commonly decline to consider arguments pursued on own by represented
20 litigant).
21      Moreover, based on the docket, Plaintiff is still represented by counsel given that Attorney
22 Virgilio has not filed a motion to withdraw from this matter.  Therefore, the Court cannot
23 consider this motion as it was independently filed by Plaintiff.  Consequently, the motion will be
24 disregarded. Counsel Virgilio will be ordered to inform the Court whether he intends to continue
25 to represent Plaintiff, and if not, to file the appropriate paperwork in order to withdraw from this
26 case.
27               C.   Respondent OAG's Response to Court's October 29, 2024 Inquiry Warrants
28                    An Order Directing Counsel for Plaintiff to Provide Additional Information

3

On October 29, 2024, the Court ordered Deputy Attorney General ("DAG") Arthur B. Mark, III – who represents certain defendants in other matters that have been related to this case – to inform the Court whether the Office of the Attorney General ("OAG") intended to represent any of the individuals who have been named in this matter and to file a notice of appearance, if necessary. ECF No. 26. In response, DAG Mark filed a document in which he made a special appearance on behalf of Respondent OAG. ECF No. 27. In it, he states on behalf of Respondent: (1) that the California Department of Corrections and Rehabilitation ("CDCR") has indicated that no defendants have been served in this case, and (2) that he contacted counsel for Plaintiff in order to find out whether service had been made on any defendant and if so, whether Plaintiff's counsel could provide the proofs of service. Id. at 1. As of November 4, 2024, Plaintiff's counsel had not responded to DAG Mark. Id. at 1-2. DAG Mark further notes on behalf of Respondent that no proofs of service for any defendant are on the docket. Id.

Based on these facts, Respondent OAG asserts that it does not represent any defendant in this case and that it is not authorized to appear for any defendant at this time. ECF No. 27 at 2. As an aside, Respondent notes that Plaintiff's first amended complaint suffers from the same defects as the operative pleadings in the other matters that are related to this case and in which motions to dismiss are pending. Id. at 2 n.1.

In light of the above, counsel for Plaintiff will be ordered either to serve the complaint in this case, or inform the Court why it cannot and/or should not be served. Plaintiff's counsel is also informed that the Court does not intend to screen the complaint. Plaintiff's Counsel will be given seven days to respond to this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for "Preliminary Injunctive Relief, Temporary Restraining Order, Removal of Counsel, Appointment of Counsel, Arbitration and/or Settlement Conference" (ECF No. 23) is DISREGARDED for the reasons stated above;

2. Within seven days from the date of this order, counsel of record for Plaintiff, Attorney Joseph A. Virgilio, shall do the following:

    a. INFORM the Court via affidavit whether he is still representing Plaintiff and

whether he intends to continue in his representation, and

      b.  INFORM the Court via affidavit whether he intends to serve the complaint in this matter, and if not, explain his reason for not doing so.

**Counsel for Plaintiff is cautioned that failure to comply with this order within the time allotted may ultimately result in the imposition of sanctions.**

IT IS SO ORDERED.

    Dated:  **November 9, 2024**             **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE