UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE CARROLL,<br><br>   Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>   Defendants. | No. 1:23-cv-0974 JLT GSA (PC)<br><br>ORDER DECLINING AT THIS TIME TO GRANT PLAINTIFF'S ATTORNEY JOSEPH A. VIRGILIO'S MOTION TO WITHDRAW AS ATTORNEY; DECLARATION IN SUPPORT OF SAME<br><br>(ECF Nos. 32, 33)<br><br>ORDER DIRECTING ATTORNEY JOSEPH A. VIRGILIO TO COMPLY WITH ALL FEDERAL, STATE AND LOCAL RULES RELATED TO A MOTION TO WITHDRAW AS COUNSEL OF RECORD<br><br>COUNSEL'S FILING DUE IN FOURTEEN DAYS |

  Plaintiff, a state prisoner proceeding in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff is represented by counsel. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  Before this Court is counsel for Plaintiff, Attorney Joseph A. Virgilio's motion to withdraw as attorney for Plaintiff and his declaration in support of same. ECF Nos. 32, 33. For the reasons stated below, the Court will acknowledge but decline to consider the motion and

declaration at this time.  Instead, it will first direct Attorney Virgilio to confirm that he has complied with relevant federal, state and local rules regarding the withdrawal of an attorney from a case.  He will be given fourteen days to inform the Court via a sworn declaration that he has done so.

## I.   RELEVANT BACKGROUND

Attorney Joseph A. Virgilio is counsel of record for Plaintiff.  <u>See</u> ECF No. 2 at 1.  On February 14, 2025, he filed the instant motion to withdraw as counsel for Plaintiff, along with a declaration in support of it.  <u>See</u> ECF Nos. 32, 33.  The declaration ultimately states that in July of 2024, Plaintiff fired his office via a letter that she sent to it.  ECF No. 33 at 2.  According to Attorney Virgilio, the letter stated that Plaintiff no longer wanted his office to represent her.  <u>Id.</u>

## II.   DISCUSSION

### A.  Applicable Law

#### 1.  Local Rule 182(d)

An attorney's withdrawal from a case is governed in part by Local Rule 182 and the Rules of Professional Conduct of the State Bar of California.  Local Rule 182(d) states:

> (d) Withdrawal. Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Local Rule 182(d).

#### 2.  California Rules of Professional Conduct 1.16 b(6) and (d) and (e)

Additionally, relevant California Rules of Professional Conduct permit the withdrawal of an attorney from a case when the client discharges the lawyer.  <u>See</u> CA ST RPC Rule 1.16(b)(6) (stating lawyer may withdraw from representing client if client knowingly and freely assents to

termination of representation). However, Rule 1.16 also requires that prior to an attorney terminating his representation, that the attorney shall take certain steps, some of which are the following:

> (d) A lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e).
>
> (e) Upon the termination of a representation for any reason:
>
> (1) subject to any applicable protective order, non-disclosure agreement, statute or regulation, the lawyer promptly shall release to the client, at the request of the client, all client materials and property. "Client materials and property" includes correspondence, pleadings, deposition transcripts, experts' reports and other writings, exhibits, and physical evidence, whether in tangible, electronic or other form, and other items reasonably necessary to the client's representation, whether the client has paid for them or not; and
>
> (2) the lawyer promptly shall refund any part of a fee or expense paid in advance that the lawyer has not earned or incurred. This provision is not applicable to a true retainer fee paid solely for the purpose of ensuring the availability of the lawyer for the matter.

CA ST RPC Rules 1.16(d)-(e).

B. Analysis

The Court herein acknowledges Attorney Virgilio's request to withdraw from this case as well as his declaration in support of the motion. However, presently the Court will decline to issue an order related to the request to withdraw until Attorney Virgilio COMPLIES with the applicable federal, state, and local rules. He will be given fourteen days to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court herein ACKNOWLEDGES Attorney Joseph A. Virgilio's motion to withdraw as attorney and supporting declaration. See ECF Nos. 32, 33;

2. The Court DECLINES TO GRANT Attorney Virgilio's motion to withdraw (see ECF No. 32) at this time, pending his submission of a motion which complies with the rules set forth herein;

3. Consistent with the above, the Clerk of Court shall LEAVE the gavel at ECF No. 32 in place on the docket, and

4. Within fourteen days from the date of this order, Attorney Virgilio shall file with this court a motion which complies with all federal, state and local rules applicable to his request to withdraw as an attorney of record from this case.

**Attorney Virgilio is hereby warned that absent exigent circumstances, his failure to timely comply with this order will result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **April 22, 2025**                              **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE

4