UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE CARROLL, | Case No. 1:23-cv-00974-JLT-HBK (PC) |
| Plaintiff, | ORDER REQUIRING CLARIFICATION ON PLAINTIFF'S REPRESENTATION |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendant. | |

This matter was reassigned to the undersigned magistrate judge on July 3, 2025, and is before the Court following review of the file. Because it is unclear whether Plaintiff continues to be represented by Attorney Alain Browning or is now proceeding pro se, the Court will order Attorney Browning to either file a motion to withdraw or confirm his representation.

**Relevant Background**

Plaintiff is proceeding *in forma pauperis* on her civil rights complaint filed under 42 U.S.C. § 1983. (*See* Doc. Nos. 1, 10). From the inception of this action, Plaintiff was represented by Attorney Joseph Virgilio of the Justice Law Firm. (*See* docket). However, on November 12, 2024, based on statements contained in a pro se motion filed by Plaintiff on July 26, 2024, the previously assigned magistrate judge ordered Attorney Virgilio to inform the Court whether he was still representing Plaintiff. (Doc. No. 28). Counsel did not file a response within the seven-day deadline. (*See* docket).

On February 14, 2025, Attorney Virgilio, the Justice Firm, and Christopher Darden moved to withdraw because Plaintiff had terminated their services. (Doc. No. 32). Because the motion failed to comply with all applicable federal, state, and local rules applicable to withdrawal of an attorney, on April 23, 2025, the previous magistrate judge ordered Attorney Virgilio to confirm that he complied with all such rules. (Doc. No. 36). On April 29, 2025, while the motion to withdraw remained pending, Attorney Alain Browning filed a notice of appearance on behalf of Plaintiff. (Doc. No. 37). The next day, Attorney Browning filed a response to a previous order to show cause, which indicated that Attorney Browning was an associate of Attorney Virgilio and was filing the response because Attorney Virgilio had "been suspended by the California State Bar until May 15, 2025." (Doc. No. 38). Attorney Browning also filed a response to the order regarding the motion to withdraw. (Doc. No. 39). On July 2, 2025, the previous magistrate judge granted the motion to withdraw. (Doc. No. 41).

**Discussion**

The convoluted procedural history—only a portion of which is outlined above—in this case makes it unclear whether Attorney Browning continues to represent Plaintiff in this matter. While the motion to withdraw indicates Plaintiff fired the firm (and presumably Attorney Browning), Attorney Browning is not listed in the motion. (*See* Doc. No. 32). Further, Attorney Browning did not file his notice of appearance until *after* the motion to withdraw was filed.[1] (Doc. No. 37). Compounding the confusion, the order granting the motion to withdraw specifically refers to Attorney Virgilio, not Attorney Browning. (Doc. No. 41). Additionally, while the withdrawal order includes language requiring Attorney Virgilio to send Plaintiff her case file and any other records, it does not include any language indicating Plaintiff is proceeding pro se or updating her address on the docket. (*Id.* at 2; *see* docket). Finally, it does not appear the Court's order on the motion to withdraw or the order reassigning the case were mailed to Plaintiff as typically done in pro se cases. (*See* docket).

---

[1] The Court recognizes that Attorney Browning appeared in an effort to comply with previous orders in light of Attorney Virgilio's suspension. However, that Attorney Browning's appearance may be justified given the circumstances does not eliminate the confusion it has created.

1    Given the confusion, it is necessary for the Court to clarify Plaintiff's representation
2 before the case can proceed further.
3    Accordingly, it is **ORDERED**:
4    1. Within **seven (7) days** of this order, Attorney Browning is DIRECTED to file either
5       (1) a motion to withdraw as attorney or (2) a declaration confirming his continued
6       representation of Plaintiff.
7    2. The Clerk of Court is DIRECTED to mail a copy of this order, as well as the order
8       granting the motion to withdraw (Doc. No. 41) and order reassigning this matter (Doc.
9       No. 42) to Plaintiff at the address provided by former counsel:

Tremaine Carroll
Correctional Training Facility
31625 Highway 101
Soledad, California 93960

Dated:    July 30, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3