UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE CARROLL,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendant. | Case No. 1:23-cv-00974-JLT-HBK (PC)<br><br>ORDER REQUIRING ATTORNEY ALAIN BROWNING TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>SEVEN DAY DEADLINE |

On February 14, 2025, Plaintiff's former counsel, Attorney Joseph Virgilio of the Justice Law Firm, moved to withdraw from this action. (Doc. No. 32, "Virgilio's Motion"). While Virgilio's Motion remained pending, Attorney Alain Browning, also of the Justice Law Firm, entered a notice of appearance on behalf of Plaintiff. (Doc. No. 37). On July 2, 2025, the previously assigned magistrate judge granted Virgilio's Motion. (Doc. No. 41).

This matter was subsequently reassigned to the undersigned magistrate judge. (Doc. No. 42). On July 31, 2025, after noting that it was unclear whether Attorney Browning continued to represent Plaintiff in this action given he did not enter an appearance until after the motion to withdraw was filed and was not specifically referenced in either the motion to withdraw or the order granting the motion, the Court directed Attorney Browning to either file a motion to withdraw or a declaration confirming his continued representation of Plaintiff within seven days. (Doc. No. 43, "July 31, 2025 Order"). To date, Attorney Browning has not complied with the

Court's July 31, 2025 Order.

"The inherent powers of federal courts are those that are necessary to the exercise of all others." *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (internal quotation marks omitted). "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). "A court has power to adjudge in civil contempt any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983). Local Rule 110 provides that "[f]ailure of counsel … to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court."

Here, the Court ordered Attorney Browning to file either a motion to withdraw or a declaration confirming his representation of Plaintiff. (Doc. No. 43). Attorney Browning's failure to respond in any way hinders the Court's ability to move forward with proceedings in this action because it is unclear whether Plaintiff is represented by counsel or proceeding pro se.

Accordingly, it is **ORDERED**:

1. Within **seven (7) days** of the docketing date of this order, Attorney Browning is DIRECTED to file either (1) a file a motion to withdraw as attorney or (2) a declaration confirming his continued representation of Plaintiff.

2. Within **seven (7) days** of the docketing date this order, Attorney Browning **SHALL SHOW CAUSE IN WRITING** why sanctions should not issue for his failure to comply with the Court's July 31, 2025 Order.

3. In addition to the standard notice provided by the Court, the Clerk of Court is DIRECTED to email Attorney Browning at alainbrowning@yahoo.com as well as mail a copy of this order to counsel's address of record:

    Alain Browning
    The Justice Firm
    5850 Canoga Avenue
    Ste 4th Floor
    Woodland Hills, CA 91367

4. The Clerk of Court is DIRECTED to mail a copy of this order to Plaintiff at the

address below:

Tremaine Carroll
Correctional Training Facility
31625 Highway 101
Soledad, California 93960

DONE AND ORDERED:

Dated:   September 27, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3