UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE CARROLL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendant. | Case No.  1:23-cv-00974 JLT HBK (PC)<br><br>ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY<br><br>(Doc. No.  47) |

　　　　Plaintiff, a state prisoner proceeding *in forma pauperis*, initiated this civil rights action seeking relief under 42 U.S.C. § 1983 while represented by counsel.  (Doc. No. 2).  Plaintiff proceeds on her First Amended Complaint.  (Doc. No. 19).[1]

　　　　Pending before the Court is a motion to withdraw as attorney filed by Alain Browning on October 1, 2025.  (Doc. No. 47, "Motion").  The Motion was filed in response to the July 31, 2024 Order directing Attorney Alain Browning to either file  (1) a file a motion to withdraw as attorney or (2) a declaration confirming his continued representation of Plaintiff, and September 29, 2025 Order to Show Cause regarding Attorney Browning's failure to respond to the July 31, 2025 Order.  (See Doc. Nos. 43, 46).  As of the date of this Order, Plaintiff has not filed a response to the Motion and the time to do so has expired.  Local Rule 230(l).

---

[1] After reviewing the Complaint, the Court determined that each Plaintiff should proceed separately on their own claims and severed the action. (Doc. No. 1).

In support of his Motion, Attorney Browning states that Plaintiff has terminated the services of his firm. (*Id.* at 8 ¶ 8-18) (Decl. of Atty A. Browning). Attorney Browning clarifies that he only entered an appearance in this case because Mr. Virgilio, who was representing Plaintiff and from the same firm, was unable to file documents requested by the Court due to being suspended by the State Bar of California. (*Id.* at 9-10) (Decl. of Atty A. Browning).

On July 2, 2025, the previous assigned magistrate judge, granted a motion to withdraw from the case to the Justice Firm, Mr. Virgilio and Mr. Darden. (Doc. No. 41). Attorney Browning states he believed this also relieved him from this case. (Doc. No. 47 at 9 ¶ 7-9) (Decl. of Atty A. Browning). Attorney Browning states that because his firm had been relieved from this case, all case files have already been sent to Plaintiff. (*Id.* at 9 ¶ 11-15) (Decl. of Atty A. Browning). Attorney Browning apologizes to the court for his confusion as to his status in this case and requests to withdraw. (*Id.* at 9 ¶ 9-12) (Decl. of Atty A. Browning).

Under Local Rule 182(d), "an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court." Any motion seeking to withdraw must describe counsel's efforts to notify their client of their withdrawal and identify for the court their client's last known address. (*Id.*). Withdrawal is further governed by the Rules of Professional Conduct of the State Bar of California. (*Id.*) Those rules permit an attorney's withdrawal where it is "unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule of Professional Conduct 1.16(b)(4).

Whether to grant or deny a motion to withdraw as counsel is within the court's discretion. *Campbell v. Obayashi Corp.*, 424 F. App'x 657, 658 (9th Cir. 2011); *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). Determining whether to grant a withdrawal of counsel "involves a balancing of the equities," and the court should consider whether there is good cause for withdrawal, and how withdrawal will impact other litigants and the ultimate resolution of the case. *McClain v. Am. Credit Resol., Inc.*, 2020 WL 8619963, at *2 (E.D. Cal. Apr. 6, 2020). Granting a withdrawal may be "subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

Considering the previous order terminating Attorney Browning's firm, Attorney Brown

2

reasonably understood he was relieved of any further duties in connection with this case. Alternatively, to the extent that Attorney Browing was not relieved, the Court finds good cause to grant Attorney Browning's Motion.  Counsel's Declaration makes clear that Plaintiff no longer desired counsel's firm to represent her.  Cal. Rules of Professional Conduct 1.16(b)(4), (b)(6); *Fed. Trade Commission v. Golden Sunrise Nutraceutical, Inc.*, 2022 WL 673778, at *1 (E.D. Cal. Mar. 7, 2022); *King v. Ocewen Loan Servicing, LLC*, 2018 WL 11351985, at *2 (C.D. Cal. Nov. 21, 2018).  A client's right to discharge his attorney "is absolute." *Fed. Sav. & Loan Ins. Corp. v. Angell, Holmes & Lea*, 838 F.2d 395, 395–96 (9th Cir. 1988) (quoting *Fracasse v. Brent*, 494 P.2d 9 (1972)).  Good cause appearing, Attorney Browning's motion to withdraw will be granted.

Accordingly, it is **ORDERED**:

1. The Court discharges its September 29, 2025 Show Cause Order (Doc. No. 46).
2. The Court **GRANTS** Attorney Alain Browning's motion to withdraw as attorney of record (Doc. No. 47) and Attorney Alain Browning is relieved as counsel of record for Plaintiff Tremaine Carroll;
3. The Clerk of Court shall remove Attorney Alain Browning as counsel for Plaintiff from the docket, update the docket to reflect that Plaintiff is proceeding pro se and update Plaintiff's mailing address on the docket as reflected in the certificate of service (Doc. No. 47 at 10);
4. Attorney Browning shall comply with all federal, state and local rules related to withdrawing from a case, if not already done so;
5. The Clerk of Court shall mail a copy of this Order to Plaintiff at her address of record.

Dated:   October 27, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE