UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE CARROLL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendant. | Case No.  1:23-cv-00974 JLT HBK (PC)<br><br>ORDER GRANTING MOTION ONLY TO LIMITED EXTENT THAT PLAINTIFF IS GRANTED EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>(Doc. 52)<br><br>FEBRUARY 16, 2026, DEADLINE |

Pending before the Court is Plaintiff Tremaine Carroll's one-page motion requesting various forms of relief filed January 9, 2025 . (Doc. No. 52).  Citing her indigent status, Plaintiff seeks an extension of time to file an amended complaint, appointment of counsel, return of legal documents and unpublished manuscript, and the return of the $420 filing fee withdrawn from her inmate account.

On December 22, 2025, the Court screened Plaintiff's operative amended complaint, found it failed to state a cognizable federal claim, and directed Plaintiff to file an amended complaint by January 16, 2026.  (Doc. 51).  Other than pointing to her indigent status, Plaintiff does not provide any reason why she requires additional time to file an amended complaint. Given Plaintiff's pro se status and the fact that she is incarcerated, the Court sua sponte finds good cause and will grant Plaintiff a further 30-day extension of time to file an amended complaint.  Fed. R. Civ. P. 6(b)(1)(A).

Plaintiff next asserts the Court erred in releasing her former counsel and failing to appoint replacement counsel.  Plaintiff also states that Alain Browning "was never" her counsel.[1]  On July 2, 2025, the previous assigned magistrate judge, granted a motion to withdraw from the case to the Justice Firm, Mr. Virgilio and Mr. Darden. (Doc. No. 41).  To the extent Plaintiff claims the former magistrate erred in dismissing her former counsel without sua sponte appointing new counsel, Plaintiff should have filed a motion for reconsideration to the district court under Federal Rule of Civil Procedure 72.  A Rule 72 motion must be filed without 14-days of the order to which Plaintiff assigns error.  Fed. R. Civ. P. 72(a).  Thus, a Rule 72 motion would be untimely at this date.  Separately, the Court notes that previous counsel was not appointed for Plaintiff.  Instead, counsel initiated this action on behalf of Plaintiff.  To the extent Plaintiff seeks appointment of counsel, Plaintiff must file a motion seeking court-appointed counsel and show "exceptional circumstances." *United States v. McQuade*, 519 F.2d 1181 (9th Cir. 1978).

Regarding Plaintiff's request for the return of her legal files, the Court explicitly directed former counsel in both its July 2, 2025 and October 27, 2025 orders that counsel must comply with all federal, state and local rules related to withdrawing from a case, including but not limited to, ensuring that Plaintiff's case file and any other records from this matter are timely sent to Plaintiff.  (Docs. 41, ¶ 2; 49, ¶ 4).  Counsel from The Justice Firm confirmed that as of October 1, 2025, "the file has already been transferred to the client." (Doc. 47 at 7).

Concerning Plaintiff's request for reimbursement of the monies withdrawn from her inmate account, Plaintiff filed a motion to proceed *in forma pauperis*, which the Court granted. (Docs. 12, 14).  Consistent with the Prison Litigation Reform Act, Plaintiff is required to pay the filing fee.  28 U.S.C § 1915(b) ("the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account").  Additionally, the Court assessed only a $350 filing fee.  The Court's financial records reveal  Plaintiff has paid $340.38 and has an outstanding balance of $9.62.

Finally, the Court lacks jurisdiction over any claim that former counsel failed to return

---

[1] On October 27, 2025, this Court confirmed that Attorney Browning and well as the Justice Firm had been relieved of further representation of Plaintiff in this matter. (Doc. 49).

Plaintiff's "unpublished manuscript" to her.

Accordingly, it is ORDERED:

1. Plaintiff's motion (Doc. No 52) is GRANTED to the extent set forth herein.

2. No later than February 16, 2026, Plaintiff must deliver to correctional for mailing one of the following: (a) Second Amended Complaint; (b) a "Notice to Stand on the Amended Complaint" subject to the undersigned recommending the district court to dismiss the Complaint for the reasons stated in this Order; or (c) a "Notice of Voluntary Dismissal Complaint Under Rule 41" stating she wishes to voluntarily dismiss this action without prejudice to avoid a strike.

3. Plaintiff's Motion (Doc. 52) is otherwise DENIED.

4. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

Dated:     January 14, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3