UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TREMAINE CARROLL,

Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

Defendants.

Case No.  1:23-cv-00974-JLT-HBK (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND CONSTRUED MOTION FOR WRIT OF MANDAMUS

(Doc. 55)

Pending before the Court is Plaintiff Tremaine Carroll's one-page motion seeking appointment of counsel and an order to "force CDCR to enforce 'TRO' issued by Judge Claudia Wilkens." appoint counsel. (Doc. 55).  Plaintiff seeks appointment of counsel because (1) this case is complex, involving multiple case numbers and parties, and (2) it is unsafe for Plaintiff to access the law library. (*Id*.).  Liberally, construed, Plaintiff also appears to seek mandamus relief.  For the reasons stated below, the Court denies the motion.

Plaintiff commenced this action on June 23, 2023, while represented by counsel. (Doc. 1). Plaintiff later moved to remove counsel, and counsel subsequently moved to withdraw; those requests were granted. (Docs. 23, 32, 41, 47, 49).  Plaintiff now proceeds pro se on her Second Amended Complaint filed January 30, 2026. (Doc. 54).

Regarding Plaintif's request for appointment of counsel, there is no constitutional right to appointed counsel in civil actions. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (clarifying that

*Bounds v. Smith*, 430 U.S. 817 (1977), does not establish a right to counsel in civil cases). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to request that counsel represent an indigent litigant. This discretion is exercised only in "exceptional circumstances." *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

In determining whether exceptional circumstances exist, courts consider the following factors: proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate claims pro se considering the complexity of the legal issues involved. *See Palmer*, 560 F.3d at 970; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998). No one factor is dispositive, and all must be viewed together.

Plaintiff has not met the burden of demonstrating exceptional circumstances. *See e.g. Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). First, although Plaintiff asserts that the case is complex, the Court does not find that the legal issues to be so complex to warrant appointment of counsel. *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (finding no exceptional circumstances where issues, through potentially involved, were not unduly complex).

Second, Plaintiff's asserted lack of safe access to the law library does not, without more, constitute exceptional circumstances. *See Benton v. Clingman*, 2023 WL 4493697, at *1 (E.D. Cal. July 12, 2023); *see also Harris v. Jhamou*, 2020 WL 2561284, at *4 (E.D. Cal. Mar. 13, 2020), *report and recommendation adopted*, 2020 WL 2556327 (E.D. Cal. May 20, 2020) (lack of law library access, standing alone, does not warrant appointment of counsel).

Finally, the record reflects that Plaintiff has been able to articulate her claims and prosecute this action, including filing an amended complaint, which further weighs against a finding of exceptional circumstances. *See Terrell*, 935 F.2d at 1017.

Regarding Plaintiff's construed request for mandamus relief, under 28 U.S.C. § 1651, known as the All Writs Act, this Court lacks jurisdiction to issue a writ of mandamus to state officials. *Demos v. United State Dist. Court of E. Dist. Of Wash.*, 925 F.2d 1160, 1161 (9th Cir.

1991).  The Court only has "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Federal courts do not have jurisdiction under the statute to issue mandamus to direct non-federal entities, such as the state actors here, in the performance of their duties. *See Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966).

Accordingly, it is hereby ORDERED:

Plaintiff's motion seeking appointment of counsel and mandamus relief (Doc. 55) is DENIED.

Dated:     May 5, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3