UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TREMAINE CARROLL,

Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

Defendants.

Case No.  1:23-cv-00974-JLT-HBK (PC)

FINDINGS AND RECOMMENDATIONS TO PERMIT PLAINTIFF TO PROCEED ON COGNIZABLE CLAIMS AND DISMISS REMAINING CLAIMS AND DEFENDANTS[1]

(Doc. 54)

FOURTEEN-DAY OBJECTION PERIOD

Plaintiff is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983.  Plaintiff proceeds on her Second Amended Complaint ("SAC").  (Doc. 54).  As explained below, the undersigned concludes the SAC states cognizable Eighth Amendment sexual-assault claims against Defendants Pallares and Rodriguez but fails to state any other claim.  The undersigned, therefore, recommends that this action be allowed to proceed only on those claims and that the remaining claims and defendants be dismissed.

BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

Plaintiff Tremaine Carroll ("Plaintiff" or "Carroll"), who identifies as a "transwoman," initially filed this action with the assistance of counsel.  The events underlying Plaintiff's claims occurred while Carroll was confined at Central California Women's Facility ("CCWF").

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

On December 12, 2025, after Plaintiff's counsel withdrew, the Court screened the First Amended Complaint ("FAC") and found it failed to state a federal claim.  (Doc. 51).  The FAC alleged four causes of action: (1) cruel and unusual punishment/excessive force; (2) right to bodily integrity; (3) failure to protect against; and (4) supervisory liability, all against various defendants and Doe parties.  The Court found, among other things, that the FAC improperly attributed wrongful acts to all "Defendants" without specifying what each Defendant did and failed to allege when the alleged acts occurred.  The Court granted leave to file a second amended complaint but advised Plaintiff not to add unrelated claims.

On January 30, 2026, Plaintiff filed the SAC.  (Doc. 54).  The SAC added defendants and claims and named, the State of California, CDCR, CDCR Secretary/Director, Warden De La Cruz, (former) Officer Greg Rodriguez, (former) Warden Mike Pallares, Correctional Sergeant Dusty Brown, Governor Gavin Newsom[2], (former) Sargent Ralph Contreras Jr., Lieutenant Villegas, Corrections Counselor Bradford, Corrections Officer J. Haynes, Corrections Officer Pineda, CCWF Chief Medical Officer, CCWF Chief Psychologist, CCWF Prison Rape Elimination Act ("PREA") Director, Secretary Kathleen Allison[3], and Does 1-100.  (*Id.* 1-4).

On June 8, 2026, the Court screened the SAC and found that it stated cognizable Eighth Amendment sexual-assault claims against Defendants Pallares and Rodriguez, but no other cognizable claim.  (Doc. 57).  The Court gave Plaintiff three options: (1) file a Third Amended Complaint; (2) file a notice under Rules 41 and 15 voluntarily dismissing the defendants and claims found non-cognizable; or (3) file a notice that she wished to stand on the SAC, subject to findings and recommendations dismissing the non-cognizable claims and defendants.  (*Id*. at 13-14).

On June 22, 2026, Plaintiff filed a documents titled "Notice under Rule 41(a)(1) and Rule 15, Objections to Court's Ruling, Appointment of Counsel, Settlement Conference."  (Doc. 58).  In it, Plaintiff stated that she "elects to go with" the second option and proceed against

---

[2] Misspelled "Newsome" in SAC.

[3] Misspelled "Kathelen" in SAC.

Defendants Pallares and Rodriguez but then listed objections to the dismissal of claims against several defendants. (*Id.* at 1-2). Plaintiff does not state that she wished to file a Third Amended Complaint. (*See id.*). In light of the obligation to construe pro se filings liberally, *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020), the undersigned construes Plaintiff's filing as electing to stand on the SAC, subject to the issuance of these findings and recommendations dismissing the claims and defendants previously found non-cognizable.

APPLICABLE LAW

A. Screening Requirement

Because Plaintiff commenced this action while incarcerated, the Court must screen the complaint under the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any portion of the Complaint that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *Id*. § 1915A(b)(1)-(2).

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Evidence of the claim is not required under Rule 8 at the pleading stage. *Berk v. Choy*, 607 U.S. 187, 193 (2026). To survive screening, the Complaint must contain sufficient factual matter to state a claim that is plausible on its face—i.e., facts permitting the reasonable inference that each named defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Threadbare recitals of the elements of a cause of action and conclusory statements do not suffice. *Iqbal*, 556 U.S. at 678. Courts likewise are not required to indulge unwarranted inferences. *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009).

At the screening stage, the Court accepts the Complaint's factual allegations as true, construes the pleading liberally, and resolves doubts in the plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.

3

2003).  However, the Court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A claim must have arguable basis in law and fact to proceed.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules permit multiple claims against a single defendant and allow joinder of multiple defendants if the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and share common questions of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2).  Claims that arise at the same institution do not make the claims properly joined.  *Camposeco v. Bordeaux*, 2020 WL 5984420, at *5 (E.D. Cal. Jul. 31, 2020).  Unrelated claims against unrelated defendants may not proceed in a single action and must be brought, if at all, in a separate lawsuit.

B.  Section 1983

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law.  *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 362 (2017).  To state a § 1983 claim, a plaintiff must show that a defendant acting under color of state law caused the deprivation of a federal right.  *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).  The causation requirement is satisfied by showing either the defendant's personal involvement in the deprivation or a sufficient causal connection between the defendant's supervisory conduct and the deprivation.  *See King v. Cnty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).  Thus, personal participation is necessary, and the mere presence or generalized involvement is insufficient.  *See Jones v. Williams*, 297 F.3d 930, 939 (9th Cir. 2002); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

ANALYSIS

Because Plaintiff's allegations are disjointed and brief, and not clearly organized by cause of action, the Court addresses the pertinent facts below as to each group of defendants.

A.  Defendants Pallares, Rodriguez

The SAC alleges that Plaintiff was transferred to CCWF on August 26, 2021.  (Doc. 54 at 6, ¶ 7).  In or around November or December 2021, Warden Pallares allegedly summoned

4

Plaintiff to the CCWF Board of Parole Hearings (BPH) room and coerced her to perform oral sex by threatening to transfer her back to a men's prison.  (*Id*. at 3, ¶ 1).  Pallares chaired the Institutional Classification Committee ("ICC") that denied Plaintiff's transfer "per PREA."[4]  (*Id*.).  In or around April or May 2022, Officer Rodriguez allegedly called Plaintiff into the same room and, under the same threat of transfer to a men's and threats to Plaintiff's family, coerced Plaintiff to perform oral sex.  (*Id.* at 3, 5, ¶ 2).

These allegations are analyzed under the Eighth Amendment, which prohibits cruel and unusual punishment in penal institutions and is violated by sexual harassment or abuse of an inmate by a corrections officer.  *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012); *see also Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000).  To state a cognizable sexual-assault claim, a plaintiff must allege that a prison staff member, acting under color of law and without legitimate penological justification, touched the plaintiff in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or to humiliate, degrade or demean the prisoner.  *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

Courts evaluate such claims under both a subjective requirement, whether an official acted with "a sufficiently culpable state of mind," *Schwenk* at 1196, and an objective requirement, whether the act itself was "offensive to human dignity."  *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012).  The Ninth Circuit has recognized that "a sexual assault on a prisoner by a prison guard is always 'deeply offensive to human dignity' and is completely void of penological justification."  *Id.* at 1051.

The SAC alleges that Pallares and Rodriguez used their authority and threats of transfer to a men's prison to coerce Plaintiff into performing oral sex, which plausibly alleges sexual conduct without penological justification undertaken for sexual gratification or to humiliate, degrade, or demeaning Plaintiff.  See *Bearchild*, 947 F.3d at 1144.  Such conduct, if true, is inherently offensive to human dignity and satisfies both the subjective and objective components of an Eighth Amendment claim.  *Wood*, 692 F.3d at 1046.  Accordingly, the undersigned

---

[4] The Court presumes the acronym is for Prison Rape Elimination Act.

recommends that Plaintiff be allowed to proceed on her Eighth Amendment sexual-assault claims against Defendants Pallares and Rodriguez.

B.   Defendants Brown, Villegas, Contreras

The SAC alleges that, on or around January 2, 2023, Defendants Brown, Villegas, and Contreras "attempted to intimidate" Plaintiff and other victims of the sexual-abuse scandal from "naming" them, Pallares, and other "CCWF 'rape crew.'" (Doc. 54 at 5, ¶¶ 3-5).  The SAC does not otherwise describe what each of these defendants did.

These vague and conclusory assertions that Defendants "attempted to intimidate" Plaintiff do not meet Rule 8's pleading standard or identify specific acts by each defendant.  *See Iqbal*, 556 U.S. at 678; *Western Mining*, 643 F.2d at 624.  Accordingly, the undersigned recommends that the claims against Defendants Brown, Villegas, Contreras, and Bradford based on these allegations be dismissed.

C.   Defendants CCWF Chief Medical Officer, Chief Psychologist, PREA Director, CCDR, Bradford

The SAC alleges that, on or around January 2, 2023, the CCWF Chief Medical Officer and Chief Psychologist denied Plaintiff medical and mental health treatment for "RTS" and "CSAAS" under PREA Policy. (Doc. 54 at 5, ¶¶ 1,2).  Also, on or around the same date, the CCWF PREA Director allegedly failed to protect Plaintiff by not enforcing PREA Policy and by not separating or transferring Plaintiff.  (*Id,* ¶ 3).  The SAC further alleges that CDCR failed to protect Plaintiff and provide follow-up treatment per PREA policy.  (*Id*., ¶ 4).  The SAC similarly alleges, Defendant Bradford failed to separate Plaintiff from Pallares under PREA policy.  (*Id.* at ¶ 6).

Allegations that defendants violated CDCR or PREA policy do not alone establish a constitutional violation under § 1983, because violations of state departmental regulations do not create federal constitutional liability.  *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009)*; see Case v. Kitsap County Sheriff's Dep't,* 249 F.3d 921, 930 (9th Cir. 2001) (quoting *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997)) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right . . .").  Thus,

6

Plaintiff's claim based on CDCR's PREA policy are not cognizable under § 1983. *Sonier v. Singh*, No. 2:24-CV-02511 SCR P, 2025 WL 2897237, at *4 (E.D. Cal. Oct. 10, 2025). Similarly, to the extent Plaintiff seeks to sue under PREA itself, his claim fails because PREA does not contain a private right of action, either directly or through § 1983. *Id.* (citing *McPherson v. Carpenter*, No. 2:25-cv-0202 DC CSK P, 2025 WL 745819, at *2 (E.D. Cal. Mar. 7, 2025), *report and recommendation adopted*, No. 2:25-cv-0202 DC CSK (PC), 2025 WL 2590355 (E.D. Cal. Sept. 8, 2025); *Stevens v. Smith*, No. 1:22-cv-0741 SAB PC, 2022 WL 4292289, at *3 (E.D. Cal. Sept. 16, 2022), *report and recommendation adopted sub nom. Smith v. Smith*, No. 1:22-cv-0741 ADA SAB PC, 2022 WL 16850368 (E.D. Cal. Nov. 10, 2022), *aff'd sub nom. Stevens v. Smith*, No. 22-16850, 2023 WL 6140590 (9th Cir. Sept. 20, 2023).

Accordingly, the undersigned recommends that the dismissal of the claims premised on alleged violations of CDCR's PREA policy or PREA itself against these defendants.

D.  Defendants Governor Newsom, Secretary Allison, State of California

Plaintiff asserts Eighth Amendment failure-to-protect claims against Governor Gavin Newsom, CDCR Secretary Kathleen Allison, and the State of California arising from Plaintiff's August 26, 2021 transfer to CCWF, alleging they "should have known" Pallares "had previously raped various CCWF staff members," and the that the State transferred Plaintiff despite "incompetent leadership" and a pattern of staff sexually abusing incarcerated women.   (Doc. 54 at 6, ¶¶ 7, 8).

These claims appear time-barred on the face of the SAC, as they are based on acts occurring in 2021 and are subject to the applicable limitations period and tolling rules governing claims brought by California prisoners. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); Cal. Civ. Proc. § 352.1(a).[5]  In addition, Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of California and its agencies and generally bars suits against

---

[5] For claims raised for the first time in an amended complaint that are filed after the limitations period have expired to be timely, they must "relate back" to claims properly raised in a timely complaint. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Claims "relate back" to the claims in an original petition if they "are tied to a common core of operative facts." *Id.* at 664.

7

state officials in their official capacities.  U.S. Const. amend. XI; *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984).  Governor Newsom, Secretary Allison, and the State of California are therefore entitled to Eleventh Amendment immunity from Plaintiff's claims for monetary damages.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).

Although, under *Ex parte Young*, a plaintiff may seek prospective injunctive relief against a state official in his or her official capacity, the official must have a sufficiently direct connection to the alleged constitutional violation.  *Chino Valley Unified Sch. Dist. v. Newsom*, 2025 WL 1151004, at *6 (E.D. Cal. Apr. 17, 2025); *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998).  Plaintiff alleges only generalized, conclusory assertions and does not plead facts establishing such direct connection with respect to Newsom, Allison or the State of California.  Thus, undersigned therefore recommends dismissal of the claims against Governor Newsom, Secretary Allison, and the State of California.

E.  Defendants Haynes, Pineda

The SAC alleges, on July 2, 2022, Defendant Haynes "went off camera," entered Plaintiff's room, and physically assaulted Plaintiff and Plaintiff's roommate while using racial, and that Defendant Pineda stood at the door during the assault.  (Doc. 54 at 6, ¶¶ 9, 10).

These allegations, if true, could support Eighth Amendment excessive-force and failure-to-protect claims, but they involve different defendants, a different incident, and different legal theories than the sexual-assault claims against Pallares and Rodriguez.  They are therefore unrelated and may not proceed in this action under the joinder rules; Plaintiff must pursue them, if at all, in a separate lawsuit.  Accordingly, the undersigned recommends dismissal of the claims against Defendants Haynes and Pineda from this action.  *K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. Appx. 791 (9th Cir. 2015) (alteration in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

8

F.   Doe Defendants 1-100

The SAC alleges that, on unspecified dates, unidentified Jane/John Does 1–100, together with the named defendants, violated Plaintiff's civil rights in various ways, including retaliation and "extreme torture," but does not provide individualized factual allegations or information indicating how any Doe defendant can be identified. (Doc. 54 at 6, ¶ 12).

Use of Doe defendants is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted).  It is permissible only where the plaintiff otherwise pleads sufficient factual detail to allow later identification of the unknown defendants and to support the inference that each is liable. *Iqbal*, 556 U.S. at 678.

Here, the SAC offers only collective, speculative allegations against a group of 100 unnamed defendants, which is impermissible. *Hernandez v. Gonzalez*, 2010 WL 4917160, at *2 (E.D. Cal. Nov. 24, 2010) ("Plaintiff may not sue Doe [D]efendants collectively based on speculative beliefs as to whether they exist, or hypothetical allegations of what they may have done that violated Plaintiff's constitutional rights.").

To the extent that Plaintiff also contends that CDCR officials are breaching a prior court order, those assertions alone do not state a claim under § 1983 without allegations of a protected liberty interest, state actions, and inadequate process.  The undersigned therefore recommends dismissal of the claims against Doe Defendants 1-100.

G.   Defendant De La Cruz

The SAC alleges that Plaintiff's grievances and appeals were denied because "CDCR and specifically CCWF Warden De La Cruz said, 'There's not enough evidence to prove nor disprove the allegations.'"  (Doc. 54 at 1-2).  The SAC contains no other allegations against De La Cruz.

Inmates do not have a constitutional right to any particular grievance procedure, nor are there constitutional requirements regarding how a grievance system is operated, even if an inmate believes the process to be unfair or inaccurate. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  A prion officials' denial of a grievance, without more, does not constitute a basis for liability under § 1983. *Penton v. Johnson*, 2019 WL 6618051, at *6 (E.D. Cal. Dec. 5, 2019) ("Moreover, a prison official's denial

of a grievance does not itself violate the constitution…. 'An allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983.'") (quoting *Evans v. Skolnik*, 657 F. App'x 285, 288 (9th Cir. 2015)), *cert dism'd*, 136 S. Ct. 2390 (2016) (unpublished opinion) (other citation omitted).  Accordingly, the undersigned recommends dismissal of the claim against Defendant De La Cruz.

### H.  Allegations Against Former Counsel Hunt, Darden, and Virgilio

The SAC alleges that a friend paid \$420[6] in April 2024 to attorney Nelson Hunt, Christopher Darden, and Virgilio[7] on Plaintiff's behalf to cover the filing fee; that these attorney represented Plaintiff; and that when the Court granted Plaintiff's *in forma pauperis* status, the firm did not return the money, legal documents, or an unpublished manuscript.  (Doc. 54 at 7, ¶ 5).

These allegations are unrelated to Plaintiff's Eighth Amendment sexual-assault claims and therefore cannot be joined in this action.  *See K'napp*, 2013 WL 5817765, at *2.  They also do not state a federal cause of action under § 1983, and any such claim must be pursued, if at all, in state court.  The undersigned recommends dismissal of the claims against Defendants Hunt, Darden, and Virgilio.

### I.  Defendant CDCR – Retaliation

The SAC states, in passing, that "[i]n retaliation for me reporting being victim of employee sexual misconduct (in CDCR), CDCR subjected me to cruel [and] unusual punishment, reckless endangerment, deliberate indifference, discrimination."  (Doc. 54 at 3).

Prisoners have First Amendment rights to file a grievance and civil rights actions against correctional officials.  *Brodheim v. Cry*, 584 F. 3d 1262, 1269 (9th Cir. 2009).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that

---

[6] The base filing fee is currently \$350 dollars, with an additional administrative fee of \$55 set by the Judicial Conference that brings the total civil filing fee to \$405 dollars for most new civil cases.  Plaintiff was granted *in forma pauperis* status and was assessed only the base \$350 filing fee. 28 U.S.C. § 1914.

[7] Misspelled "Virgillio" in SAC.

prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of her First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).  A retaliatory motive may be shown by the timing of the allegedly retaliatory act or other circumstantial evidence, as well as direct evidence.  *Bruce v. Ylst,* 351 F.3d 1283, 1288–89 (9th Cir. 2003); *McCollum v. Ca. Dep't of Corr. And Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011).  Mere speculation that a defendant acted out of retaliation is not sufficient.  *Wood v. Yordy,* 753 F.3d 899, 905 (9th Cir. 2014) (citing cases).

Plaintiff's bare assertion of retaliation does not identify any specific adverse acts, responsible individuals, dates, or facts showing a causal connection between her protected activity and any alleged retaliation. These conclusory allegations do not satisfy even the low pleading threshold at screening. *See Iqbal*, 556 U.S. at 678; *Western Mining*, 643 F.2d at 624. The undersigned therefore recommends dismissal of the retaliation claim against CDCR.

Accordingly, IT IS RECOMMENDED:

1.      This action proceed only on Plaintiff's Eighth Amendment sexual-assault claims against Defendants Pallares and Rodriguez.

2.      All remaining claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted and service be directed upon Defendants Pallares and Rodriguez.

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

11

the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated:    July 2, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE