UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TREMAINE CARROLL,

Plaintiff,

v.

GREG RODRIGUEZ and MICHAEL PALLARES,

Defendants.

Case No. 1:23-cv-00974-JLT-HBK (PC)

FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; ORDER DENYING PLAINTIFF'S REMAINING REQUESTS FOR RELIEF

(Doc. 65)

On October 19, 2026, Plaintiff filed a one-page document titled "Petition for Mandatory Settlement Conference, Appointment of Counsel, Pseudonym Change, Preliminary Injunctive Relief, Temporary Restraining Order," accompanied by 47 pages of attachments consisting of correspondence from various sources, including counsel and legal organizations, and grievances. (Doc. 65). The Court construes the filing as a motion for the relief identified in its title and requested in its text.

Plaintiff asserts that her life is in danger because of "retaliation to her reporting being the victim of employee sexual misconduct."[1] She cites a temporary restraining order issued in an Americans with Disabilities Act class action as a basis for issuing similar relief in this action.

[1] Upon receipt, the Court provided notice of Plaintiff's allegations to correctional officials. (Doc. 66).

She further asserts that a temporary restraining order, a preliminary injunction, and appointment of counsel are warranted because she "has been continuously beaten, raped, robbed, extorted, etc. by present SVSP inmates and staff," and has been "denied access to courts, legal visits, medical" as a result of filing "PREA"[2] complaint. (Doc. 65 at 1).

Plaintiff also requests appointment of counsel, a mandatory settlement conference, permission to proceed under the pseudonym "Jane Doe," redaction of her name be redacted from all filings, and copies of her motion and the "entire record" at no expense. She offers no argument in support of these additional requests. (*Id.*).

For the reasons set forth below, the undersigned recommends that Plaintiff's motions for a temporary restraining order and preliminary injunction be denied. Plaintiff's remaining requests for relief are denied.

## I. BACKGROUND

On July 2, 2026, Plaintiff filed a Second Amended Complaint alleging, among other things, that Defendants Greg Rodriguez and Michael Pallares forced her to perform oral sex while she was incarcerated at Central California Women's Facility ("CCWF"). On August 14, 2026, the Court adopted the undersigned's Findings and Recommendations, permitting Plaintiff to proceed on her Eighth Amendment sexual-assault claims against Rodriguez and Pallares and dismissing all other claims and defendants. (Doc. 60).

On September 29, 2026, the Clerk of Court issued summonses as to Rodriguez and Pallares. (Doc. 62). On October 16, 2026, Pallares waived service. (Doc. 64). On November 4, 2026, the summons for Rodriguez was returned unexecuted. (Doc. 67).

Plaintiff is now incarcerated at Salinas Valley State Prison ("SVSP"). Her On October 19, 2026 motion seeks relief based, in part, on alleged misconduct by inmates and staff at that institution.

////

////

[2] Plaintiff appears to invoke the Prison Rape Elimination Act, 34 U.S.C. § 30301 et seq.

## II. APPLICABLE LAW AND ANALYSIS

### A. Temporary Restraining Order and Preliminary Injunction

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. A temporary restraining order issued without notice requires specific facts in an affidavit or a verified complaint clearly show that immediate, and irreparable injury will occur before the adverse party, as well as written certification of any efforts to provide notice and the reasons notice should not be required. Fed. R. Civ. P. 65(b)(1). Local Rule 231 likewise requires notice "[e]xcept in the most extraordinary of circumstances" and directs the Court to consider whether the applicant could have sought a preliminary injunction earlier. E.D. Cal. L.R. 213(a)-(b). The applicant must also submit supporting briefing and affidavits, a proposed temporary restraining order addressing security, and proposed order setting a hearing. E.D. Cal. L.R. 231(c).

Temporary restraining orders are governed by substantially the same substantive standard. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp.2d 1111, 1126 (E.D. Cal. 2001); *see also* Fed. R. Civ. P. 65(a). A temporary restraining order serves the limited purpose of preserving status quo and preventing irreparable harm until a hearing can be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

Preliminary injunctive relief is an extraordinary remedy. The applicant must establish that (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities favors her; and (4) an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A mere possibility of irreparable harm is insufficient. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

The requested relief must also bear a sufficient nexus to the claims asserted in the complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have authority to issue an injunction." *Id.* at 633.

////

The Prison Litigation Reform Act ("PLRA") further limits preliminary injunctive relief in actions concerning prison conditions. Such relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). These restrictions limit federal courts' equitable authority to protect prison administrators from orders requiring more than the constitutional minimum. *Gilmore v. People of the State of California*, 220 F.3d 987, 998–99 (9th Cir. 2000). The pendency of this action does not confer jurisdiction over prison officials generally or over conditions unrelated to the claim before the Court. *Beaton v. Miller*, No. 1:20-cv-0005-JLT, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020), *findings and recommendations adopted,* 2020 WL 7183691 (E.D. Cal. Dec. 7, 2020).

Plaintiff's request are procedurally deficient. She has not shown that she provided Defendants with notice or established extraordinary circumstances excusing notice of her request for a temporary restraining order. *See* E.D. L.R. 231(a). A preliminary injunction likewise requires notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Nor does Plaintiff identify the specific injunctive relief sought or provide the supporting brief required by Local Ruel 231(c).

Plaintiff also fails to establish a substantive basis for relief. This action proceeds solely on her Eighth Amendment sexual-assault claims against Rodriguez and Pallares arising from alleged conduct at CCWF. Her motion identifies no conduct by either Defendant supporting preliminary relief and does not explain why she is likely to succeed on the merits of those claims. Instead, she alleges ongoing retaliation by inmates and staff at SVSP arising from PREA complaints. She does not identify either Defendant as a participant in that retaliation or otherwise connect the alleged retaliation to the claims proceeding in this action. These allegations therefore do not establish the nexus required for preliminary injunctive relief. *See Pac. Radiation Oncology, LLC*, 810 F.3d at 633.

To the extent Plaintiff seeks to enjoin non-party inmates or prison officials, she has not established a basis for the Court to bind those individuals. A federal must have personal jurisdiction over persons against whom relief is sought and subject matter jurisdiction over the claims at issue. *See Zepeda v. U.S. Immigr. & Naturalization Serv*., 753 F.2d 719, 727 (9th Cir.

1985). This action does not confer general authority to address unrelated conditions at SVSP. *See Beaton*, 2020 WL 5847014, at *1.

Finally, Plaintiff's reliance on a temporary restraining order issued in a separate action concerning retaliation for disability accommodations does not establish her entitlement to relief here. She must satisfy the appliable requirements based on the claim and record in this action.

Accordingly, the undersigned recommends that Plaintiff's motions for temporary restraining order and preliminary injunction be denied.

B. Appointment of Counsel

There is no constitutional right to appointed counsel in a civil action. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). The Court may request counsel under 28 U.S.C. § 1915(e)(1) only in exceptional circumstances, considering together the likelihood of success on the merits and Plaintiff's ability to articulate her claims in light of their complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

The Court previously denied Plaintiff's request because she had adequately prosecuted this action and the issues were not sufficiently complex to warrant counsel. (Doc. 55). Her renewed request provides no basis to assess her likelihood of success and no facts explaining how the alleged denial of court access and "legal visits" impairs her ability to litigate. (Doc. 65 at 1). To the extent Plaintiff relies on limited law library access, inmates with established court deadlines may apply for Priority Legal User ("PLU") status. Cal. Code of Regs. tit. 15, 3122(b). Inmates granted PLU status receive priority to prison law library resources. *Id.* The record continues to demonstrate her ability to articulate her claims and meet deadlines. Considering both factors together, Plaintiff has not established exceptional circumstances. The request is denied without prejudice.

C. Pseudonym and Redaction

Parties ordinarily must proceed under tier real names. Fed. R. Civ. P. 10(a); *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). Anonymity is permitted when the need for protection outweighs prejudice to the opposing parties and the public interest in disclosure. In assessing a claim of threatened retaliation, courts consider

the harm's severity, the reasonableness of the applicant's fears, and her vulnerability, together with prejudice and public interest. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

The Court recognizes the sensitive nature of Plaintiff's sexual-assault allegations and her vulnerability as an incarcerated litigant. Nevertheless, she provides no specific facts showing how public identification in this action increases the alleged danger or how anonymity would reduce it. Nor does she explain why her privacy interests require redaction of her name from the entire record. *See Singh v. Scott*, No. 3:24-cv-05547-BHS-BAT, 2024 WL 3694238, at *1 (W.D. Wash. Aug. 7, 2024) (denying use of pseudonym where those who may retaliate already knew plaintiff's identity and no protection would be offered by pseudonym). Even assuming no prejudice to Defendants, the present showing does not outweigh the presumption of public identification. And because Plaintiff has not established that she should be permitted to proceed by pseudonym, she has also failed to support her request to redact her name from the record. Thus, both requests are denied without prejudice.

D. Motion for a Mandatory Settlement Conference

The Court has broad discretion to require participation in a settlement conference. *United States v. U.S. Dist. Ct. for N. Mariana Islands*, 694 F.3d 1051, 1057 (9th Cir. 2012). Rodriguez remains unserved, and neither Defendant has appeared. Plaintiff offers no reason a conference would be productive at this stage. The request is denied without prejudice, as premature.

E. Copies of Court Records

Plaintiff's indigent status does not entitle her to free copies of court records. *Martin v. McNut*, No. CIV S-08-1578-CMK, 2011 WL 4543039, at *1 (E.D. Cal. Sept. 28, 2011). Neither does her pro se or prisoner status entitle her to complimentary copies. *Blair v. CDCR*, No. 1:14-cv-01156-LJO-SAB, 2018 WL 1959532, at *6 n.2 (E.D. Cal. Apr. 25, 2018). She requests her motion and the "entire record" but identifies no specific documents needed for a pending matter or explains how their absence impairs her ability to litigate. (Doc. 65 at 1).

The request is denied except that, as a one-time courtesy, the Clerk shall mail Plaintiff a copy of the docket sheet. Plaintiff may request additional copies by identifying the documents

and submitting the applicable copying fee.[3]

Accordingly, IT IS ORDERED that:

1. Plaintiff's motions for appointment of counsel, a mandatory settlement conference, leave to proceed under a pseudonym, and redaction of her name from the record (Doc. 65) are DENIED.

2. Plaintiff's motion for a free copy of the record (Doc. 65) is GRANTED INPART and otherwise DENIED. The Clerk of Court is DIRETCED to mail Plaintiff a one-time courtesy copy of the docket sheet.

IT IS FURTHER RECOMMENDED that Plaintiff's motions for a temporary restraining order and preliminary injunction (Doc. 65) be DENIED.

////

////

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). These Findings and Recommendations are not an order that is immediately appealable to the

[3] The Clerk will provide a copy of a document at $0.50 per page. *See* 28 U.S.C. § 1914.

Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment.

Dated: November 10, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE