UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE CARROLL,<br><br>Plaintiff,<br><br>v.<br><br>GREG RODRIGUEZ and MICHAEL PALLARES,<br><br>Defendants. | Case No. 1:23-cv-00974-JLT-HBK (PC)<br><br>SUPPLEMENTAL FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S SECOND MOTION FOR INJUNCTIVE RELIEF; ORDER DENYING PLAINTIFF'S REQUESTS FOR COUNSEL AND TO PROCEED UNDER A PSEUDONYM<br><br>(Doc. 69) |

On November 16, 2026, the Clerk docketed Plaintiff's four-page filing titled "Petition for Preliminary Injunctive Relief, Temporary Restraining Order, Appointment of Counsel, Pseudonym" accompanied by 227 pages of attachment. (Doc. 69). The Court construes the filing as a motion for the relief identified in its title.

Plaintiff signed the motion on November 7, 2026, before the Court issued its November 10, 2026 findings and recommendations addressing her earlier requests for substantially the same relief. (*See* Docs. 65, 68). The Court therefore considers the motion as an additional request for relief, not as objections to or reconsideration of the November 10, 2026 findings and recommendations.

For the reasons below, the undersigned recommends denying the requests for a temporary restraining order and preliminary injunction. The requests for appointment of counsel and leave to proceed under a pseudonym are denied without prejudice. These supplemental findings and recommendation address only the November 16 filing (Doc. 69) and do not supersede the November 10 findings and recommendations.

BACKGROUND

This action proceeds on Plaintiff's Eighth Amendment sexual-assault claims against Defendants Rodriguez and Pallares. The present motion largely repeats requests addressed in the November 10 findings and recommendations but adds further allegations of retaliation and threats to Plaintiff's safety.

Plaintiff alleges that, after she was designated "Doe #1" in a separate class action, correctional staff subjected her to physical and sexual violence, thefts, threats, denial of medical treatment, and false rules violation reports ("RVRs"). (*Id.* at 1–2). She alleges that the RVRs were issued at both her former institution, Central California Women's Facility ("CCWF"), and her current institution, Salinas Valley State Prison ("SVSP"). (*Id.* at 2).

Plaintiff further alleges that staff at SVSP issued at least ten false RVRs shortly after the Court directed service on Defendants and denied her due process in the related disciplinary proceedings. She alleges that Sergeant Contreras, against whom she had filed numerous sexual-abuse complaints, investigated one RVR and found her guilty without a hearing. She also alleges she was falsely accused of sexual assault after filing this action. (*Id.* at 3). Although Plaintiff identifies December 2022 as the filing date for this action, it did not commence until June 23, 2023. (Doc. 1).

According to Plaintiff, the California Department of Corrections and Rehabilitation ("CDCR") caused criminal charges to be filed against her in Madera County because of her race and gender identity, destroyed exculpatory evidence, and relied on fabricated evidence. (Doc. 69 at 3). She asserts violations of equal protection and Prison Rape Elimination Act policy. She also alleges a broader conspiracy among correctional staff placing her and President Trump's life in danger and states that she views suicide as the only means of escaping further abuse. (*Id.* at 1, 4–

5). Upon receipt of these allegations, the Court notified correctional officials. (Doc. 70).

She seeks transfer to federal or out-of-state custody, or immediate release. She also requests counsel based on alleged document destruction and concealment by CDCR, and leave to proceed under a pseudonym because staff at SVSP and Kern Valley State Prison ("KVSP") allegedly direct other incarcerated persons to look up her cases. (Doc. 69 at 4).

## I. TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### A. Governing Standards

The Court incorporates the legal standards stated in the November 10 findings and recommendations. (Doc. 68 at 3–5). A plaintiff seeking a preliminary injunction must establish a likelihood of success on the merits, a likelihood of irreparable harm absent preliminary relief, that the balance of equities favors relief, and that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Preliminary relief must also bear a sufficient relationship to the claims in the operative complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Without that nexus, the Court lacks authority to grant the requested relief. *Id.*

In addition, a preliminary injunction may issue only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). An ex parte temporary restraining order requires the specific showing prescribed by Rule 65(b)(1), including facts demonstrating immediate and irreparable injury before the adverse party can be heard. Local Rule 231(c) separately governs application for temporary restraining orders.

### B. Notice and Supporting Materials

Plaintiff has not shown that she provided the notice required for a preliminary injunction or satisfied the requirements for an ex parte temporary restraining order. Nor has she supplied the supporting brief required by Local Rule 231(c). These procedural deficiencies provide additional grounds for denying emergency relief. The recommendation does not, however, rests solely on these deficiencies.

////

////

C. Relationship to Operative Claims and Persons Subject to an Injunction

The present motion seeks relief from alleged retaliation, disciplinary proceedings, denial of medical treatment, and other conduct by correctional personnel who are not identified as Defendants in this action. It does not identify conduct by Rodriguez or Pallares establishing a present threat warranting the requested transfer or release. Nor does it explain how that relief would remedy the sexual-assault claims pending against them.

The allegation that retaliation occurred because Plaintiff filed this action does not, standing alone, establish the required nexus between the requested relief and the claims in the operative complaint. In *Pac. Radiation Oncology*, the Ninth Circuit expressly adopted the rule of *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994), which rejected a prisoner's request to enjoin retaliation for filing suit because that alleged misconduct was distinct from the Eighth Amendment violations challenged in the complaint. *Pac. Radiation Oncology*, 810 F.3d at 636. Similarly, here, the allegations offered to support Plaintiff's request for a transfer or release concern conduct and injuries distinct from those underlying the operative claims. The requested relief therefore is not of the same character as the relief sought on the claims in the operative complaint.

The motion also does not establish a basis to bind officials whose conduct Plaintiff seeks to restrain. Rule 65(d)(2) identifies those who may be bound by an injunction: parties, their officers, agents, servants, employees, and attorneys; and person acting in active concert or participation with them, provided they receive actual notice. The fact that nonparty officials and Defendants work(ed) for the same correctional agency does not itself establish that the nonparties fall within those categories. Plaintiff's generalized conspiracy allegations do not establish that the officials responsible for her current custody are acting on behalf of, or in active concert with, Rodriguez or Pallares in the conduct at issue. *See Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985); *Beaton v. Miller*, No. 1:20-cv-0005-JLT, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020), *findings and recommendations adopted*, 2020 WL 7183691 (E.D. Cal. Dec. 7, 2020).

////

These conclusions concern the Court's authority to grant the particular relief requested in this action. They do not resolve the merits of any separate retaliation, due process, or disciplinary claim. Plaintiff may pursue any such claim through an appropriate pleading or separate action, as appropriate.

D. Scope of Relief Under the Prison Litigation Reform Act

The requested relief is independently subject to the Prison Litigation Reform Act. Preliminary relief concerning prison conditions must be narrowly drawn, extend no further than necessary to correct the harm requiring relief, and constitute the least intrusive means of correcting that harm. 18 U.S.C. § 3626(a)(3). Plaintiff has not established why transfer to federal or out-of-state custody is necessary to remedy a violation at issue in this case, or why less intrusive measure would be inadequate. Further, release as relief is available through a writ of habeas corpus, not though a § 1983 claim.

The Court recognizes the seriousness of Plaintiff's allegations, including her expressed risk of self-harm. Notification was given to correctional officials as reflected on the docket. (Doc. 70). Those safety concerns do not dispense with the necessary requirements governing the requested injunction. Because the motion does not establish the necessary connection to the operative claims, a basis to bind the relevant officials, or an entitlement to the requested relief, the undersigned recommends denying the requests for a temporary restraining order and preliminary injunction.

II. REQUEST FOR COUNSEL

The Court incorporates its prior discussion of the governing standard in the November 10, findings and recommendations. (Doc. 68 at 5–6). Briefly, under 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent a person unable to afford counsel, but such request is warranted only in exceptional circumstances. The Court evaluates together the likelihood of success on the merits and the litigant's ability to articulate the claim in light of the complexity of the legal issues. Neither factor is dispositive. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

////

Plaintiff previously retained counsel, and counsel appeared on her behalf in this action. (Doc. 1, 12). Plaintiff subsequently discharged counsel. (Docs. 32, 41, 43, 47, 49). Thus, Plaintiff previously obtained private representation but elected to terminate that attorney-client relationship. Although the discharge is not dispositive, that history does provide context for the renewed request. The question before the Court is whether her present circumstances warrant a request for volunteer counsel under the applicable standard.

Plaintiff's latest request does not provide additional information sufficient to assess her likelihood of success on the operative claims. This case remains at the early stages. Only one of the two Defendants has been served and discovery has not yet commenced. Her allegations that CDCR is destroying documents and concealing misconduct do not identify the missing materials or explain how their loss prevents her from presenting those claims. Specific disputes concerning relevant materials may be raised through appropriate discovery requests or motions.

The Court has also considered Plaintiff's allegations of abuse and her statement concerning self-harm. While those allegations are serious, they do not explain how her present condition impairs her ability to understand the proceedings, communicate her claims, or comply with litigation requirements. Her filings continue to demonstrate an ability to articulate her allegations and requests for relief. Considering the *Palmer* factors together, the present record does not establish exceptional circumstances warranting a request for volunteer counsel. The request is denied without prejudice.

## III. REQUEST TO PROCEED UNDER A PSEUDONYM

A party's need for anonymity must be balanced against prejudice to the opposing party and the public's interest in knowing the party's identity. When a party seeks anonymity to avoid retaliation, the Court considers the severity of the threatened harm, the reasonableness of the party's fears, and the party's vulnerability to retaliation. *Does 1 Thru XXIII v. Advanced Textile Corp.*, 214 F3d 1058, 1068 (9th Cir. 2000). The inquiry is not limited to threats of death or physical injury. *Id.* at 1070–71.

The sensitive nature of Plaintiff's sexual-assault allegations and her vulnerability as an incarcerated litigant weigh in favor of protection. Her allegations of threatened physical and

sexual violence likewise also describe potential harm. The Court does not discount those concerns merely because the alleged threats come from nonparties. *See id*. at 1069–70.

One Defendant has not yet been served with the complaint. The Court therefore does not assume that both Defendants know Plaintiff's identity or that the unserved Defendant has had an opportunity to address the requested protection. But the absence of service does not, by itself, establish that allowing Plaintiff to proceed publicly under a pseudonym would prejudice the defense. If anonymity were otherwise warranted, the proceedings could be structured to permit disclosure of Plaintiff's identity as necessary for service and defense while restricting its use in public filings. *See id.* at 1068. The present record thus does not establish substantial litigation prejudice.

Nevertheless, Plaintiff has not sufficiently explained how the requested protection would reduce the asserted risk of retaliation. She initiated this action under her own name and has litigated it publicly since June 2023. Although prior disclosure does not categorically foreclose protective measures, it limits the protection that changing the caption alone could provide. Plaintiff alleges that correctional staff already know her identity and direct others to her existing cases. Yet she does not identify what additional disclosure prospective use of a pseudonym would prevent or explain how any particular protective measure would meaningfully reduce the resulting risk. *See Singh v. Scott*, No. 3:24-cv-05547-BHS-BAT, 2024 WL 3694238, at *1 (W.D. Wash. Aug. 7, 2024) (denying a request to proceed under a pseudonym where those who might retaliate already knew plaintiff's identity and a pseudonym would offer no protection).

The deficiency is not that the alleged harm is insufficiently serious, but that Plaintiff has not adequately connected the protection she seeks to a reduction in that harm. The request is therefore denied without prejudice to a renewed motion identifying the disclosure Plaintiff seeks to prevent, specifying the protective measures requested, and explaining how those measures would reduce a reasonable risk of serious harm. *See Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010).

////

////

## IV. REQUIREMENTS FOR FUTURE MOTIONS

To promote clarity and the orderly consideration of her requests, Plaintiff is directed to submit each distinct request for relief in a separately captioned motion. Each motion must identify the specific relief sought and state the factual and legal grounds supporting that relief. Plaintiff must not combine unrelated requests, such as requests for injunctive relief, appointment of counsel, and leave to proceed under a pseudonym, in a single motion. Related requests for a temporary restraining order and preliminary injunction addressing the same alleged harm may be presented together.

The Court has now twice considered Plaintiff's requests despite their presentation in combined motions. Going forward, failure to comply with this directive may result in an order requiring Plaintiff to refile her requests in separate motions, which may delay their consideration.

## ORDER AND RECOMMENDATION

Accordingly, IT IS ORDERED that Plaintiff's requests for appointment of counsel and leave to proceed under a pseudonym (Doc. 69) are DENIED without prejudice.

IT IS RECOMMENDED that Plaintiff's requests for a temporary restraining order and preliminary injunction (Doc. 69) be DENIED.

## NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the

waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment.

Dated: November 23, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE